**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
        Plaintiff,

v.

FORT COLLINS, a municipal entity;
BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZLE, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
JOHN DOES 1-100, in their individual capacities.
        Defendant.

---

**DEFENDANTS BRIAN MALLORY AND JARED ROBERTSON'S ANSWER,
DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND
DEMAND FOR A JURY TRIAL (ECF 1)**

---

Defendants, Brian Mallory and Jared Robertson ("Defendants") submit the following as their Answer, Defenses, and Affirmative Defenses, to Plaintiffs' Complaint and Demand for a Jury Trial (ECF 1) ("Complaint"):

These Defendants provide the following Answer, Defenses, and Affirmative Defenses, on their own behalf.  No Answer, Defenses, or Affirmative Defenses are presented on behalf of any other Defendant in this matter.[1]

---

[1] A Motion to Dismiss on behalf of the City of Fort Collins, as well as Ethan Van Sickle, Joe Schilz, Jason Haferman, and Christopher Young, seeking dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), has been filed contemporaneously  with this Answer.

## INTRODUCTION

These Defendants deny each and every allegation, if any, set forth after the word "Introduction", on pages 1-2 of the Complaint.

## THE PARTIES

1.      These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 1 of the Complaint, requiring denial of same.

2.      These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 2 of the Complaint, requiring denial of same.

3.      These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 3 of the Complaint, requiring denial of same.

4.      These Defendants admit the City of Fort Collins is a municipality as that term is commonly used, but deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.      These Defendants admit Brian Mallory was a police officer, employed with the City of Fort Collins and a resident of the State of Colorado on the day of the alleged incident as set forth in the Complaint.  The remaining allegations in paragraph 5 are conclusory and incomplete, while at the same time purporting to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Mallory only in his individual capacity,

but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

6.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Ethan VanSickle, requiring denial of same.  The remaining allegations in paragraph 6 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer VanSickle only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

7.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Daniel Netzle (sic), requiring denial of same.  The remaining allegations in paragraph 7 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Netzel only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

8.      These Defendants admit Jared Robertson was a police officer, employed with the City of Fort Collins, and a resident of the State of Colorado on the day of the

alleged incident as set forth in the Complaint.  The remaining allegations in paragraph 8 are conclusory, while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Robertson only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

9.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Joe Schilz, requiring denial of same.  The remaining allegations in paragraph 9 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Schilz only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

10.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Jason Haferman, requiring denial of same.  The remaining allegations in paragraph 10 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Haferman

only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

11.    These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Christopher Young, requiring denial of same.   The remaining allegations in paragraph 11 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Young only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer, requiring denial of same.  The remaining allegations, if any, are denied.

12.    These Defendants are without sufficient knowledge or information regarding the identification of John Does 1-100, and therefore any such allegations are denied. These Defendants deny Plaintiffs suffered any deprivation of their Constitutional rights. The remaining allegations set forth in paragraph 12 of the Complaint, are denied.

## JURISDICTION AND VENUE

13.    These Defendants admit this Court has jurisdiction over the parties to this matter, but deny the remaining allegations set forth in paragraph 13 of the Complaint, including but not limited to any notion Plaintiffs' rights were somehow violated or Plaintiffs are somehow entitled to attorneys' fees.

14.     These Defendants admit venue in this Court is proper, but deny the remaining allegations set forth in paragraph 14 of the Complaint, including but not limited to the notion Plaintiffs' rights were somehow violated or Plaintiffs are somehow entitled to attorneys' fees.

## **ALLEGATIONS**

15.     Based on information and belief, these Defendants admit there was a protest in the City of Fort Collins, on August 8, 2020, as that term is commonly used. These Defendants are without sufficient knowledge or information regarding the remaining allegations set forth in paragraph 15 of the Complaint, requiring denial of same.

16.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 16 of the Complaint, requiring denial of same.

17.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 17 of the Complaint, requiring denial of same.

18.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 18 of the Complaint, requiring denial of same.

19.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 19 of the Complaint, requiring denial of same.

20.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 20 of the Complaint, requiring denial of same.

21.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 21 of the Complaint, requiring denial of same.

22.     These Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     These Defendants admit that on August 8, 2020, some members of the Fort Collins Police Department had interactions with other individuals, near the City of Fort Collins Police Station.   The remaining allegations set forth in paragraph 23 of the Complaint, are denied.

24.     These Defendants admit that on August 8, 2020, some members of the Fort Collins Police Department had interactions with other individuals, near the City of Fort Collins Police Station.   The remaining allegations set forth in paragraph 24 of the Complaint, are denied.

25.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 25 of the Complaint, requiring denial of same.

26.     These Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     These Defendants admit that on August 8, 2020, some members of the Fort Collins Police Department had interactions with other individuals, near the City of Fort Collins Police Station.   The remaining allegations set forth in paragraph 28 of the Complaint, are denied.

