**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiffs,

v.

FORT COLLINS, a municipal entity;
BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZLE, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
JOHN DOES 1-100, in their individual capacities.
    Defendants.

---

**DEFENDANTS CITY OF FORT COLLINS, ETHAN VANSICKLE, JOE SCHILZ, JASON HAFERMAN, AND CHRISTOPHER YOUNG'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (ECF 1) PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendants, City of Fort Collins, and Fort Collins Police Officers Ethan VanSickle, Joe Schilz, Jason Haferman, and Christopher Young (collectively, "Fort Collins Defendants"), by and through their undersigned counsel, Hall & Evans, LLC, and pursuant to Fed.R.Civ.P. 12(b)(6), respectfully submit this Motion to Dismiss Plaintiffs' Complaint (ECF 1), stating in support as follows:

**SKC CIV. PRAC. STD. F(1) CONFERRAL:** Counsel for the Fort Collins Defendants attempted to confer with counsel for Plaintiffs regarding the relief sought in this Motion beginning November 3, 2022. The Fort Collins Defendants asked Plaintiffs to consider filing an amended complaint which, at the very least, indicates who did what to

whom. Plaintiffs did not timely respond to the Fort Collins Defendants' conferral attempts; accordingly, Fort Collins Defendants filed this Motion.

## I.     INTRODUCTION

Plaintiffs' Complaint attempts to set forth numerous theories against the Defendants, including claims under 42 U.S.C. § 1983, and C.R.S. § 13-21-131, alleging excessive force, malicious prosecution, false arrest, violation of the First Amendment, free speech-retaliation, violation of the Equal Protection Clause, and conspiracy. The claims are alleged to have arisen on August 8, 2020, during protests and the arrests of the Plaintiffs, in the City of Fort Collins, Colorado.

For the reasons below, Plaintiffs' claims against Defendants the City of Fort Collins ("City"), VanSickle, Schliz, Haferman, and Young, should be dismissed because they fail to allege sufficient facts which satisfy minimal federal and heightened pleading standards.[1]

## II.    STANDARD

To state a claim for relief, a federal complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." ***Conley v. Gibson***, 355 U.S. 41, 47 (1957). At the pleading stage, it is not the defendant's or the court's responsibility to guess at plaintiff's claims. ***Conley***, 355 U.S. 41, 47 (1957). A § 1983 complaint must, under Rule 12, "make clear exactly who is

---

[1] Plaintiffs also bring claims against Defendants Brian Mallory, Daniel Netzel (sued as "Daniel Netzle"), and Jared Robertson. Answers on behalf of Mallory and Robertson have been filed, respectively. It is undersigned Counsel's understanding Officer Netzel has not yet been served.

2

alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." **Robbins v. Oklahoma**, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Thus, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing his rights 'were violated' will not suffice. Likewise insufficient, is a plaintiff's more active-voice yet undifferentiated contention 'defendants' infringed his rights." **Pahls v. Thomas**, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify specific actions taken by particular defendants in order to make out a viable § 1983" claim. **Id.** The mere metaphysical possibility some plaintiff could prove some set of facts for the claims is insufficient; the complaint must give reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims. **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007). All well-pleaded factual allegations are viewed favorably to Plaintiff. **Brown v. Montoya**, 662 F.3d 1152, 1162 (10th Cir. 2011). All conclusory statements of law are set aside. **Kan. Penn Gaming, LLC v. Collins**, 656 F.3d 1210, 1214 (10th Cir. 2011). Rule 8, as interpreted by the Supreme Court, forbids "labels and conclusions or a formulaic recitation of the elements of a cause of action." **Khalik v. United Air Lines**, 671 F.3d 1188, 1191 (10th Cir. 2012).

In addition, with respect to the claims against the City, **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 783 (10th Cir.1993) precludes any claim against a public entity on the basis of a respondeat superior theory. Instead, to establish liability against a municipality, a plaintiff must show a public entity's policy or custom existed, and a direct causal link between the policy or custom and the injury alleged. **City of Canton Ohio v.**

*Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd.*, 11 F.3d 1313 (10th Cir.1998).

### III. ARGUMENT

#### A. Plaintiffs Fail To Set Forth Any Specific Allegations Against The Individual Defendants Establishing Personal Participation.

