## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiff,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;

---

### DEFENDANTS BRIAN MALLORY AND JARED ROBERTSON'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL (ECF 20)

---

Defendants, Brian Mallory and Jared Robertson ("Defendants") submit the following as their Answer, Defenses, and Affirmative Defenses, to Plaintiffs' First Amended Complaint and Demand for a Jury Trial (ECF 20) ("Complaint"):

These Defendants provide the following Answer, Defenses, and Affirmative Defenses, on their own behalf. No Answer, Defenses, or Affirmative Defenses are presented on behalf of any other Defendant in this matter.[1]

---

[1] A Motion to Dismiss on behalf of Ethan Van Sickle, Joe Schliz, Jason Haferman, and Christopher Young, seeking dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), has been filed contemporaneously with this Answer. No response has been provided on behalf of Daniel Netzel, as he has not been served.

## INTRODUCTION

These Defendants deny each and every allegation, if any, set forth after the word "Introduction", on pages 1-2 of the Complaint.

## THE PARTIES

1.     These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 1 of the Complaint, requiring denial of same.

2.     These Defendants are without sufficient information or knowledge regarding the allegations set forth in paragraph 2 of the Complaint, requiring denial of same.

3.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 3 of the Complaint, requiring denial of same.

4.     These Defendants admit Brian Mallory was a police officer, employed with the City of Fort Collins and a resident of the State of Colorado on the day of the alleged incident as set forth in the Complaint.  The remaining allegations in paragraph 4 are conclusory and incomplete, while at the same time purporting to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Mallory only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer. The remaining allegations, if any, are denied.

5.     These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Ethan VanSickle, requiring denial of same.  The remaining allegations in paragraph 5 are conclusory and incomplete, while at the same time purport

to set forth a legal conclusion to which no response is required. To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer VanSickle only in his individual capacity, but deny any such allegations are sufficient to set forth any claim. The remaining allegations, if any, are denied.

6.     These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Daniel Netzel, requiring denial of same. The remaining allegations in paragraph 6 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Netzel only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer. The remaining allegations, if any, are denied.

7.     These Defendants admit Jared Robertson was a police officer, employed with the City of Fort Collins, and a resident of the State of Colorado on the day of the alleged incident as set forth in the Complaint. The remaining allegations in paragraph 7 are conclusory, while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Robertson only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer. The remaining allegations, if any, are denied.

8.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Joe Schilz, requiring denial of same.  The remaining allegations in paragraph 8 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Schilz only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer.  The remaining allegations, if any, are denied.

9.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Jason Haferman, requiring denial of same.  The remaining allegations in paragraph 9 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Haferman only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer.  The remaining allegations, if any, are denied.

10.      These Defendants are without sufficient information or knowledge regarding the residency or citizenship of Christopher Young, requiring denial of same.  The remaining allegations in paragraph 10 are conclusory and incomplete, while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations are determined to be factual, these Defendants admit the allegations as set forth in the Complaint appear to allege claims against Officer Young

only in his individual capacity, but deny any such allegations are sufficient to set forth any claim against said Officer.  The remaining allegations, if any, are denied.

## JURISDICTION AND VENUE

11.     These Defendants admit this Court has jurisdiction over the parties to this matter, but deny the remaining allegations set forth in paragraph 11 of the Complaint, including but not limited to any notion Plaintiffs' rights were somehow violated or Plaintiffs are somehow entitled to attorneys' fees or costs.

12.     These Defendants admit venue in this Court is proper, but deny the remaining allegations set forth in paragraph 12 of the Complaint, including but not limited to the notion Plaintiffs' rights were somehow violated or Plaintiffs are somehow entitled to attorneys' fees or costs.

## ALLEGATIONS

13.     Based on information and belief, these Defendants admit there was a protest in the City of Fort Collins, on August 8, 2020, as that term is commonly used. These Defendants are without sufficient knowledge or information regarding the remaining allegations set forth in paragraph 13 of the Complaint, requiring denial of same.

14.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 14 of the Complaint, requiring denial of same.

15.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 15 of the Complaint, requiring denial of same.

16.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 16 of the Complaint, requiring denial of same.

17.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 17 of the Complaint, requiring denial of same.

18.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 18 of the Complaint, requiring denial of same.

19.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 19 of the Complaint, requiring denial of same.

20.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 20 of the Complaint, requiring denial of same.

21.     The Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 21 of the Complaint, requiring denial of same.

22.     These Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 23 of the Complaint, requiring denial of same.

24.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 24 of the Complaint, requiring denial of same.

25.     These Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     These Defendants admit Fort Collins Police Officers interacted with individuals throughout the day.  The remaining allegations set forth in paragraph 26 of the Complaint, are denied.

27.     These Defendants admit that at some point on August 8 2020, there were multiple confrontations between individuals or groups of individuals near the City of Fort Collins Police Station.  These Defendants are without sufficient knowledge or information regarding the remaining allegations set forth in paragraph 27 of the Complaint, requiring denial of same.

28.     These Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29.     These Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     These Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.     These Defendants admit at some point someone came to them and explained they were assaulted.  These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 31 of the Complaint, requiring denial of same.

32.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 32 of the Complaint, requiring denial of same.

33.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 33 of the Complaint, requiring denial of same.

