## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
    Defendants.

---

### DEFENDANTS, ETHAN VANSICKLE, JOE SCHILZ, JASON HAFERMAN, AND CHRISTOPHER YOUNG'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Defendants, Ethan VanSickle, Joe Schilz, Jason Haferman, and Christopher Young (collectively, "Fort Collins Defendants"), by and through their undersigned counsel, Hall & Evans, LLC, and pursuant to Fed.R.Civ.P. 12(b)(6), respectfully submit this Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 20] ("Complaint"), stating in support as follows:

### SKC CIV. PRAC. STD. F(1) CONFERRAL:

Conferral on the Fort Collins Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, was an attempted continuation from the previously filed Motion [*See* ECF 18]. In particular, Counsel for the Fort Collins Defendants attempted to confer with Counsel for Plaintiffs regarding the relief sought in the initial Motion, beginning November

3, 2022. The Fort Collins Defendants asked Plaintiffs to consider filing an amended complaint which, at the very least, indicated who did what to whom.  Plaintiffs did not timely respond to the Fort Collins Defendants' conferral attempts, so a Motion to Dismiss the initial Complaint was filed.

Counsel for the Fort Collins Defendants again attempted to discuss the deficiencies in the First Amended Complaint on December 11, 2022, or in the alternative a request for an extension of time to allow the parties time to discuss.  Plaintiffs' Counsel's office responded and indicated Counsel was out of the County, but would respond upon his return.

Given the filing of the First Amended Complaint it is believed Plaintiffs object to the requested relief.

## I.    <u>INTRODUCTION</u>

This matter arises out of the arrest of the three Plaintiffs on August 8, 2020, during protests which took place in the City of Fort Collins, Colorado.  The Plaintiffs attempt to set forth eighteen claims for relief under both federal and state law theories, including claims brought pursuant to 42 U.S.C. § 1983, and C.R.S. § 13-21-131.  These claims include excessive force, malicious prosecution, false arrest, violation of the First Amendment, free speech-retaliation, violation of the Equal Protection Clause, and conspiracy.

Plaintiffs filed their initial Complaint and the Defendants responded by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on behalf of Officers VanSickle, Schilz, Young, and former Fort Collins Police Officer, Jason Haferman ("Officer

Haferman")[1].  Plaintiffs now attempt, for the second time, to properly set forth claims against these Defendants.  Despite the additional opportunity to provide a specific factual basis to support their claims, however, the Plaintiffs still offer nothing other than conclusory and improper allegations which fail to satisfy minimal federal pleading standards[2].

Officers VanSickle, Schilz, Young and Haferman seek dismissal, with prejudice, of Counts 3 to 4, and 7 to 18, pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   **STANDARD**

To state a claim for relief, a federal complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  At the pleading stage, it is not the defendant's or the court's responsibility to guess at plaintiff's claims.  *Conley*, 355 U.S. 41, 47 (1957).  A § 1983 complaint must, under Rule 12, "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Thus, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated

---

[1] The City of Fort Collins was also part of the Motion to Dismiss, but is not named in the Amended Complaint.

[2] Plaintiffs also bring claims against Fort Collins Police Officers  Brian Mallory, Daniel Netzel, and Jared Robertson. Answers on behalf of Mallory and Robertson have been filed.   No response is provided on behalf of Officer Netzel, as he has not been served.

contention 'defendants' infringed his rights." ***Pahls v. Thomas***, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify specific actions taken by particular defendants in order to make out a viable § 1983" claim. ***Id.*** The mere metaphysical possibility some plaintiff could prove some set of facts for the claims is insufficient; the complaint must give reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims. ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007). All well-pleaded factual allegations are viewed favorably to plaintiff. ***Brown v. Montoya***, 662 F.3d 1152, 1162 (10th Cir. 2011). All conclusory statements of law are set aside. ***Kan. Penn Gaming, LLC v. Collins***, 656 F.3d 1210, 1214 (10th Cir. 2011).  Rule 8, as interpreted by the Supreme Court, forbids "labels and conclusions or a formulaic recitation of the elements of a cause of action." ***Khalik v. United Air Lines***, 671 F.3d 1188, 1191 (10th Cir. 2012).