28.     These Defendants admit that at some point on August 8 2020, there was a confrontation between individuals or groups of individuals near the City of Fort Collins Police Station.   These Defendants are without sufficient knowledge or information

regarding the remaining allegations set forth in paragraph 28 of the Complaint, requiring denial of same.

29.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 29 of the Complaint, requiring denial of same.

30.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 30 of the Complaint, requiring denial of same.

31.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 31 of the Complaint, requiring denial of same.

32.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 32 of the Complaint, requiring denial of same.

33.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 33 of the Complaint, requiring denial of same.

34.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 34 of the Complaint, requiring denial of same.

35.     These Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 36 of the Complaint, requiring denial of same.

37.     The allegations set forth in paragraph 37 of the Complaint are conclusory and incomplete, and therefore no response is required. To the extent the allegations set forth in paragraph 37 of the Complaint are determined to be factual, said allegations are denied.

38.     These Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     The allegations set forth in paragraph 39 of the Complaint are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 39 of the Complaint are determined to be factual, said allegations are denied.

40.     The allegations set forth in paragraph 40 of the Complaint are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 40 of the Complaint are determined to be factual, said allegations are denied.

41.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 41 of the Complaint, requiring denial of same.

42.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 42 of the Complaint, requiring denial of same.

43.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 43 of the Complaint, requiring denial of same.

44.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 44 of the Complaint, requiring denial of same.

45.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 45 of the Complaint, requiring denial of same.

46.     These Defendants are without sufficient  information or knowledge with respect to the allegations set forth in paragraph 46 of the Complaint, requiring denial of same.

47.     The allegations set forth in paragraph 47 of the Complaint are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 47 of the Complaint are determined to be factual, these Defendants deny any such allegations.

48.     These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 48 of the Complaint, requiring denial of same.

49.     These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 49 of the Complaint, requiring denial of same.

50.     Based on information and belief, these Defendants admit the criminal charges against Mr. DeLeon were dismissed.

51.     The allegations set forth in paragraph 51 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 51 of the Complaint are determined to be factual, said allegations are denied.

52.     These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 52 of the Complaint, requiring denial of same.

53.     The allegations set forth in paragraph 53 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 53 of the Complaint are determined to be factual, said allegations are denied.

54.     The allegations set forth in paragraph 54 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 54 of the Complaint are determined to be factual, said allegations are denied.

55.     The allegations set forth in paragraph 55 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 55 of the Complaint are determined to be factual, said allegations are denied.

56.     The allegations set forth in paragraph 56 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 56 of the Complaint are determined to be factual, said allegations are denied.

57.     The allegations set forth in paragraph 57 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 57 of the Complaint are determined to be factual, said allegations are denied.

58.     The allegations set forth in paragraph 58 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set

forth in paragraph 58 of the Complaint are determined to be factual, said allegations are denied.

59.     The allegations set forth in paragraph 59 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 59 of the Complaint are determined to be factual, said allegations are denied.

60.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations are conclusory and incomplete, and therefore no response is required.  To the extent any such remaining allegations are determined to be factual, said allegations are denied.

61.     The allegations set forth in paragraph 61 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 61 of the Complaint are determined to be factual, said allegations are denied.

62.     The allegations set forth in paragraph 62 of the Complaint, are conclusory, incomplete, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 62 of the Complaint are determined to be factual, said allegations are denied.

63.     The allegations set forth in paragraph 63 of the Complaint, are conclusory, incomplete, and generally do not make any sense, therefore no response is required.  To

the extent the allegations set forth in paragraph 63 of the Complaint are determined to be factual, said allegations are denied.

64.     The allegations set forth in paragraph 64 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 64 of the Complaint are determined to be factual, said allegations are denied.

65.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations are conclusory and incomplete, and therefore no response is required.  To the extent any such remaining allegations are determined to be factual, said allegations are denied.

66.     These Defendants admit Fort Collins Police spoke with individuals on August 8, 2020.  The remaining allegations set forth in paragraph 66 of the Complaint are conclusory and incomplete, therefore no response is required. To the extent the allegations set forth in paragraph 66 of the Complaint are determined to be factual, said allegations are denied.

67.     The allegations set forth in paragraph 67 of the Complaint, are conclusory, incomplete, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 67 of the Complaint are determined to be factual, said allegations are denied.

68.     The allegations set forth in paragraph 68 of the Complaint, are conclusory, incomplete, and generally do not make any sense, therefore no response is required.  To

the extent the allegations set forth in paragraph 68 of the Complaint are determined to be factual, said allegations are denied.

69.     These Defendants admit at some point on August 8, 2020, Mr. Townley was arrested.  The remaining allegations set forth in paragraph 69 of the Complaint, are conclusory, incomplete, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 69 of the Complaint are determined to be factual, said allegations are denied.