"Personal participation by a defendant is an essential element of a civil rights action." *Weiss v. Vasquez*, 2022 U.S. Dist. LEXIS 183467, at *10 (D. Colo. Oct. 6, 2022) (referring to *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)). "There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise." Weiss, 2022 U.S. Dist. LEXIS 183467, at * 10 (referring to *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)). To establish liability pursuant to § 1983, the Plaintiff must assert that: (i) any named individual personally participated in the conduct; (ii) exercised control or direction over it; (iii) failed to supervise; (iv) failed to train; or (v) tacitly authorized the conduct that resulted in a constitutional deprivation. See *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008); *Currier v. Doran*, 242 F.3d 925 (10th Cir.2001). Plaintiffs' Complaint contains 30-pages and 262-paragraphs of allegations. Yet, there are no allegations which identify either what wrong each is alleged to have committed, or the personal participation of each in any purportedly wrongful activity.

Plaintiffs' Complaint also fails to describe any specific action taken by any of these Defendants, which might possibly be in violation of Plaintiffs' constitutional rights. See *Robbins*, 519 F.3d at 1250 ("Given the complaint's use of … the collective term 'Defendants' … with no distinction as to what acts are attributable to whom, it is impossible

4

for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *see also* **Brown v. Montoya**, 662 F.3d 1152, 1162 (10th Cir. 2011) (plaintiff must identify specific acts a specific defendant took which form the basis of a constitutional violation, and not lump numerous defendants into a single claim or use the collective "Defendants" without isolating allegedly unconstitutional acts); *cf.* **Gray v. Univ. of Colo. Hosp. Auth.**, 672 F.3d 909, 921 n.9 (10th Cir. 2012) (defendants lacked notice because the claim used the collective "Defendants").

The Complaint includes only a single allegation against each of the Fort Collins Defendants—VanSickle [ECF 1, at ¶ 6], Schilz [ECF 1, at ¶ 9], Haferman [ECF 1, at ¶ 10], and Young [ECF 1, at ¶ 11]. Plaintiffs do not allege any unconstitutional acts or omissions by them, but merely describes their generalized status as U.S. citizens, employed by the FCPD, who are domiciled in Colorado. These allegations are wholly insufficient to state a claim for relief. *See, e.g.,* **Bell Atl. Corp. v. Twombly**, 550 U.S. 544 (2007); **Ashcroft v. Iqbal**, 556 U.S. 662, 677-78 (2009). Therefore, any claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to meet federal pleading standards.

### B. Plaintiffs Fail To Properly Identify Any Allegations Against The City Of Fort Collins.

Plaintiffs' claims against the City fare no better. As set forth above, in order to maintain a claim against the City, Plaintiffs must show a public entity's policy or custom existed, and a direct causal link between that policy or custom and the injury alleged. **City of Canton Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Myers v. Oklahoma County Bd.**, 11 F.3d 1313 (10th Cir.1998). Here, the only specific allegations against the City,

identify it as a municipality located in the state of Colorado [ECF 1, at ¶ 4]. There are no allegations with respect to any specific policy or custom, or a direct causal link between any such custom or policy and the injuries alleged. Plaintiffs' claims against the City should be dismissed.

### C. Plaintiffs' Conspiracy Claims Against The Fort Collins Defendants Are Insufficient.

Plaintiffs attempt claims for "Conspiracy to Obstruct Justice Based on Invidious Discrimination," pursuant to 42 U.S.C. § 1985(3) [ECF 1, at 27, Claim XVII], and Conspiracy to Deprive Constitutional Rights, pursuant to 42 U.S.C. § 1983 [ECF 1, at 29, Claim XVIII]. In addition to the specific pleading requirements pursuant to Rule 8(a), Plaintiffs must also satisfy a heightened pleading requirement with respect to any claim for conspiracy. "In *Dixon v. City of Lawton*, we explained many differences exist between § 1983 and § 1985 for the purpose of alleging an actionable conspiracy." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) (referring to *Dixon*, 898 F.2d 1443, 1447, 1449 & n.6 (10th Cir. 1990)). "However, despite these and other differences in pleading actions under § 1983 and § 1985, we have generally held a federal conspiracy action brought under either of these statutes requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks*, 614 F.3d at 1227-28 (10th Cir. 2010) (referring to *Salehpoor v. Shahinpoor*, 358 F.3d 782, 785, 789 (10th Cir. 2004) (regarding § 1985 action)); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1229, 1231 (10th Cir. 1990) (regarding § 1985 action)). "'(A) plaintiff must allege specific facts showing an agreement and concerted action amongst the