34.     These Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.     The allegations set forth in paragraph 35 of the Complaint are conclusory and argumentative, and therefore no response is required. To the extent the allegations set forth in paragraph 35 of the Complaint are determined to be factual, said allegations are denied.

36.     These Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     The allegations set forth in paragraph 37 of the Complaint are conclusory and argumentative, and therefore no response is required. To the extent the allegations set forth in paragraph 37 of the Complaint are determined to be factual, said allegations are denied.

38.     The allegations set forth in paragraph 38 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 38 of the Complaint are determined to be factual, said allegations are denied.

39.     The allegations set forth in paragraph 39 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 39 of the Complaint are determined to be factual, said allegations are denied.

40.     The allegations set forth in paragraph 40 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 40 of the Complaint are determined to be factual, said allegations are denied.

41.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 41 of the Complaint, requiring denial of same.

42.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 42 of the Complaint, requiring denial of same.

43.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 43 of the Complaint, requiring denial of same.

44.     These Defendants are without sufficient information or knowledge with respect to the allegations set forth in paragraph 44 of the Complaint, requiring denial of same.

45.     Based on information and belief, these Defendants admit Mr. DeLeon was arrested by Officer Netzel, but deny the remaining allegations set forth in paragraph 45.

46.     These Defendants admit Officers Netzel and Robertson interacted with Mr. DeLeon, but deny the remaining allegations set forth in paragraph 46 of the Complaint.

47.     These Defendants admit Officers Netzel and Robertson interacted with Mr. DeLeon, but deny the remaining allegations set forth in paragraph 47 of the Complaint.

48.     These Defendants admit Fort Collins Police Officers were engaged with individuals on the particular day set forth in Plaintiffs' Complaint, but deny the remaining allegations set forth in paragraph 48 of the Complaint.

49.     These Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     The allegations set forth in paragraph 50 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 50 of the Complaint are determined to be factual, said allegations are denied.

51.     The allegations set forth in paragraph 51 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 51 of the Complaint are determined to be factual, said allegations are denied.

52.     The allegations set forth in paragraph 52 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 52 of the Complaint are determined to be factual, said allegations are denied.

53.     The allegations set forth in paragraph 53 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 53 of the Complaint are determined to be factual, said allegations are denied.

54.     The allegations set forth in paragraph 54 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 54 of the Complaint are determined to be factual, said allegations are denied.

55.     The allegations set forth in paragraph 55 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 55 of the Complaint are determined to be factual, said allegations are denied.

56.     The allegations set forth in paragraph 56 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 56 of the Complaint are determined to be factual, said allegations are denied.

57.     The allegations set forth in paragraph 57 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 57 of the Complaint are determined to be factual, said allegations are denied.

58.     Based on information and belief, these Defendants admit the charges against Mr. DeLeon, were dismissed.

59.     The allegations set forth in paragraph 59 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 59 of the Complaint are determined to be factual, said allegations are denied.

60.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 60 of the Complaint, requiring denial of same.

61.     The allegations set forth in paragraph 61 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations

set forth in paragraph 61 of the Complaint are determined to be factual, said allegations are denied.

62.     The allegations set forth in paragraph 62 of the Complaint are conclusory and argumentative, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 62 of the Complaint are determined to be factual, said allegations are denied.

63.     The allegations set forth in paragraph 63 of the Complaint are conclusory and argumentative, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 63 of the Complaint are determined to be factual, said allegations are denied.

64.     The allegations set forth in paragraph 64 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 64 of the Complaint are determined to be factual, said allegations are denied.

65.     The allegations set forth in paragraph 65 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 65 of the Complaint are determined to be factual, said allegations are denied.

66.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations set forth in paragraph 66 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining

allegations set forth in paragraph 66 of the Complaint are determined to be factual, said allegations are denied.

67.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 67 of the Complaint, requiring denial of same.

68.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 68 of the Complaint, requiring denial of same.

69.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 69 of the Complaint, requiring denial of same.

70.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 70 of the Complaint, requiring denial of same.

71.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 71 of the Complaint, requiring denial of same.

72.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 72 of the Complaint, requiring denial of same.

73.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 73 of the Complaint, requiring denial of same.

74.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 74 of the Complaint, requiring denial of same.

75.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station, to which certain Fort Collins Police Officers responded to.  The remaining allegations set forth in paragraph 75 of the Complaint are conclusory and argumentative, and therefore

no response is required.  To the extent any such remaining allegations set forth in paragraph 75 of the Complaint are determined to be factual, said allegations are denied.

76.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations set forth in paragraph 76 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining allegations set forth in paragraph 76 of the Complaint are determined to be factual, said allegations are denied.

77.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations set forth in paragraph 77 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining allegations set forth in paragraph 77 of the Complaint are determined to be factual, said allegations are denied.

78.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations set forth in paragraph 78 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining allegations set forth in paragraph 78 of the Complaint are determined to be factual, said allegations are denied.

79.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The

remaining allegations set forth in paragraph 79 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining allegations set forth in paragraph 79 of the Complaint are determined to be factual, said allegations are denied.

80.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations set forth in paragraph 80 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining allegations set forth in paragraph 80 of the Complaint are determined to be factual, said allegations are denied.