**III.    ARGUMENT**

**A.  Plaintiffs' Complaint Never Satisfies Federal Pleading Standards.**

A court may not "assume that a plaintiff can prove facts that the plaintiff has not alleged or that the defendants have violated the laws in ways that the plaintiff has not alleged.  Although the plaintiffs' pleadings are to be liberally construed, mere conclusory allegations without supporting factual averments will not suffice." ***Baumeister v. N.M. Comm'n for the Blind***, 425 F. Supp. 2d 1250, 1257 (D. N.M. 2006); ***Kan. Penn Gaming, LLC***, 656 F.3d at 1214.  Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right the defendant violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007); ***Robbins***, 519 F.3d at 1250.  It is not sufficient to refer collectively to a

4

group of defendants, without specifying the individual activities of each.  ***Robbins***, 519 F.3d at 1250 ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.")  ***Robbins***, 519 F. 3d at 1250.

The Complaint contains thirty-five pages and two-hundred ninety seven paragraphs of allegations, against seven different Defendants, levied by three separate Plaintiffs. Yet, even after amending their complaint, the additional allegations are nothing more than conclusory statements respecting Defendants' participation in conduct, which might be construed as a violation of Plaintiffs' Constitutional rights.

### 1. Plaintiffs Kruger and Townley Fail To Properly Allege Claims of Malicious Prosecution.

#### A. Plaintiff Kruger Fails To Properly Allege Claims Of Malicious Prosecution Against Officers Schilz, VanSickle, and Haferman.

In Counts 3 and 4 of the Complaint, Plaintiff Anna Kruger attempts claims for malicious prosecution pursuant to 42 U.S.C. § 1983 and C.R.S. § 13-21-131 [ECF 20, at ¶¶ 153-158 and 159-164, respectively].  The claims are levied against Officers Schilz, VanSickle, and Haferman, as well as other Defendants which are not part of this Motion.

To maintain a claim for malicious prosecution, a Plaintiff must properly allege the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." ***Sanchez v.***

*Hartley*, 810 F.3d 750, 754 nt. 1 (10th Cir. 2016) citing *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Here, the Complaint fails to describe any specific action taken by any of these Defendants, which might possibly be in violation of Plaintiffs' constitutional rights.  For example, with respect to Officers Schilz and VanSickle, the only allegation relied on by Plaintiff Kruger is a conclusory statement the Officers relayed that "Kruger had been engaged in fighting when they had no probable cause or knowledge to believe this" [ECF 20, at ¶ 114].  No other allegations with respect to malicious prosecution against these Defendants exists which might address the necessary elements of a claim.

The allegations against Officer Haferman fare no better.  Plaintiff Kruger alleges Haferman "prepared" the criminal offenses of disorderly conduct and resisting arrest against Kruger [ECF 20, at ¶ 108], "affirmed under oath that 'Anna Kruger was observed by multiple officers fighting in public'" and resisted arrest [ECF 20, at ¶ 109].  Plaintiff Kruger supports these allegations by the conclusory statement, "Haferman lied about the circumstances of Ms. Kruger's arrest to support criminal charges." [ECF 20, at ¶110].  No specific allegations are provided which might uphold the conclusory assertion Officer Haferman "lied about the circumstances" of Ms. Kruger's arrest.  Kruger's malicious prosecution claims against Schilz, VanSickle, and Haferman, should, therefore, be dismissed.

### B. Plaintiff Townley Fails To Properly Allege Claims Of Malicious Prosecution Against Officers Young, Schilz, and VanSickle.

In Counts 7 and 8 of the Complaint, Plaintiff Michael Townley attempts claims for malicious prosecution pursuant to 42 U.S.C. § 1983 and C.R.S. § 13-21-131 [ECF 20, at

¶¶ 177-182 and 183-188, respectively]. As with Plaintiff Kruger's claims, Plaintiff Townley offers no proper allegations in support.

With respect to Officer Young, Plaintiff Townley alleges Young "prepared charges against Mx. Townley for the criminal offense of disorderly conduct without basis" [ECF 20, at ¶ 103], that Young "affirmed under oath that Mx. Townley 'was observed by officers engaging in a physical fight with other protestors" [ECF 20, at ¶ 104], and Young "lied in his sworn statement about the circumstances of Mx. Townley's arrest…" [ECF 20, at ¶ 107 and 110]. All of these statements are conclusory and improper.