70.     Based on information and belief, these Defendants deny any allegations with respect to the notion there was no probable cause to arrest Mr. Townley.  The remaining allegations set forth in paragraph 70 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 70 of the Complaint are determined to be factual, said allegations are denied.

71.     The allegations set forth in paragraph 71 of the Complaint, are conclusory, incomplete, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 71 of the Complaint are determined to be factual, said allegations are denied.

72.     These Defendants admit the criminal charges against Mr. Townley were dismissed.  These Defendants are without sufficient information or knowledge as to why any such criminal charges were dismissed, and therefore deny any such allegations.

73.     Based on information and belief, the allegation identifying Ms. Kruger as a "medic", is denied.  The remaining allegations set forth in paragraph 73 of the Complaint, are denied.

74.     The allegations set forth in paragraph 74 of the Complaint, are denied.

75.     The allegations set forth in paragraph 75 of the Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 75 of the Complaint are determined to be factual, said allegations are denied.

76.     The allegations set forth in paragraph 76 of the Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 76 of the Complaint are determined to be factual, these Defendants are without sufficient information as to the knowledge of any other Officers, and therefore the remaining allegations set forth in paragraph 76 of the Complaint are denied.  These Defendants deny the allegations set forth in paragraph 76 of the Complaint, to the extent any such allegations pertain to them.

77.     The allegations set forth in paragraph 77 of the Complaint, are conclusory and incomplete, therefore no response is required.  To the extent the allegations set forth in paragraph 77 of the Complaint are determined to be factual, these Defendants are without sufficient information as to the knowledge of any other Officers, and therefore the remaining allegations set forth in paragraph 77 of the Complaint are denied.  These Defendants deny the allegations set forth in paragraph 77 of the Complaint, to the extent any such allegations pertain to them.

78.     Based on information and belief, Ms. Kruger was arrested and charged with disorderly conduct and resisting arrest.   These Defendants are without sufficient information and knowledge with respect to Ms. Kruger's state of mind and whether she

was in pain at the time of her arrest, and therefore any such allegations are denied.  The remaining allegations set forth in paragraph 78 of the Complaint, are denied.

79.     These Defendants are without sufficient information or knowledge as to what Ms. Kruger indicated at the time of her arrest, and therefore any such allegations are denied.  The remaining allegations set forth in paragraph 79 of the Complaint are conclusory, and therefore no response is required.   To the extent the remaining allegations set forth in paragraph 79 of the Complaint are determined to be factual, said allegations are denied.

80.     These Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.     These Defendants state the report written by Officer Robertson speaks for itself.  The remaining allegations set forth in paragraph 81 of the Complaint, are denied.

82.     These Defendants state the report written by Officer Netzel speaks for itself. These Defendants deny the remaining allegations set forth in paragraph 82 of the Complaint.

83.     Based on information and belief, these Defendants admit the criminal charges against Mr. Townley, were dismissed.  The remaining allegations set forth in paragraph 83 of the Complaint, are denied.

## **CAUSES OF ACTION**

### **COUNT I:**

**42 U.S.C. 1983 – Fourth Amendment – Excessive Force**

**(Anna Kruger against Jared Robertson, Daniel Netzel, and John Does 1-100)**

84.     These Defendants incorporate by reference those responses to paragraphs 1 to 83 of the Complaint, as though fully set forth herein.

85 to 100.   Paragraphs 85 to 100 do not purport to address any actions by Officer Mallory, and therefore no response is provided on Officer Mallory's behalf.  To the extent paragraphs 85 to 100 are deemed to apply to the actions of Officer Mallory, any such allegations are denied.

85.     Officer Robertson admits on August 8, 2020, he was acting within the course and scope of his employment with the City of Fort Collins, as a Fort Collins Police Officer.  The remaining allegations set forth in paragraph 85 of the Complaint, are denied.

86.     The allegations set forth in paragraph 86 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 86 of the Complaint are determined to be factual, said allegations are denied.

87.     The allegations set forth in paragraph 87 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 87 of the Complaint are determined to be factual, Officer Robertson admits Ms. Kruger had certain constitutional rights on August 8, 2020, but deny any such rights were violated.  The remaining allegations set forth in paragraph 87 of the Complaint, are denied.

88.     The allegations set forth in paragraph 88 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 88 of the Complaint are determined to be factual, said allegations are denied.

89.     The allegations set forth in paragraph 89 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 89 of the Complaint are determined to be factual, said allegations are denied.

90.     The allegations set forth in paragraph 90 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 90 of the Complaint are determined to be factual, said allegations are denied.

91.     The allegations set forth in paragraph 91 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 91 of the Complaint are determined to be factual, said allegations are denied.

92.     The allegations set forth in paragraph 92 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 92 of the Complaint are determined to be factual, said allegations are denied.