6

defendants' because '[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" Brooks, 614 F.3d at 1228, (citing **Tonkovich v. Kan. Bd. of Regents**, 159 F.3d 504, 533 (10th Cir. 1998) (quoting **Hunt v. Bennett**, 17 F.3d 1263, 1266 (10th Cir. 1994)).

Mere parallel conduct, without more, does not suggest conspiracy, and conclusory allegations of agreement do not give enough facts to show illegality. See **Twombly**, 550 U.S. at 556-57 & 565 n.10; **Tonkovich**, 159 F.3d at 533. An allegation of parallel action — or inaction — does not necessarily indicate agreement to act in concert. **Brooks** 614 F.3d at 1228. For the complaint to survive it must allege facts plausibly stating a conspiracy. Allegations of parallel conduct absent a specific context implying meeting of minds is not enough. **Gee v. Pacheco**, 627 F.3d 1178, 1183 (10th Cir. 2010).

Here, no allegations respecting any conspiracy exist, and Plaintiffs fail to meet their burdens with respect to both initial and the heightened federal pleading standards.

### D. Plaintiff's Claims Against The City, Pursuant To C.R.S. § 13-21-131, Are Improper.

Plaintiffs bring three-claims against the City, pursuant to C.R.S. § 13-21-131, Civil Action for Deprivation of Rights: Freedom of Speech and Assembly [ECF 1, at 20, Count XII]; Free Speech Retaliation [ECF 1, at 23, Count XIV], and; Equal Protection-Selective Enforcement [ECF 1, at 26, Count XVI]. The Colorado Court of Appeals has held C.R.S. § 13-21-131 to be inapplicable to claims against a municipality, and therefore any such claims should be dismissed.

"Section 13-21-131 authorizes private civil rights actions against 'peace officer[s].'" **Ditirro v. Sando**, 2022 COA 94, at ¶ 33 (Colo. App. 2022). "(A) 'peace officer' is 'any

person employed by a political subdivision of the state required to be certified by the [Peace Officers Standards and Training] board.'" ***Dittro***, 2022 COA 94, at ¶ 33 (citing § 24-31-901(3), C.R.S. 2021.))

"Section 13-21-131(1) provides that a 'peace officer' is liable to the injured party for 'the deprivation of any individual rights.' It does not mention any other individuals or entities that can be held liable under the statute. Thus, we conclude, based on the plain language of the statute, that it grants plaintiffs who are similarly situated to Ditirro the right to assert the specified civil rights actions only against individual peace officers, and not against the peace officers' employers." ***Dittro***, 2022 COA 94, at ¶ 33. Therefore, Plaintiffs' claims pursuant to C.R.S. 13-21-131 against the City, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Defendants, City of Fort Collins, Ethan VanSickle, Joe Schilz, Jason Haferman, and Christopher Young request this Court enter an Order dismissing all claims against them, with prejudice, and granting all other and further relief deemed just and proper.

Respectfully submitted this 7th day of November 2022.

> s/ *Katherine N. Hoffman*
> Mark S. Ratner, Esq.
> Andrew D. Ringel, Esq.
> Katherine N. Hoffman, Esq.
> Hall & Evans, L.L.C.
> 1001 17th Street, Suite 300, Denver, CO 80202
> 303-628-3300 /Fax: 303-628-3368
> ratnerm@hallevans.com
> ringela@hallevans.com
> hoffmank@hallevans.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 7th day of November 2022, a true and correct copy of the foregoing **DEFENDANTS CITY OF FORT COLLINS, ETHAN VANSICKLE, JOE SCHILZ, JASON HAFERMAN, AND CHRISTOPHER YOUNG'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (ECF 1) PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

                                                        *s/ Sarah Stefanick*