81.     These Defendants admit at some point on August 8, 2020, there was a fight or a series of fights in a residential area, located near the Fort Collins Police Station.  The remaining allegations set forth in paragraph 81 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent any such remaining allegations set forth in paragraph 81 of the Complaint are determined to be factual, said allegations are denied.

82.     Based on information and belief, the allegations set forth in paragraph 82 of the Complaint, is denied.

83.     The allegations set forth in paragraph 83 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 83 of the Complaint are determined to be factual, said allegations are denied.

84.     The allegations set forth in paragraph 84 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 84 of the Complaint are determined to be factual, said allegations are denied.

85.     The allegations set forth in paragraph 85 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 85 of the Complaint are determined to be factual, said allegations are denied.

86.     The allegations set forth in paragraph 86 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 86 of the Complaint are determined to be factual, said allegations are denied.

87.     The allegations set forth in paragraph 87 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 87 of the Complaint are determined to be factual, said allegations are denied.

88.     The allegations set forth in paragraph 88 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 88 of the Complaint are determined to be factual, said allegations are denied.

89.     Based on information and belief, these Defendants admit the charges against Mr. Townley, were dismissed.  These Defendants are without sufficient

knowledge or information regarding the remaining allegations set forth in paragraph 89 of the Complaint, requiring denial of same.

90.     The allegations set forth in paragraph 90 of the Complaint, are denied.

91.     The allegations set forth in paragraph 91 of the Complaint, are denied.

92.     The allegations set forth in paragraph 92 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 92 of the Complaint are determined to be factual, said allegations are denied.

93.     The allegations set forth in paragraph 93 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 93 of the Complaint are determined to be factual, said allegations are denied.

94.     The allegations set forth in paragraph 94 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 94 of the Complaint are determined to be factual, said allegations are denied.

95.     These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 95 of the Complaint, requiring denial of same.

96.     The allegations set forth in paragraph 96 of the Complaint are conclusory and argumentative, and generally do not make any sense, therefore no response is required.  To the extent the allegations set forth in paragraph 96 of the Complaint are determined to be factual, said allegations are denied.

97.     These Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     These Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99.     These Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100.    These Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101.    These Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102.    Based on information and belief, these Defendants admit the charges against Ms. Kruger, were dismissed. The remaining allegations set forth in paragraph 102 of the Complaint, are denied.

103.    These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 103 of the Complaint, requiring denial of same.

104.    These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 104 of the Complaint, requiring denial of same.

105.    The allegations set forth in paragraph 105 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 105 of the Complaint are determined to be factual, said allegations are denied.

106.    The allegations set forth in paragraph 106 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 106 of the Complaint are determined to be factual, said allegations are denied.

107.    These Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108.    These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 108 of the Complaint, requiring denial of same.

109.    These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 109 of the Complaint, requiring denial of same.

110.    These Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111.    These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 111 of the Complaint, requiring denial of same.

112.    These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 112 of the Complaint, requiring denial of same.

113.    The allegations set forth in paragraph 113 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 113 of the Complaint are determined to be factual, said allegations are denied.

114.    These Defendants deny the allegations set forth in paragraph 114 which pertain to them.  These Defendants are without sufficient knowledge or information

regarding the remaining allegations set forth in paragraph 114 of the Complaint, requiring denial of same.

115.    The allegations set forth in paragraph 115 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 115 of the Complaint are determined to be factual, said allegations are denied.

116.    The allegations set forth in paragraph 116 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 116 of the Complaint are determined to be factual, said allegations are denied.

117.    The allegations set forth in paragraph 117 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 117 of the Complaint are determined to be factual, said allegations are denied.

118.    The allegations set forth in paragraph 118 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 118 of the Complaint are determined to be factual, said allegations are denied.

119.    The allegations set forth in paragraph 119 of the Complaint are conclusory and argumentative, and therefore no response is required.  To the extent the allegations set forth in paragraph 119 of the Complaint are determined to be factual, said allegations are denied.

**CAUSES OF ACTION**
**COUNT I:**
**42 U.S.C. 1983 – Fourth Amendment – Excessive Force**
**(Anna Kruger against Jared Robertson, Daniel Netzel, and Brian Mallory)**

120.    These Defendants incorporate by reference those responses to paragraphs 1 to 119 of the Complaint, as though fully set forth herein.

121.    Officers Mallory and Robertson admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.   The remaining allegations set forth in paragraph 121 of the Complaint, are denied.

122.    The allegations set forth in paragraph 122 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 122 of the Complaint are determined to be factual, said allegations are denied.

123.    The allegations set forth in paragraph 123 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 123 of the Complaint are determined to be factual, these Defendants admit Ms. Kruger had certain constitutional rights on August 8, 2020, but deny any such rights were violated.   The remaining allegations set forth in paragraph 123 of the Complaint, are denied.

124.    The allegations set forth in paragraph 124 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 124 of the Complaint are determined to be factual, said allegations are denied.

125.    The allegations set forth in paragraph 125 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 125 of the Complaint are determined to be factual, said allegations are denied.

126.    The allegations set forth in paragraph 126 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 126 of the Complaint are determined to be factual, these Defendants state no warrant was required to arrest the Plaintiff.  The remaining allegations set forth in paragraph 126, are denied.

127.    The allegations set forth in paragraph 127 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 127 of the Complaint are determined to be factual, said allegations are denied.