Plaintiff Townley also fails to overcome his burden with respect to establishing a lack of probable cause, by making "a substantial showing of deliberate falsehood or reckless disregard for truth by the officer seeking the warrant." *Metzler v. City of Colo. Springs*, 841 Fed. Appx. 94, 98 (10th Cir. 2021), citing *Stonecipher v. Valles*, 759 F.3d 1134, 1142 (10th Cir., 2014). "Proof of 'reckless disregard in the presentation of information to a . . . judge [requires] evidence that the officer in fact entertained serious doubts as to the truth of [her] allegations.'" *Metzler*, 841 Fed. Appx. 98, citing *Stonecipher*, 759 F.3d at 1142. Plaintiff Townley, however, simply alleges "Defendants had no probable cause to arrest Mx. Townley," and "The police were simply looking to use the force of the state to punish those who called for an end to police brutality." [ECF 20, at ¶ 83]. Such conclusory statements are insufficient to maintain a claim against Officer Young.

Plaintiff Townley offers no support for the conclusory assumptions the Officer Young lied with respect to his sworn statement, or support for any of the other elements

such as Officer Young acted with malice.   "(M)alice, in the context of malicious prosecution, requires evidence of intent, not mere negligence."   ***Chavez-Torres v. City of Greeley***, 660 F. App'x 627, 629 (10th Cir. 2016), (referring to ***Novitsky v. City of Aurora***, 491 F.3d 1244, 1258-59 (10th Cir. 2007)) (ruling evidence of misstatement in arrest report was insufficient evidence of malice when plaintiff failed to show misstatement was intentional rather than negligent or inadvertent), and ***Fletcher v. Burkhalter***, 605 F.3d 1091, 1095 (10th Cir. 2010) (stating malice in § 1983 malicious prosecution claims "requires intentional or reckless disregard of the truth").

In regard to Officers Schilz and VanSickle, and as argued above, Plaintiff Townley offers only conclusory statements pertaining to a nebulous statement with respect to Townley's involvement in a fight.  [ECF 20, at ¶ 104].  These allegations are also improper, given Plaintiffs' efforts to lump all of the Defendants together.  *See **Robbins***, 519 F.3d at 1250 ("Given the complaint's use of … the collective term 'Defendants' … with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *See also **Brown v. Montoya***, 662 F.3d 1152, 1162 (10th Cir. 2011) (plaintiff must identify specific acts a specific defendant took which form the basis of a constitutional violation, and not lump numerous defendants into a single claim or use the collective "Defendants" without isolating allegedly unconstitutional acts); cf. ***Gray v. Univ. of Colo. Hosp. Auth.***, 672 F.3d 909, 921 n.9 (10th Cir. 2012) (defendants lacked notice because the claim used the collective "Defendants").  Plaintiffs' First Amended Complaint is riddled with collective refences to the Fort Collins Defendants as merely "Defendants", "the police officers", "the police", and "FCPD officers". [*See* ECF 20, ¶¶ 28, 29, 31,32, 29,

31-32, 35, 37- 40, 50-52, 56-57,63-64, 75-76, 78, 83, 88; 106 ], without any factual evidence to support this collective approach. Such allegations fail to identify specific actions by any named Defendants. Moreover, Plaintiffs' reference to "the police officers", "the police", and "FCPD officers" makes it impossible to determine whether Plaintiffs are making allegations regarding named Defendants in the present lawsuit, or general allegations against police officers employed by Fort Collins Police Services. [*See* generally ECF 20].

Plaintiffs do not sufficiently allege how each Fort Collins Defendant personally participated in the actions which allegedly violated their Constitutional rights. Specifically, Plaintiff Kruger fails to allege how all Defendants were personally involved in the arrest or "failure to intervene to prevent the other Defendants from violating" Plaintiffs' constitutional rights." [*See* ECF 20, ¶¶ 127, 143]. Similarly, the remainder of Plaintiffs' claims similarly fail to provide sufficient allegations of the personal participation by the Fort Collins Defendants relating to their false arrest, malicious prosecution, and violation of their free speech and assembly, retaliation and equal protection claims. Plaintiffs merely include conclusory statement which simply recite the elements of each claim. As such, Plaintiffs' allegations are wholly insufficient to state a claim for relief. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), and therefore any claims against them should be dismissed.