93.     Officer Robertson denies the allegations set forth in paragraph 93 of the Complaint.

94.     Officer Robertson denies the allegations set forth in paragraph 94 of the Complaint.

95.     Officer Robertson denies the allegations set forth in paragraph 95 of the Complaint.

96.     The allegations set forth in paragraph 96 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 96 of the Complaint are determined to be factual, Officer Robertson admits Ms. Kruger had certain rights on August 8, 2020, but denies any such rights were violated.  The remaining allegations set forth in paragraph 96 of the Complaint, are denied

97.     Officer Robertson denies the allegations set forth in paragraph 97 of the Complaint.

98.     Officer Robertson denies the allegations set forth in paragraph 98 of the Complaint.

99.     Officer Robertson denies the allegations set forth in paragraph 99 of the Complaint.

100.    Officer Robertson denies the allegations set forth in paragraph 100 of the Complaint.

## COUNT II:

### C.R.S. 13-21-131-Fourth Amendment Excessive Force

### (Anna Kruger against Jared Robertson, Daniel Netzel, Brian Mallory, and John Does 1-100)

101.    These Defendants incorporate their responses to paragraphs 1 to 100, as though fully set forth herein.

102.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 102 of the Complaint, are denied.

103.    The allegations set forth in paragraph 103 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 103 of the Complaint are determined to be factual, these Defendants admit Ms. Kruger had certain rights on August 8, 2020, but deny any such rights were violated.  The remaining allegations set forth in paragraph 103 of the Complaint, are denied.

104.    These Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105.    These Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.    The allegations set forth in paragraph 106 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 106 of the Complaint are determined to be factual, said allegations are denied.

107.    The allegations set forth in paragraph 107 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 107 of the Complaint are determined to be factual, said allegations are denied.

108.   These Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.   These Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110.   These Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111.   These Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112.   The allegations set forth in paragraph 112 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 112 of the Complaint are determined to be factual, these Defendants admit Ms. Kruger had certain rights on August 8, 2020, but deny any such rights were violated.  The remaining allegations set forth in paragraph 112 of the Complaint, are denied.

113.   These Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114.   These Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115.   These Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116.   These Defendants deny the allegations set forth in paragraph 116 of the Complaint.

## COUNT III:

### 42 U.S.C. 1983-Malcious Prosecution

### (Anna Kruger against Jared Robertson, Daniel Netzel, and John Does 1-100)

117.     These Defendants incorporate by reference those responses to paragraphs 1 to 116 of the Complaint, as though fully set forth herein.

118- 122.  Paragraphs 118 to 122 do not purport to address any actions by Officer Mallory, and therefore no response is provided on Officer Mallory's behalf.  To the extent paragraphs 118 to 122 are deemed to apply to the actions of Officer Mallory, any such allegations are denied.

118.     Officer Robertson admits on August 8, 2020, he was acting within the course and scope of his employment with the City of Fort Collins, as a Fort Collins Police Officer.   The remaining allegations set forth in paragraph 102 of the Complaint, are denied.

119.     Officer Robertson denies the allegations set forth in paragraph 119 of the Complaint.

120.     The allegations set forth in paragraph 120 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 120 of the Complaint are determined to be factual, said allegations are denied.

121.     Officer Robertson denies the allegations set forth in paragraph 121 of the Complaint.

122.    Officer Robertson denies the allegations set forth in paragraph 122 of the Complaint.

**COUNT IV:**

**C.R.S. 13-21-131-Malicious Prosecution**

**(Anna Kruger against Jason Haferman, Jared Robertson, Daniel Netzel, Brian Mallory and John Does 1-100)**

123.    These Defendants restate their responses to paragraphs 1 to 122 of the Complaint, as though fully set forth herein.

124.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.   The remaining allegations set forth in paragraph 124 of the Complaint, are denied.

125.    These Defendants deny the allegations set forth in paragraph 125 of the Complaint.

126.    The allegations set forth in paragraph 126 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 126 of the Complaint are determined to be factual, said allegations are denied.

127.    These Defendants deny the allegations set forth in paragraph 127 of the Complaint.

128.    These Defendants deny the allegations set forth in paragraph 128 of the Complaint.

**COUNT V:**

**42 U.S.C. 1983-False Arrest**

**(Anna Kruger against Jason Haferman, Jared Robertson, Daniel Netzel, Brian Mallory, and John Does 1-100)**

129.    These Defendants restate their responses to paragraphs 1 to 128 of the Complaint, as though fully set forth herein.

130.    These Defendants deny the allegations set forth in paragraph 130 of the Complaint.

131.    These Defendants deny the allegations set forth in paragraph 131 of the Complaint.

132.    These Defendants deny the allegations set forth in paragraph 132 of the Complaint.

133.    These Defendants deny the allegations set forth in paragraph 133 of the Complaint.

134.    These Defendants deny the allegations set forth in paragraph 134 of the Complaint.

**COUNT VI:**

**C.R.S. 13-21-131-False Arrest**

**(Anna Kruger against Jared Robertson, Daniel Netzel, and John Does 1-100)**

135.    These Defendants restate their responses to paragraphs 1 to 134 of the Complaint, as though fully set forth herein.