128.    The allegations set forth in paragraph 128 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 128 of the Complaint are determined to be factual, said allegations are denied.

129.    The allegations set forth in paragraph 129 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 129 of the Complaint are determined to be factual, said allegations are denied.

130.    The allegations set forth in paragraph 130 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 130 of the Complaint are determined to be factual, said allegations are denied.

131.    The allegations set forth in paragraph 131 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 131 of the Complaint are determined to be factual, said allegations are denied.

132.    The allegations set forth in paragraph 132 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 132 of the Complaint are determined to be factual, said allegations are denied.

133.    The allegations set forth in paragraph 133 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 133 of the Complaint are determined to be factual, said allegations are denied.

134.    The allegations set forth in paragraph 134 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 134 of the Complaint are determined to be factual, said allegations are denied.

135.    The allegations set forth in paragraph 135 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 135 of the Complaint are determined to be factual, said allegations are denied.

136.   The allegations set forth in paragraph 136 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 136 of the Complaint are determined to be factual, said allegations are denied.

**COUNT II:**
**C.R.S. 13-21-131-Fourth Amendment Excessive Force**
**(Anna Kruger against Jared Robertson, Daniel Netzel, Brian Mallory)**

137.   These Defendants incorporate their responses to paragraphs 1 to 136, as though fully set forth herein.

138.   These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 138 of the Complaint, are denied.

139.   The allegations set forth in paragraph 139 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 139 of the Complaint are determined to be factual, these Defendants admit Ms. Kruger had certain rights on August 8, 2020, but deny any such rights were violated.  The remaining allegations set forth in paragraph 139 of the Complaint, are denied.

140.   The allegations set forth in paragraph 140 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 140 of the Complaint are determined to be factual, said allegations are denied.

141.    The allegations set forth in paragraph 141 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 141 of the Complaint are determined to be factual, said allegations are denied.

142.    The allegations set forth in paragraph 142 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 142 of the Complaint are determined to be factual, these Defendants state no warrant was required.  The remaining allegations set forth in paragraph 142 of the Complaint, are denied.

143.    The allegations set forth in paragraph 143 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 143 of the Complaint are determined to be factual, said allegations are denied.

144.    The allegations set forth in paragraph 144 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 144 of the Complaint are determined to be factual, said allegations are denied.

145.    The allegations set forth in paragraph 145 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 145 of the Complaint are determined to be factual, said allegations are denied.

146.   The allegations set forth in paragraph 146 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 146 of the Complaint are determined to be factual, said allegations are denied.

147.   The allegations set forth in paragraph 147 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 147 of the Complaint are determined to be factual, said allegations are denied.

148.   The allegations set forth in paragraph 148 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 148 of the Complaint are determined to be factual, these Defendants admit Ms. Kruger had certain rights on August 8, 2020, but deny any such rights were violated.  The remaining allegations set forth in paragraph 148 of the Complaint, are denied.

149.   The allegations set forth in paragraph 149 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 149 of the Complaint are determined to be factual, said allegations are denied.

150.   The allegations set forth in paragraph 150 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 150 of the Complaint are determined to be factual, said allegations are denied.

151.   The allegations set forth in paragraph 151 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 151 of the Complaint are determined to be factual, said allegations are denied.

152.   The allegations set forth in paragraph 152 of the Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 152 of the Complaint are determined to be factual, said allegations are denied.

**COUNT III:**
**42 U.S.C. 1983-Malcious Prosecution**
**(Anna Kruger against Jared Robertson, Daniel Netzel, Brian Mallory, Joe Schilz, and Ethan VanSickle and Jason Haferman)**

153.   These Defendants incorporate by reference those responses to paragraphs 1 to 152 of the Complaint, as though fully set forth herein.

154.   These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as a Fort Collins Police Officer.   The remaining allegations set forth in paragraph 154 of the Complaint, are denied.

155.   The allegations set forth in paragraph 155 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 155 of the Complaint are determined to be factual, said allegations are denied.

156.    The allegations set forth in paragraph 156 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 156 of the Complaint are determined to be factual, said allegations are denied.

157.    Based on information and belief, these Defendants admit the charges against Ms. Kruger were dismissed.  The remaining allegations set forth in paragraph 157 of the Complaint if any, are denied.

158.    The allegations set forth in paragraph 158 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 158 of the Complaint are determined to be factual, said allegations are denied.

**COUNT IV:**
**C.R.S. 13-21-131-Malicious Prosecution**
**(Anna Kruger against Jason Haferman, Jared Robertson, Daniel Netzel, Brian Mallory, Joe Schilz, and Ethan VanSickle)**

159.    These Defendants restate their responses to paragraphs 1 to 158 of the Complaint, as though fully set forth herein.

160.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 160 of the Complaint, are denied.

161.    The allegations set forth in paragraph 161 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 161 of the Complaint are determined to be factual, said allegations are denied.

162.    The allegations set forth in paragraph 162 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 162 of the Complaint are determined to be factual, said allegations are denied.

163.    Based on information and belief, these Defendants admit the charges against Ms. Kruger were dismissed.  The remaining allegations set forth in paragraph 163 of the Complaint, if any, are denied.

164.    The allegations set forth in paragraph 164 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 164 of the Complaint are determined to be factual, said allegations are denied.