### 2. Plaintiffs Fail To Properly Allege Claims of False Arrest.

#### A. Plaintiff Townley Fails To Properly Allege Claims Of False Arrest Against Officers Schilz and VanSickle.

In Counts 9 and 10 of the Complaint, Plaintiff Michael Townley attempts claims for false arrest pursuant to 42 U.S.C. § 1983 and C.R.S. § 13-21-131 [ECF 20, at ¶¶ 189-193 and 194-198, respectively].  Here, Plaintiffs approach seems to be an attack on the purported lack of probable cause, as well as the arresting Officer's arrest affidavit.

"A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause.  *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002), citing *Tenn. v. Garner*, 471 U.S. 1, 7, (1985).  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir., 1995) (citing *Jones v. City & County of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988)).

With respect to a claim of wrongful or false arrest arising out of a purportedly deficient arrest affidavit, a plaintiff must show the facts relied on by the officer were knowingly false, misleading, or omitted.  "The burden is on the plaintiff to make a substantial showing of *deliberate falsehood* or *reckless disregard for truth* by the officer seeking the warrant."   *Metzler*, 841 Fed. Appx. at 98 (emphasis added), citing *Stonecipher*, 759 F.3d at 1142. "Proof of 'reckless disregard in the presentation of information to a . . . judge [requires] evidence that the officer *in fact entertained serious doubts as to the truth of [her] allegations.*'"   *Metzler*, 841 Fed. Appx. at 98 (emphasis added), citing *Stonecipher*, 759 F.3d at 1142.  "The failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for

the truth. To the contrary, it is generally considered to betoken negligence at most." *Metzler*, 841 Fed. Appx. at 98, citing *Stonecipher*, 759 F.3d at 1142. "A reviewing judge may infer recklessness from circumstances evincing obvious reasons to doubt the veracity of the allegations . . . ; [b]ut this is not a mandatory or automatic inference." *Metzler*, 841 Fed. Appx. at 98, citing *Kapinski v. City of Albuquerque*, 964 F.3d 900, 908 (10th Cir. 2020).

With respect to Officers Schilz and VanSickle, the same arguments set forth above as to Plaintiffs' failure to properly allege claims for malicious prosecution, apply to the claims of false arrest.    In particular, Plaintiff Townley fails to allege in anything other than in a conclusory fashion, that the officer knowingly made a false or misleading statement.  In addition, Plaintiffs merely offer the conclusory assertion the arrest lacked probable cause.   Plaintiff Townley, therefore, fails to sustain his burden of showing a "*deliberate falsehood* or *reckless disregard for truth." Metzler*, 841 Fed. Appx. at 98 (emphasis added), citing *Stonecipher*, 759 F.3d at 1142, or specific facts the arresting Officer would not have believed Townley committed an offense.  Townley's claims for false arrest against Schilz and VanSickle should be dismissed.

### 3. Plaintiffs Fail To Properly Allege Claims of Violation of Free Speech and Assembly

In Counts 11 and 12 of the Complaint, Plaintiffs attempt claims for a violation of their rights pursuant to the First Amendment, delineated as "Freedom of Speech and Assembly."  [ECF 20, at ¶¶ 199-213 and 214-227, respectively].  The claims are levied against Officers Schilz, VanSickle, Haferman, and Young, as well as other Defendants which are not part of this Motion.

"The First Amendment, applicable to the States through the Fourteenth Amendment, commands that Congress shall make no law abridging the freedom of speech or freedom of assembly." ***Reed v. Town of Gilbert***, 576 U.S. 155, 162 (2015)). "Under that Clause, a government, including a municipal government vested with state authority, 'has no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" ***Reed***, 576 U.S. at 163 (2015), citing ***Police Dep't of Chicago v. Mosley***, 408 U. S. 92, 95 (1972).  "To establish a First Amendment freedom of speech or freedom of assembly violation against the government, the plaintiff must prove that government action prohibited the plaintiff from speaking or assembling." *See Reed*, 576, U.S. at 163-64.