136-141.  Paragraphs 136 to 141 of the Complaint, do not purport to address any actions by Officer Mallory, and therefore no response is provided on Officer Mallory's behalf.  To the extent paragraphs 136 to 141 are deemed to apply to the actions of Officer Mallory, any such allegations are denied.

136.    Officer Robertson denies the allegations set forth in paragraph 136 of the Complaint.

137.    Officer Robertson denies the allegations set forth in paragraph 137 of the Complaint.

138.    Officer Robertson denies the allegations set forth in paragraph 138 of the Complaint.

139.    Officer Robertson denies the allegations set forth in paragraph 139 of the Complaint.

140.    Officer Robertson denies the allegations set forth in paragraph 140 of the Complaint.

141.    The allegations set forth in paragraph 141 of the Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 141 of the Complaint are determined to be factual, said allegations are denied.

### **COUNT VII:**

### **42 U.S.C. 1983 – Malicious Prosecution**

### **(Michael Piper Townley against Brian Mallory, Christopher Young, and John Does 1-100)**

142.   These Defendants restate their responses to paragraphs 1 to 141 of the Complaint, as though fully set forth herein.

143-147.  Paragraphs 143 to 147 of the Complaint, do not purport to address any actions by Officer Robertson, and therefore no response is provided on Officer Robertson's behalf.  To the extent paragraphs 143 to 147 are deemed to apply to the actions of Officer Robertson, any such allegations are denied.

143.   Officer Mallory admits on August 8, 2020, he was acting within the course and scope of his employment with the City of Fort Collins, as a Fort Collins Police Officer. The remaining allegations set forth in paragraph 143 of the Complaint, are denied.

144.   Officer Malory denies the allegations set forth in paragraph 144 of the Complaint.

145.   The allegations set forth in paragraph 145 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 145 of the Complaint are determined to be factual, said allegations are denied.

146.   Based on information and belief, Officer Mallory admits the criminal charges against Mr. Townley were dismissed.  Officer Mallory denies the remaining allegations set forth in paragraph 146 of the Complaint.

147.   Officer Mallory denies the allegations set forth in paragraph 147 of the Complaint.

## COUNT VIII:

### C.R.S. 13-21-131-Malicous Prosecution

### (Anna Kruger against Brian Mallory, Christopher Young, and John Does 1-100)

148.    These Defendants restate their responses to paragraphs 1 to 147 of the Complaint, as though fully set forth herein.

149-153.  Paragraphs 149 to 153 of the Complaint, do not purport to address any actions of Officer Robertson, and therefore no response is provided on his behalf.  To the extent the allegations set forth in paragraphs 149-153 of the Complaint are intended to address actions of Officer Robertson, said allegations are denied.

149.    Officer Mallory admits on August 8, 2020, he was acting within the course and scope of his employment with the City of Fort Collins, as a Fort Collins Police Officer. The remaining allegations set forth in paragraph 149 of the Complaint, are denied.

150.    Officer Mallory denies the allegations set forth in paragraph 150 of the Complaint.

151.    The allegations set forth in paragraph 151 of the Complaint, are conclusory and incomplete, and therefore no response is required.  To the extent the allegations set forth in paragraph 151 of the Complaint are determined to be factual, said allegations are denied.

152.    Officer Mallory denies the allegations set forth in paragraph 152 of the Complaint.

153.    Officer Mallory denies the allegations set forth in paragraph 153 of the Complaint.

## COUNT IX:

### 42 U.S.C. 1983-False Arrest

### (Michael Piper Townley against Brian Mallory and John Does 1-100)

154.    These Defendants restate their responses to paragraphs 1 to 153 of the Complaint as though fully set forth herein.

155-158.  Paragraphs 155 to 158 of the Complaint, do not purport to address any actions by Officer Robertson, and therefore no response is provided on Officer Robertson's behalf.  To the extent paragraphs 155 to 158 are deemed to apply to the actions of Officer Robertson, any such allegations are denied.

155.    Officer Mallory denies the allegations set forth in paragraph 155 of the Complaint.

156.    Officer Mallory denies the allegations set forth in paragraph 156 of the Complaint.

157.    Officer Mallory denies the allegations set forth in paragraph 157 of the Complaint.

158.    Officer Mallory denies the allegations set forth in paragraph 158 of the Complaint.

## COUNT X:

### C.R.S. 13-21-131 False Arrest

### (Michael Piper Townley against Brian Mallory and John Does 1-100)

159.    These Defendants restate their responses to paragraphs 1 to 158 of the Complaint, as though fully set forth herein.

160-163.   Paragraphs 160 to 163 of the Complaint, do not purport to address any actions by Officer Robertson, and therefore no response is provided on Officer Robertson's behalf.   To the extent paragraphs 160 to 163 are deemed to apply to the actions of Officer Robertson, any such allegations are denied.