### COUNT V:
### 42 U.S.C. 1983-False Arrest
### (Anna Kruger against Jared Robertson, Daniel Netzel, and Brian Mallory)

165.    These Defendants restate their responses to paragraphs 1 to 164 of the Complaint, as though fully set forth herein.

166.    The allegations set forth in paragraph 166 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 166 of the Complaint are determined to be factual, said allegations are denied.

167.    The allegations set forth in paragraph 167 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 167 of the Complaint are determined to be factual, said allegations are denied.

168.    The allegations set forth in paragraph 168 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 168 of the Complaint are determined to be factual, said allegations are denied.

169.    The allegations set forth in paragraph 169 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 169 of the Complaint are determined to be factual, said allegations are denied.

170.    The allegations set forth in paragraph 170 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 170 of the Complaint are determined to be factual, said allegations are denied.

### **COUNT VI:**
### **C.R.S. 13-21-131-False Arrest**
### **(Anna Kruger against Jared Robertson, Daniel Netzel, and Brian Mallory)**

171.    These Defendants restate their responses to paragraphs 1 to 170 of the Complaint, as though fully set forth herein.

172.    The allegations set forth in paragraph 172 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 172 of the Complaint are determined to be factual, said allegations are denied.

173.    The allegations set forth in paragraph 173 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 173 of the Complaint are determined to be factual, said allegations are denied.

174.    The allegations set forth in paragraph 174 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 174 of the Complaint are determined to be factual, said allegations are denied.

175.    The allegations set forth in paragraph 175 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 175 of the Complaint are determined to be factual, said allegations are denied.

176.    The allegations set forth in paragraph 176 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 176 of the Complaint are determined to be factual, said allegations are denied.

## COUNT VII:
### 42 U.S.C. 1983 – Malicious Prosecution
### (Michael Piper Townley against Brian Mallory, Christopher Young, Joe Schilz, Ethan VanSickle, Daniel Netzel, and Jared Robertson)

177.    These Defendants restate their responses to paragraphs 1 to 176 of the Complaint, as though fully set forth herein.

178.   These Defendants admit on August 8, 2020, they were acting within the course and scope of his employment with the City of Fort Collins, as a Fort Collins Police Officer.   The remaining allegations set forth in paragraph 178 of the Complaint, are denied.

179.   The allegations set forth in paragraph 179 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 179 of the Complaint are determined to be factual, said allegations are denied.

180.   The allegations set forth in paragraph 180 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 180 of the Complaint are determined to be factual, said allegations are denied.

181.   Based on information and belief, these Defendants admit the criminal charges against Mr. Townley were dismissed.  These Defendants deny the remaining allegations set forth in paragraph 181 of the Complaint.

182.   The allegations set forth in paragraph 182 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 182 of the Complaint are determined to be factual, said allegations are denied.

### COUNT VIII:
### C.R.S. 13-21-131-Malicous Prosecution
### (Michael Piper Townley against Brian Mallory, Christopher Young, Joe Schilz, Ethan VanSickle, Daniel Netzel, and Jared Robertson)

183.    These Defendants restate their responses to paragraphs 1 to 182 of the Complaint, as though fully set forth herein.

184.    These Defendants admit on August 8, 2020, they  were acting within the course and scope of his employment with the City of Fort Collins, as a Fort Collins Police Officer.   The  remaining  allegations  set  forth  in  paragraph  184  of  the  Complaint,  are denied.

185.    The allegations set forth in paragraph 185 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 185 of the Complaint are determined to be factual, said allegations are denied.

186.    The allegations set forth in paragraph 186 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 186 of the Complaint are determined to be factual, said allegations are denied.

187.    Based  on  information  and  belief,  these  Defendants  admit  the  charges against Mr. Townley, were dismissed,  The remaining allegations set forth in paragraph 187 of the Complaint, if any, are denied.

188.    The allegations set forth in paragraph 188 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 188 of the Complaint are determined to be factual, said allegations are denied.

**COUNT IX:**
**42 U.S.C. 1983-False Arrest**
**(Michael Piper Townley against Brian Mallory, Joe Schilz, and Ethan VanSickle)**

189.    These Defendants restate their responses to paragraphs 1 to 188 of the Complaint as though fully set forth herein.

190-193.  Paragraphs 190 to 193 of the Complaint, do not purport to address any actions by Officer Robertson, and therefore no response is provided on Officer Robertson's behalf.  To the extent paragraphs 190 to 193 are deemed to apply to the actions of Officer Robertson, any such allegations are denied.

190.    The allegations set forth in paragraph 190 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 190 of the Complaint are determined to be factual, said allegations are denied.

191.    The allegations set forth in paragraph 191 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 191 of the Complaint are determined to be factual, said allegations are denied.

192.    The allegations set forth in paragraph 192 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 192 of the Complaint are determined to be factual, said allegations are denied.

193.    The allegations set forth in paragraph 193 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 193 of the Complaint are determined to be factual, said allegations are denied.

**COUNT X:**
**C.R.S. 13-21-131 False Arrest**
**(Michael Piper Townley against Brian Mallory, Joe Schilz, and Ethan VanSickle)**

194.    These Defendants restate their responses to paragraphs 1 to 193 of the Complaint, as though fully set forth herein.