Here, Plaintiffs provide no proper allegations respecting any law or enforcement of any law infringing on their ability to engage in their exercise of their First Amendment rights.  As argued above, the involvement of the Fort Collins Defendants is based on nothing more than conclusory assertions and speculation.

Moreover, the Court may "'discern no distinction' between the [Plaintiffs'] First Amendment retaliation claim and [their] claim alleging a direct denial of First Amendment Rights" which supports a dismissal of such claims. *See **Sodaro v. City & Cnty. of Denver***, U.S. Dist. LEXIS 170904, *19-20 (D. Colo. September 21, 2022)(citing ***Valdez v. New Mexico***, 109 F. App'x 257, 263 n.4 (10th Cir. 2004). Plaintiff's allegations which form the basis of Counts 11 and 12, also form the basis of Plaintiff's retaliation claims brought pursuant to 42 U.S.C. § 1983 and C.R.S. § 13-21-131, Counts 13 and 14. Thus, Plaintiffs bring duplicative claims and it is appropriate for this Court to dismiss Counts 11

and 12 "considering that all of the Officers' actions occurred in response to the activities that Plaintiff[s] contend[] were constitutionally protected." See *Sodaro*, U.S. Dist. LEXIS 170904 at19.

### 4.  Plaintiffs Fail To Properly Allege Claims of Retaliation.

In Counts 13 and 14 of the Complaint, Plaintiffs attempt claims for violation of free speech and assembly pursuant to 42 U.S.C. § 1983 and C.R.S. § 13-21-131 [ECF 20, at ¶¶ 228-244 and 245-260, respectively].

To establish a § 1983 claim of retaliation for the exercise of free speech, a plaintiff much establish: "(1) the plaintiff was engaged in activity protected by the First Amendment; (2) the defendant's actions caused the plaintiff to suffer an injury that would reasonably have a chilling effect on the exercise of protected activity by a person of ordinary firmness; and (3) the defendant's action was 'substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'" *Boateng v. Metz*, 410 F. Supp. 3d 1180, 1188 (D. Colo. 2-19) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)); *See also Nieves v. Bartlett*, 139 S. Ct. 1715, 1718 (2019) (Defendant officers summary judgment was affirmed by the Supreme Court regarding plaintiff's allegations his arrest was in retaliation for his protected speech under the First Amendment). Moreover, it is "not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." *Nieves*, 139 S. Ct., at1722; see *also Hartman v. Moore*, 547 U.S. 250, 260 (2006) (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a

constitutional tort if that action would have been taken anyway"). The United States Supreme Court adopted the requirement that plaintiffs asserting retaliatory arrest claims must allege and prove an absence of probable cause for the underlying criminal charge. *See* ***Nieves***, 139 S. Ct., at 1725.

Plaintiffs have presented nothing other than conclusory assertions that Officers VanSickel, Schilz, Haferman, and/or Young were substantially motivated to retaliate against Plaintiffs as a response to their exercise of constitutionally protected conduct. As set forth above, Plaintiffs include conclusory statements that Fort Collins Defendants did not have probable cause for each of their arrests, with no factual support to substantiate this conclusion. Such conclusory statements include, "For each of these five Defendants, Mr. DeLeon was the opposition and they intended to punish him for his speech and viewpoint", "FCPD officers were seeking to punish only those who called out police brutality", and "The police were simply looking to use the force of the state to punish those who called for an end to police brutality." [ECF 20, ¶¶ 50, 56, 83]. Plaintiffs allegations are wholly insufficient to state a claim for relief. See, e.g., ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544 (2007); ***Ashcroft v. Iqbal***, 556 U.S. 662, 677-78 (2009), and therefore any claims against them should be dismissed.