160.   Officer Mallory denies the allegations set forth in paragraph 160 of the Complaint.

161.   Officer Mallory denies the allegations set forth in paragraph 161 of the Complaint.

162.   The allegations set forth in paragraph 162 of the Complaint are conclusory and incomplete, and therefore no response is required.   To the extent the allegations set forth in paragraph 162 of the Complaint are determined to be factual, said allegations denied.

163.   Officer Mallory denies the allegations set forth in paragraph 163 of the Complaint.

**COUNT XI:**

**42 U.S.C. 1983**

**First Amendment Violation – Freedom of Speech and Assembly**

**(All Plaintiffs against all Defendants)**

164.   These Defendants restate their responses to paragraphs 1 to 163 of the Complaint, as though fully set forth herein.

165.   These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police

Officers.  The remaining allegations set forth in paragraph 165 of the Complaint, are denied.

166.    The allegations set forth in paragraph 166 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 166 of the Complaint are deemed to be factual, said allegations are denied.

167.    The allegations set forth in paragraph 167 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 167 of the Complaint are deemed to be factual, said allegations are denied.

168.    The allegations set forth in paragraph 168 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 168 of the Complaint are deemed to be factual, said allegations are denied.

169.    The allegations set forth in paragraph 169 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 169 of the Complaint are deemed to be factual, said allegations are denied.

170.    The allegations set forth in paragraph 170 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 170 of the Complaint are deemed to be factual, said allegations are denied.

171.    The allegations set forth in paragraph 171 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 171 of the Complaint are deemed to be factual, said allegations are denied.

172.    The allegations set forth in paragraph 172 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 172 of the Complaint are deemed to be factual, said allegations are denied.

173.    The allegations set forth in paragraph 173 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 173 of the Complaint are deemed to be factual, said allegations are denied.

174.    The allegations set forth in paragraph 174 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 174 of the Complaint are deemed to be factual, said allegations are denied.

175.    These Defendants deny the allegations set forth in paragraph 175 of the Complaint.

176.    These Defendants deny the allegations set forth in paragraph 176 of the Complaint.

177.    These Defendants deny the allegations set forth in paragraph 177 of the Complaint.

178.   These Defendants deny the allegations set forth in paragraph 178 of the Complaint.

## COUNT XII:

### C.R.S. 13-21-131-Freedom of Speech and Assembly

### (All Plaintiffs against all Defendants)

179.   These Defendants restate their responses to paragraphs 1 to 178 as though fully set forth herein.

180.   These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.   The remaining allegations set forth in paragraph 180 of the Complaint, are denied.

181.   The allegations set forth in paragraph 181 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.   To the extent the allegations set forth in paragraph 181 of the Complaint are deemed to be factual, said allegations are denied.

182.   The allegations set forth in paragraph 182 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.   To the extent the allegations set forth in paragraph 182 of the Complaint are deemed to be factual, said allegations are denied.

183.   The allegations set forth in paragraph 183 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 183 of the Complaint are deemed to be factual, said allegations are denied.

184.   The allegations set forth in paragraph 184 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 184 of the Complaint are deemed to be factual, said allegations are denied.

185.   The allegations set forth in paragraph 185 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 185 of the Complaint are deemed to be factual, said allegations are denied.

186.   The allegations set forth in paragraph 186 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 186 of the Complaint are deemed to be factual, said allegations are denied.

187.   The allegations set forth in paragraph 187 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 187 of the Complaint are deemed to be factual, said allegations are denied.

188.   The allegations set forth in paragraph 188 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 188 of the Complaint are deemed to be factual, said allegations are denied.

189.    These Defendants deny the allegations set forth in paragraph 189 of the Complaint.

190.    These Defendants deny the allegations set forth in paragraph 190 of the Complaint.

191.    These Defendants deny the allegations set forth in paragraph 191 of the Complaint.

192.    These Defendants deny the allegations set forth in paragraph 192 of the Complaint.

## CLAIM XIII:

### First Amendment Violation – Retaliation

### (All Plaintiffs against all Defendants)

193.    These Defendants restate their responses to paragraphs 1 to 192 of the Complaint, as though fully set forth herein.

194.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 194 of the Complaint, are denied.

195.    The allegations set forth in paragraph 195 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 195 of the Complaint are deemed to be factual, said allegations are denied.

196.    The allegations set forth in paragraph 196 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 196 of the Complaint are deemed to be factual, said allegations are denied.

197.    The allegations set forth in paragraph 197 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 197 of the Complaint are deemed to be factual, said allegations are denied.

198.    The allegations set forth in paragraph 198 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 198 of the Complaint are deemed to be factual, said allegations are denied.

199.    The allegations set forth in paragraph 199 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 199 of the Complaint are deemed to be factual, said allegations are denied.

200.    The allegations set forth in paragraph 200 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 200 of the Complaint are deemed to be factual, said allegations are denied.