195-198.  Paragraphs 195 to 198 of the Complaint, do not purport to address any actions by Officer Robertson, and therefore no response is provided on Officer Robertson's behalf.  To the extent paragraphs 195 to 198 are deemed to apply to the actions of Officer Robertson, any such allegations are denied.

195.    The allegations set forth in paragraph 195 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 195 of the Complaint are determined to be factual, said allegations are denied.

196.    The allegations set forth in paragraph 196 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 196 of the Complaint are determined to be factual, said allegations are denied.

197.    The allegations set forth in paragraph 197 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 197 of the Complaint are determined to be factual, said allegations are denied.

198.    The allegations set forth in paragraph 198 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 198 of the Complaint are determined to be factual, said allegations are denied.

<u>**COUNT XI:**</u>
**42 U.S.C. 1983**
**First Amendment Violation – Freedom of Speech and Assembly**
**(All Plaintiffs against all Defendants)**

199.    These Defendants restate their responses to paragraphs 1 to 198 of the Complaint, as though fully set forth herein.

200.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 200 of the Complaint, are denied.

201.    The allegations set forth in paragraph 201 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 201 of the Complaint are deemed to be factual, said allegations are denied.

202.    The allegations set forth in paragraph 202 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 202 of the Complaint are deemed to be factual, said allegations are denied.

203.    The allegations set forth in paragraph 203 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 203 of the Complaint are deemed to be factual, said allegations are denied.

204.    The allegations set forth in paragraph 204 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 204 of the Complaint are deemed to be factual, said allegations are denied.

205.    The allegations set forth in paragraph 205 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 205 of the Complaint are deemed to be factual, said allegations are denied.

206.    The allegations set forth in paragraph 206 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 206 of the Complaint are deemed to be factual, said allegations are denied.

207.    The allegations set forth in paragraph 207 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 207 of the Complaint are deemed to be factual, said allegations are denied.

208.    The allegations set forth in paragraph 208 of the Complaint, are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 208 of the Complaint are deemed to be factual, said allegations are denied.

209.    The allegations set forth in paragraph 209 of the Complaint, are conclusory and argumentative while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 209 of the Complaint are deemed to be factual, said allegations are denied.

210.    The allegations set forth in paragraph 210 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 210 of the Complaint are determined to be factual, said allegations are denied.

211.    The allegations set forth in paragraph 211 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 211 of the Complaint are determined to be factual, said allegations are denied.

212.    The allegations set forth in paragraph 212 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 212 of the Complaint are determined to be factual, said allegations are denied.

213.    The allegations set forth in paragraph 213 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 213 of the Complaint are determined to be factual, said allegations are denied.

**<u>COUNT XII</u>:**
**C.R.S. 13-21-131-Freedom of Speech and Assembly**
**(All Plaintiffs against all Defendants)**

214.    These Defendants restate their responses to paragraphs 1 to 213 as though fully set forth herein.

215.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 215 of the Complaint, are denied.

216.    The allegations set forth in paragraph 216 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 216 of the Complaint are deemed to be factual, said allegations are denied.

217.    The allegations set forth in paragraph 217 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 217 of the Complaint are deemed to be factual, said allegations are denied.

218.    The allegations set forth in paragraph 218 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 218 of the Complaint are deemed to be factual, said allegations are denied.

219.    The allegations set forth in paragraph 219 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 219 of the Complaint are deemed to be factual, said allegations are denied.

220.    The allegations set forth in paragraph 220 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 220 of the Complaint are deemed to be factual, said allegations are denied.

221.    The allegations set forth in paragraph 221 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 221 of the Complaint are deemed to be factual, said allegations are denied.

222.    The allegations set forth in paragraph 222 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 222 of the Complaint are deemed to be factual, said allegations are denied.

223.    The allegations set forth in paragraph 223 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 223 of the Complaint are deemed to be factual, said allegations are denied.

224.    The allegations set forth in paragraph 224 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 224 of the Complaint are determined to be factual, said allegations are denied.

225.    The allegations set forth in paragraph 225 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 225 of the Complaint are determined to be factual, said allegations are denied.

226.    The allegations set forth in paragraph 226 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions 226 which no response is required.  To the extent the allegations set forth in paragraph 155 of the Complaint are determined to be factual, said allegations are denied.

227.    The allegations set forth in paragraph 227 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 227 of the Complaint are determined to be factual, said allegations are denied.

**CLAIM XIII:**
**First Amendment Violation – Retaliation**
**(All Plaintiffs against all Defendants)**

228.    These Defendants restate their responses to paragraphs 1 to 227 of the Complaint, as though fully set forth herein.

229.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.   The remaining allegations set forth in paragraph 229 of the Complaint, are denied.

230.    The allegations set forth in paragraph 230 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 230 of the Complaint are deemed to be factual, said allegations are denied.

231.    The allegations set forth in paragraph 231 of the Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 231 of the Complaint are determined to be factual, said allegations are denied.

232.    The allegations set forth in paragraph 232 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 232 of the Complaint are determined to be factual, said allegations are denied.

233.    The allegations set forth in paragraph 233 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 233 of the Complaint are deemed to be factual, said allegations are denied.

234.    The allegations set forth in paragraph 234 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 234 of the Complaint are deemed to be factual, said allegations are denied.