### 5.  Plaintiffs Fail To Properly Allege Claims of Due Process.

In Counts 15 and 16 of the Complaint, Plaintiffs attempt claims for selective enforcement pursuant to the Due Process Clause, 42 U.S.C. § 1983 [ECF 20, at ¶¶ 261-269 and ¶¶ 270-277]. The Equal Protection Clause prohibits selective enforcement. ***Whren v. United States***, 517 U.S. 806, 813 (1996). A selective enforcement claim

requires establishing: (1) different treatment from others similarly situated; and (2) the differing treatment was based on clearly impermissible or invidious grounds "such as race, religion, or the desire to prevent the exercise of constitutional rights." ***United States v. Salazar***, 720 F.2d 1482, 1487 (10th Cir. 1983). The standard for proving a violation of Equal Protection based on selective enforcement is a "demanding" one. *See **United States v. Armstrong***, 517 U.S. 456, 463 (1996).  "To establish a claim of selective law enforcement, '[t]he plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose.'"  ***Haskett v. Flanders***, 2014 U.S. Dist. LEXIS 179691, at *16 (D. Colo. Dec. 12, 2014), citing ***Marshall v. Columbia Lea Reg'l Hosp***, 345 F.3d, 1157, 1168 (10th Cir. 2003).  "[T]he discriminatory purpose element requires a showing that discriminatory intent was a 'motivating factor in the decision' to enforce the criminal law against the [plaintiff]." ***Haskett***, 2014 U.S. Dist., LEXIS 179691, at *16, citing ***United States v. Alcaraz— Arellano***, 441 F.3d 1252, 1264 (10th Cir. 2006), citing ***Marshall***, 345 F.3d at 1168.

"Those seeking to establish an equal protection claim based on selective law enforcement face a high burden: they must dispel the *presumption* that a law enforcement official has not violated the Equal Protection Clause with 'clear evidence to the contrary.'" ***Haskett*** 2014 U.S. Dist. LEXIS 179691, at *16-17 (emphasis added), citing ***United States v. Hernandez—Chaparro***, 357 F. App'x 165, 166 (10th Cir. 2009) (citing ***United States v. Armstrong***, 517 U.S. 456, 465 (1996)).

Police possess broad discretion in determining when to make an arrest.  ***Alcaraz— Arellano***, 441 F.3d at 1264. "Judicial interference with law-enforcement discretion might

'induce police officers to protect themselves against false accusations in ways that are counterproductive to fair and effective enforcement of the laws,' such as by directing law enforcement resources away from minority neighborhoods.'" *Haskett*, 2014 U.S. Dist. LEXIS 179691, at *17 citing *Alcaraz-Arellanco*, *supra*. "Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Haskett*, 2014 U.S. Dist. LEXIS 179691, at *17, citing *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

First, it is unclear from the Complaint what invidious grounds Plaintiffs claim the selective enforcement was based on. A small and conclusory portion of the Complaint attempts to allege a claim for conspiracy based on "racial animus," [ECF 20, at ¶ 283], as well as an accusation the Defendants targeted "individuals of color." [ECF 20, at ¶ 284]. But, no identification with respect to the race of the Plaintiffs, or any of the other protestors, are identified in the Complaint which might support any such claims.

Plaintiffs also attempt claims for violation of their First Amendment rights, [ECF 20, at ¶ ¶ 199-269], but fail to identify whether these rights are the "invidious grounds" for which they believe the law was selectively enforced. This failure alone supports dismissal of Counts 15 and 16, as Plaintiff failed to comply with federal pleading standards. *Twombly, supra*.

Either way, however, there is nothing other than conclusory allegations about discriminatory conduct, which still fail to overcome the presumption the Officers did not violate Plaintiffs' Due Process rights, or establish by clear evidence that any actions by the Officers had a discriminatory effect which were motivated by a discriminatory purpose.

*Haskett,* 2014 U.S. Dist. LEXIS 179691, at *16 and *Marshall*, 345 F.3d, 1157, 1168 (10th Cir. 2003).  Any claims for a violation of Due Process should be dismissed.