201.    The allegations set forth in paragraph 201 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 201 of the Complaint are deemed to be factual, said allegations are denied.

202.    The allegations set forth in paragraph 202 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 202 of the Complaint are deemed to be factual, said allegations are denied.

203.    The allegations set forth in paragraph 203 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 203 of the Complaint are deemed to be factual, said allegations are denied.

204.    These Defendants deny the allegations set forth in paragraph 204 of the Complaint.

205.    These Defendants deny the allegations set forth in paragraph 205 of the Complaint.

206.    These Defendants deny the allegations set forth in paragraph 206 of the Complaint.

207.    These Defendants deny the allegations set forth in paragraph 207 of the Complaint.

208.    These Defendants deny the allegations set forth in paragraph 208 of the Complaint.

209.    These Defendants deny the allegations set forth in paragraph 209 of the Complaint.

## CLAIM XIV

### C.R.S. 13-21-131 Free Speech Retaliation

### (All Plaintiffs against all Defendants)

210.    These Defendants restate their responses to paragraphs 1 to 209 of the Complaint, as though fully set forth herein.

211.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.   The remaining allegations set forth in paragraph 211 of the Complaint, are denied.

212.    The allegations set forth in paragraph 212 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 212 of the Complaint are deemed to be factual, said allegations are denied.

213.    The allegations set forth in paragraph 213 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 213 of the Complaint are deemed to be factual, said allegations are denied.

214.    The allegations set forth in paragraph 214 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 214 of the Complaint are deemed to be factual, said allegations are denied.

215.    The allegations set forth in paragraph 215 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 215 of the Complaint are deemed to be factual, said allegations are denied.

216.    The allegations set forth in paragraph 216 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 216 of the Complaint are deemed to be factual, said allegations are denied.

217.    The allegations set forth in paragraph 217 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 217 of the Complaint are deemed to be factual, said allegations are denied.

218.    The allegations set forth in paragraph 218 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 218 of the Complaint are deemed to be factual, said allegations are denied.

219.    The allegations set forth in paragraph 219 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 219 of the Complaint are deemed to be factual, said allegations are denied.

220.    The allegations set forth in paragraph 220 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 220 of the Complaint are deemed to be factual, said allegations are denied.

221.   These Defendants deny the allegations set forth in paragraph 221 of the Complaint.

222.   These Defendants deny the allegations set forth in paragraph 222 of the Complaint.

223.   These Defendants deny the allegations set forth in paragraph 223 of the Complaint.

224.   These Defendants deny the allegations set forth in paragraph 224 of the Complaint.

225.   These Defendants deny the allegations set forth in paragraph 225 of the Complaint.

## **CLAIM XV**

### **42 U.S.C. § 1983**

### **Equal Protection – Selective Enforcement**

### **(All Plaintiffs against all Defendants)**

226.   These Defendants restate their responses to paragraphs 1 to 225 of the Complaint, as though fully set forth herein.

227.   These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 227 of the Complaint, are denied.

228.    The allegations set forth in paragraph 228 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 228 of the Complaint are deemed to be factual, said allegations are denied.

229.    The allegations set forth in paragraph 229 of the Complaint do not make any sense, and are therefore denied on this basis.  In addition, the allegations set forth in paragraph 229 appear to be conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 229 of the Complaint are deemed to be factual, said allegations are denied.

230.    The allegations set forth in paragraph 230 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 230 of the Complaint are deemed to be factual, said allegations are denied.

231.    The allegations set forth in paragraph 231 of the Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 231 of the Complaint are deemed to be factual, said allegations are denied.

232.    These Defendants deny the allegations set forth in paragraph 232 of the Complaint.

233.    These Defendants deny the allegations set forth in paragraph 233 of the Complaint.

234.    These Defendants deny the allegations set forth in paragraph 234 of the Complaint.

**CLAIM XVI**

**C.R.S. 13-21-131**

**Equal Protection – Selective Enforcement**

**(All Plaintiffs against all Defendants)**

235.    These Defendants restate their responses to paragraphs 1 to 234 of the Complaint as though fully set forth herein.

236.    The allegations set forth in paragraph 236 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 236 of the Complaint are deemed to be factual, said allegations are denied.

237.    The allegations set forth in paragraph 237 of the Complaint do not make any sense, and are therefore denied on this basis.  In addition, the allegations set forth in paragraph 237 appear to be conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 237 of the Complaint are deemed to be factual, said allegations are denied.

238.    The allegations set forth in paragraph 238 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 238 of the Complaint are deemed to be factual, said allegations are denied.

239.    The allegations set forth in paragraph 239 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 239 of the Complaint are deemed to be factual, said allegations are denied.