235.    The allegations set forth in paragraph 235  of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 235 of the Complaint are determined to be factual, said allegations are denied.

236.    The allegations set forth in paragraph 236  of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 236 of the Complaint are determined to be factual, said allegations are denied.

237.    The allegations set forth in paragraph 237 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 237 of the Complaint are deemed to be factual, said allegations are denied.

238.    The allegations set forth in paragraph 238 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 238 of the Complaint are determined to be factual, said allegations are denied.

239.    The allegations set forth in paragraph 239 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 239 of the Complaint are determined to be factual, said allegations are denied.

240.    The allegations set forth in paragraph 240 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 240 of the Complaint are determined to be factual, said allegations are denied.

241.    The allegations set forth in paragraph 241 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 241 of the Complaint are determined to be factual, said allegations are denied.

242.    The allegations set forth in paragraph 242 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 242 of the Complaint are determined to be factual, said allegations are denied.

243.    The allegations set forth in paragraph 243 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 243 of the Complaint are determined to be factual, said allegations are denied.

244.    The allegations set forth in paragraph 244 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 244 of the Complaint are determined to be factual, said allegations are denied.

**CLAIM XIV**
**C.R.S. 13-21-131 Free Speech Retaliation**
**(All Plaintiffs against all Defendants)**

245.    These Defendants restate their responses to paragraphs 1 to 244 of the Complaint, as though fully set forth herein.

246.    These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 246 of the Complaint, are denied.

247.    The allegations set forth in paragraph 247 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is

required.  To the extent the allegations set forth in paragraph 247 of the Complaint are deemed to be factual, said allegations are denied.

248.    The allegations set forth in paragraph 248 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 248 of the Complaint are deemed to be factual, said allegations are denied.

249.    The allegations set forth in paragraph 249 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 249 of the Complaint are deemed to be factual, said allegations are denied.

250.    The allegations set forth in paragraph 250 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 250 of the Complaint are deemed to be factual, said allegations are denied.

251.    The allegations set forth in paragraph 251 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 251 of the Complaint are determined to be factual, said allegations are denied.

252.    The allegations set forth in paragraph 252 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 252 of the Complaint are determined to be factual, said allegations are denied.

253.    The allegations set forth in paragraph 253 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 253 of the Complaint are determined to be factual, said allegations are denied.

254.    The allegations set forth in paragraph 254 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 254 of the Complaint are determined to be factual, said allegations are denied.

255.    The allegations set forth in paragraph 255 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 255 of the Complaint are determined to be factual, said allegations are denied.

256.    The allegations set forth in paragraph 256 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 256 of the Complaint are determined to be factual, said allegations are denied.

257.    The allegations set forth in paragraph 257 of the Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 257 of the Complaint are determined to be factual, said allegations are denied.

258.    The allegations set forth in paragraph 258 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 258 of the Complaint are determined to be factual, said allegations are denied.

259.   The allegations set forth in paragraph 259 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 259 of the Complaint are determined to be factual, said allegations are denied.

260.   The allegations set forth in paragraph 260 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 260 of the Complaint are determined to be factual, said allegations are denied.

**CLAIM XV**
**42 U.S.C. § 1983**
**Equal Protection – Selective Enforcement**
**(All Plaintiffs against all Defendants)**

261.   These Defendants restate their responses to paragraphs 1 to 260 of the Complaint, as though fully set forth herein.

262.   These Defendants admit on August 8, 2020, they were acting within the course and scope of their employment with the City of Fort Collins, as Fort Collins Police Officers.  The remaining allegations set forth in paragraph 262 of the Complaint, are denied.

263.   The allegations set forth in paragraph 263 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 263 of the Complaint are deemed to be factual, said allegations are denied.

264.   The allegations set forth in paragraph 264 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 264 of the Complaint are determined to be factual, said allegations are denied.

265.   The allegations set forth in paragraph 265 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 265 of the Complaint are determined to be factual, said allegations are denied.

266.   The allegations set forth in paragraph 266 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 266 of the Complaint are determined to be factual, said allegations are denied.

267.   The allegations set forth in paragraph 267 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 267 of the Complaint are determined to be factual, said allegations are denied.

268.   The allegations set forth in paragraph 268 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 268 of the Complaint are determined to be factual, said allegations are denied.

269.   The allegations set forth in paragraph 269 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 269 of the Complaint are determined to be factual, said allegations are denied.

**CLAIM XVI**
**C.R.S. 13-21-131**
**Equal Protection – Selective Enforcement**
**(All Plaintiffs against all Defendants)**

270.    These Defendants restate their responses to paragraphs 1 to 269 of the Complaint as though fully set forth herein.

271.    The allegations set forth in paragraph 271 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 271 of the Complaint are deemed to be factual, said allegations are denied.

272.    The allegations set forth in paragraph 272 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 272 of the Complaint are determined to be factual, said allegations are denied.

273.    The allegations set forth in paragraph 273 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 273 of the Complaint are determined to be factual, said allegations are denied.

274.    The allegations set forth in paragraph 274 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 274 of the Complaint are determined to be factual, said allegations are denied.

275.   The allegations set forth in paragraph 275 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 275 of the Complaint are determined to be factual, said allegations are denied.

276.   The allegations set forth in paragraph 276 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 276 of the Complaint are determined to be factual, said allegations are denied.