### 6.  Plaintiffs' Conspiracy Claims Against The Fort Collins Defendants Are Insufficient.

Counts 17 and 18 of the Complaint, attempt to allege claims for "Conspiracy to Obstruct Justice Based on Invidious Discrimination," pursuant to 42 U.S.C. § 1985(3) [ECF 20, at ¶¶ 278-288] and Conspiracy to Deprive Constitutional Rights, pursuant to 42 U.S.C. § 1983 [ECF 20, at ¶¶ 289-297].  In addition to the specific pleading requirements pursuant to Rule 8(a), Plaintiffs must also satisfy a heightened pleading requirement with respect to any claim for conspiracy.  "In *Dixon v. City of Lawton*, we explained many differences exist between § 1983 and § 1985 for the purpose of alleging an actionable conspiracy."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) (referring to *Dixon*, 898 F.2d 1443, 1447, 1449 & n.6 (10th Cir. 1990)).  "However, despite these and other differences in pleading actions under § 1983 and § 1985, we have generally held a federal conspiracy action brought under either of these statutes requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective."  *Brooks*, 614 F.3d at 1227-28 (10th Cir. 2010) (referring to *Salehpoor v. Shahinpoor*, 358 F.3d 782, 785, 789 (10th Cir. 2004) (regarding § 1985 action)); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1229, 1231 (10th Cir. 1990) (regarding § 1985 action)).  "'(A) plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants' because '[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'"  *Brooks*, 614 F.3d at 1228, (citing *Tonkovich v. Kan. Bd. of*

*Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)).

Furthermore, mere parallel conduct, without more, does not suggest conspiracy and conclusory allegations of agreement do not give enough facts to show illegality. *See Twombly*, 550 U.S. at 556-57 & 565 n.10; *Tonkovich*, 159 F.3d at 533.  An allegation of parallel action — or inaction — does not necessarily indicate agreement to act in concert. *Brooks* 614 F.3d at 1228. For the complaint to survive, it must allege facts plausibly stating a conspiracy. Allegations of parallel conduct absent a specific context implying meeting of minds is not enough. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). "'[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants' because 'conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" *Thompson v. Platt*, 815 F. App'x 227, 240 (10th Cir. 2020) (quoting *Brooks*, 614 F.3d at 1228).

Here, Plaintiffs have not alleged a concrete factual context plausibly establishing action in concert, a meeting of the minds, an agreement among Fort Collins Defendants, or a conspiratorial objective. They have not alleged facts showing any Fort Collins Defendant acted in concert with each other or any of the other defendants.  They have not even alleged facts showing when or how any of the Fort Collins Defendants communicated with one another, and their conclusory allegations that they, "reached an agreement among themselves to deprive Plaintiffs of their constitutional rights and equal protection of the laws", and "the proto-insurrectionists were their allies" and "consistent with their plan to allow political violence" [*See* ECF 20, ¶ 42, 53, 55, 56, 59, 65, 67, 282], are insufficient to state a claim. *See Thompson*, 815 F. App'x at 240 (conclusory

allegations of conspiracy identified no specific agreement to work together to achieve an unlawful objective); *see also **Abercrombie v. City of Catoosa***, 896 F.2d 1228, 1230-31 (10th Cir. 1990) ("Without any evidence of communication between Dirck and Conley, there is nothing to give rise to the inference that they conspired."); ***Selhime v. Carlson***, 2013 U.S. Dist. LEXIS 185297, at *14 (D. Colo. Nov. 12, 2013) (no conspiracy claim where plaintiff failed to allege "any specific communication or command from which a conspiracy among the Defendants could be inferred"); ***Jemaneh v. Univ. of Wyo***., 2013 U.S. Dist. LEXIS 187472, at *25 (D. Colo. Oct. 28, 2013) (dismissing conspiracy claim absent "specific, non-conclusory factual allegations showing agreement and concerted action among defendants").

For these reasons, Plaintiffs have not alleged sufficient allegations respecting any conspiracy exists, and Plaintiff fail to meet their burdens with respect to both initial and the heightened federal pleading standards.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Defendants Ethan VanSickle, Joe Schilz, Jason Haferman, and Christopher Young request this Court enter an Order dismissing all claims against them, with prejudice, and granting all other and further relief deemed just and proper.

Respectfully submitted this 12th day of December 2022.

<u>s/ *Mark S. Ratner*          </u>
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368

ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**Attorneys for Defendants Brian Mallory,
Ethan VanSickle, Jared Robertson,
Joe Schilz, Jason Haferman and
Christopher Young**

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on the 12th day of December 2022, a true and correct copy of the foregoing **DEFENDANTS, ETHAN VANSICKLE, JOE SCHILZ, JASON HAFERMAN, AND CHRISTOPHER YOUNG'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

*s/ Sarah Stefanick*