240.   These Defendants deny the allegations set forth in paragraph 240 of the Complaint.

241.   These Defendants deny the allegations set forth in paragraph 241 of the Complaint.

242.   These Defendants deny the allegations set forth in paragraph 242 of the Complaint.

## CLAIM XVII

### 42 U.S.C. § 1985(3)

### Conspiracy to obstruct justice based on invidious discrimination

### (All Plaintiffs against all Defendants)

243.   These Defendants restate their responses to paragraphs 1 to 242 of the Complaint, as though fully set forth herein.

244.   The allegations set forth in paragraph 244 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 244 of the Complaint are deemed to be factual, said allegations are denied.

245.   The allegations set forth in paragraph 245 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 245 of the Complaint are deemed to be factual, said allegations are denied.

246.    The allegations set forth in paragraph 246 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 246 of the Complaint are deemed to be factual, said allegations are denied.

247.    The allegations set forth in paragraph 247 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 247 of the Complaint are deemed to be factual, said allegations are denied.

248.    The allegations set forth in paragraph 248 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 248 of the Complaint are deemed to be factual, said allegations are denied.

249.    The allegations set forth in paragraph 249 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 249 of the Complaint are deemed to be factual, said allegations are denied.

250.    The allegations set forth in paragraph 250 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 250 of the Complaint are deemed to be factual, said allegations are denied.

251.    These Defendants deny the allegations set forth in paragraph 251 of the Complaint.

252.    These Defendants deny the allegations set forth in paragraph 252 of the Complaint.

253.    These Defendants deny the allegations set forth in paragraph 253 of the Complaint.

### CLAIM XVIII

**42 U.S.C. § 1983**

**Conspiracy to Deprive Constitutional Rights**

**(All Plaintiffs against all Defendants)**

254.    These Defendants restate their responses to paragraphs 1 to 253 of the Complaint, as though fully set forth herein.

255.    The allegations set forth in paragraph 255 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 255 of the Complaint are deemed to be factual, said allegations are denied.

256.    The allegations set forth in paragraph 256 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 256 of the Complaint are deemed to be factual, said allegations are denied.

257.    The allegations set forth in paragraph 257 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 257 of the Complaint are deemed to be factual, said allegations are denied.

258.    The allegations set forth in paragraph 258 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 258 of the Complaint are deemed to be factual, said allegations are denied.

259.    The allegations set forth in paragraph 259 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 259 of the Complaint are deemed to be factual, said allegations are denied.

260.    These Defendants deny the allegations set forth in paragraph 260 of the Complaint.

261.    These Defendants deny the allegations set forth in paragraph 261 of the Complaint.

262.    These Defendants deny the allegations set forth in paragraph 262 of the Complaint.

## **GENERAL DENIAL**

263.    These Defendants deny each and every allegation set forth in the Complaint, not specifically admitted herein.

264.    These Defendants deny each and every allegations after the word "WHEREFORE", if any, set forth on page 30 of the Complaint.

265.    These Defendants deny Plaintiffs are entitled to any relief whatsoever.

## **DEMAND FOR JURY TRIAL**

These Defendants demand a trial by jury of all clams in this matter.

**Affirmative Defenses**

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs failed to mitigate their damages, if any.

3.      Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action omission of or by these Defendants, nor proximately caused by or related to any act or omission of these Defendants.

4.      All or part of Plaintiffs' claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.  In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting these Defendants.

5.      At all times pertinent herein, these Defendants acted in accordance with all common law, statutory and constitutional obligations, and without any intent to cause Plaintiffs harm.  These Defendants also lacked the requisite intent to establish any claim against them in this matter.  The claims of the Plaintiffs also fail to establish any basis for concluding that these Defendants acted with deliberate indifference or in a willful and wanton manner.

6.      Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by her own acts or omissions, either in combination with one another or independent of one another.

7.      Plaintiffs' injuries and damages, if any, were proximately caused, in whole or part, by the acts or omissions of third parties over whom these Defendants possessed no ability to control or right to control.

8.      These Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter.

9.      At all times pertinent herein, these Defendants acted in accordance with all legal obligations.

10.     Plaintiff cannot satisfy all or some of the perquisites to a grant of injunctive or declaratory relief in this matter.  Any request for injunctive or declaratory relief is moot.

11.     Defendants are not liable for any punitive damages pursuant to state or federal law and no Defendant could become liable for any such damages.

12.     Defendants are entitled to qualified immunity.

13.     These Defendants reserve their right to assert other or additional defenses and affirmative defenses as may become known in the course of these proceedings.

WHEREFORE, after answering all the allegations in Plaintiffs' Complaint which require a response, Brian Mallory and Jared Robertson request the Court enter an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys' fees, and ordering such other relief as the Court deems just.

Respectfully submitted this 7th day of November 2022.

s/ Mark S. Ratner
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I hereby certify that on the 7th day of November 2022, a true and correct copy of the foregoing **DEFENDANTS BRIAN MALLORY AND JARED ROBERTSON'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND DEMAND FOR A JURY TRIAL (ECF 1)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

*s/ Sarah Stefanick*