277.   The allegations set forth in paragraph 277 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 277 of the Complaint are determined to be factual, said allegations are denied.

## CLAIM XVII
### 42 U.S.C. § 1985(3)
### Conspiracy to obstruct justice based on invidious discrimination
### (All Plaintiffs against all Defendants)

278.   These Defendants restate their responses to paragraphs 1 to 277 of the Complaint, as though fully set forth herein.

279.   The allegations set forth in paragraph 279 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 279 of the Complaint are deemed to be factual, said allegations are denied.

280.   The allegations set forth in paragraph 280 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 280 of the Complaint are determined to be factual, said allegations are denied.

281.   The allegations set forth in paragraph 281 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 281 of the Complaint are determined to be factual, said allegations are denied.

282.   The allegations set forth in paragraph 282 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 282 of the Complaint are determined to be factual, said allegations are denied.

283.   The allegations set forth in paragraph 283 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 283 of the Complaint are determined to be factual, said allegations are denied.

284.   The allegations set forth in paragraph 284 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 284 of the Complaint are determined to be factual, said allegations are denied.

285.   The allegations set forth in paragraph 285 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 285 of the Complaint are determined to be factual, said allegations are denied.

286.    The allegations set forth in paragraph 286 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 286 of the Complaint are determined to be factual, said allegations are denied.

287.    The allegations set forth in paragraph 287 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 287 of the Complaint are determined to be factual, said allegations are denied.

288.    The allegations set forth in paragraph 288 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 288 of the Complaint are determined to be factual, said allegations are denied.

## CLAIM XVIII
### 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights
### (All Plaintiffs against all Defendants)

289.    These Defendants restate their responses to paragraphs 1 to 288 of the Complaint, as though fully set forth herein.

290.    The allegations set forth in paragraph 290 of the Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 290 of the Complaint are deemed to be factual, said allegations are denied.

291.    The allegations set forth in paragraph 291 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which

no response is required.  To the extent the allegations set forth in paragraph 291 of the Complaint are determined to be factual, said allegations are denied.

292.    The allegations set forth in paragraph 292 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 292 of the Complaint are determined to be factual, said allegations are denied.

293.    The allegations set forth in paragraph 293 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 293 of the Complaint are determined to be factual, said allegations are denied.

294.    The allegations set forth in paragraph 294 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 294 of the Complaint are determined to be factual, said allegations are denied.

295.    The allegations set forth in paragraph 295 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 295 of the Complaint are determined to be factual, said allegations are denied.

296.    The allegations set forth in paragraph 296 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 296 of the Complaint are determined to be factual, said allegations are denied.

297.    The allegations set forth in paragraph 297 of the Complaint are conclusory and argumentative, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 297 of the Complaint are determined to be factual, said allegations are denied.

## **GENERAL DENIAL**

298.    These Defendants deny each and every allegation set forth in the Complaint, not specifically admitted herein.

299.    These Defendants deny each and every allegations after the word "WHEREFORE", if any, set forth on page 34 of the Complaint.

300.    These Defendants deny Plaintiffs are entitled to any relief whatsoever.

## **DEMAND FOR JURY TRIAL**

These Defendants demand a trial by jury of all clams in this matter.

## **Affirmative Defenses**

1.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiffs failed to mitigate their damages, if any.

3.    Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action omission of or by these Defendants, nor proximately caused by or related to any act or omission of these Defendants.

4.    All or part of Plaintiffs' claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.  In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting these Defendants.

5.      At all times pertinent herein, these Defendants acted in accordance with all common law, statutory and constitutional obligations, and without any intent to cause Plaintiffs harm.  These Defendants also lacked the requisite intent to establish any claim against them in this matter.  The claims of the Plaintiffs also fail to establish any basis for concluding that these Defendants acted with deliberate indifference or in a willful and wanton manner.

6.      Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by her own acts or omissions, either in combination with one another or independent of one another.

7.      Plaintiffs' injuries and damages, if any, were proximately caused, in whole or part, by the acts or omissions of third parties over whom these Defendants possessed no ability to control or right to control.

8.      These Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter.

9.      At all times pertinent herein, these Defendants acted in accordance with all legal obligations.

10.     Plaintiff cannot satisfy all or some of the perquisites to a grant of injunctive or declaratory relief in this matter.  Any request for injunctive or declaratory relief is moot.

11.     Defendants are not liable for any punitive damages pursuant to state or federal law and no Defendant could become liable for any such damages.

12.     Defendants are entitled to qualified immunity.

13.     These Defendants reserve their right to assert other or additional defenses and affirmative defenses as may become known in the course of these proceedings.

WHEREFORE, after answering all the allegations in Plaintiffs' Complaint which require a response, Brian Mallory and Jared Robertson request the Court enter an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys' fees, and ordering such other relief as the Court deems just.

Respectfully submitted this 12th day of December 2022.

s/ Mark S. Ratner
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**Attorneys for Defendants Brian Mallory,**
**Ethan VanSickle, Jared Robertson,**
**Joe Schilz, Jason Haferman and**
**Christopher Young**

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I hereby certify that on the 12th day of December 2022, a true and correct copy of the foregoing **DEFENDANTS BRIAN MALLORY AND JARED ROBERTSON'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL (ECF 20)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

*s/ Sarah Stefanick*