# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

*Civil Action No. 22-cv-01983-SKC*

MICHAEL PIPER TOWNLEY,
ANNA KRUGER, and
JOSHUA DELEON,

    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity,
ETHAN VANSICKLE, in his individual capacity,
DANIEL NETZEL, in his individual capacity,
JARED ROBERTSON, in his individual capacity,
JOE SCHILZ, in his individual capacity,
JASON HAFERMAN, in his individual capacity, and
CHRISTOPHER YOUNG, in his individual capacity,

    Defendants.

## DEFENDANT HAFERMAN'S REPLY IN SUPPORT OF
## MOTION TO DISMISS (ECF 22)
## PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF 20)

Defendant Jason Haferman, in his individual capacity, by and through counsel of record, Jonathan M. Abramson, Esq. and Yulia Nikolaevskaya, Esq., of Kissinger & Fellman, P.C., hereby files his Reply in Support of Motion to Dismiss (ECF 22) Plaintiffs' First Amended Complaint (ECF 20) ("Reply") as follows.

**INTRODUCTION**

Plaintiffs' Second Amended Complaint ("SAC") failed to state a constitutional claim against Defendant Haferman ("Haferman").[1] Not only does the SAC fail to allege a viable Malicious

---

[1] The SAC contains federal and state law claims against Haferman. The state law claims against Haferman are alleged pursuant to C.R.S. §13-21-131. C.R.S. §13-21-131 was enacted in June of 2020 pursuant to ELEIA. Interpretation of

Prosecution violation, but it also fails to allege a viable (i) Free Speech and Assembly violation (Counts 11 and 12); (ii) Retaliation violation (Counts 13 and 14); (iii) Due Process violation (Counts 15 and 16); and (iv) Conspiracy violation (Counts 17 and 18). Simply put, Plaintiffs' allegations against Haferman are conclusory and fail to allege Haferman's personal participation in anything related to Plaintiffs' alleged constitutional violations.

**RELEVANT FACTUAL ALLEGATIONS AGAINST DEFENDANT HAFERMAN**

Plaintiffs' direct, relevant and non-conclusory allegations against Haferman can easily be summarized in a few sentences. At the time of this incident, Haferman was a police officer for the Fort Collins Police Department. SAC, ¶9. After Plaintiff Krueger was arrested by Defendants Robertson and Netzel, Haferman prepared charges against Plaintiff Krueger for the criminal offenses of disorderly conduct and resisting arrest. SAC, ¶¶99, 108. Haferman affirmed under oath that "Anna Krueger was observed by multiple officers fighting in public. Krueger resisted arrest when she was contacted by police." SAC, ¶109. Haferman was told by either Defendant Mallory, Robertson, Schilz, or Netzel that Plaintiff Krueger had been engaged in fighting. SAC, ¶114.

**PLAINTIFFS FAILED TO ALLEGE A VIABLE MALICIOUS PROSECUTION CLAIM AGAINST HAFERMAN**

As this Court is aware, to allege a viable Malicious Prosecution claim against Haferman, Plaintiffs **must** allege five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no

---

this statute is an issue of first impression for the Courts. Arguably, it could be assumed that C.R.S. §13-21-131 is partially modeled after a federal statute, 42 U.S.C. Section 1983. Therefore, federal case law may be instructive in interpreting state law when the state law is modeled after a federal law. *Campaign Integrity Watchdog v. Colo. Republican Comm.*, 2017 COA 126, ¶ 25 (Colo. 2017). When reviewing state law claims against Haferman, Haferman contends that this Court may rely on federal case law in its review of the state claims alleged pursuant to C.R.S. §13-21-131.

probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Sanchez v. Hartley*, 810 F.3d 750, 754 nt. 1 (10th Cir. 2016) (citation omitted). "A malicious-prosecution claim is not cognizable until after all elements are satisfied." *Margheim v. Buljko*, 855 F.3d 1077, 1085-1086 (10th Cir. 2017) (citation omitted). Plaintiffs' SAC failed to allege three elements necessary to state a viable Malicious Prosecution claim, entitling Haferman to Qualified Immunity as a matter of law.[2]

As to elements one and three, causing Plaintiffs' continued confinement or prosecution and not having probable cause for arrest, it is clear from the SAC that Haferman did not arrest Plaintiff Krueger, but Defendants Robertson and Mallory did. SAC, ¶¶97, 114. The SAC does not allege that Haferman was outside during the protests and observed Plaintiff Krueger at any time during the fighting incident between various members of the public. Haferman relied upon information he obtained from other Defendants and filled out the required paperwork to process Plaintiff Krueger. Legally, Haferman is allowed to rely on information of other officers as to probable cause for the arrest of, and to process, Plaintiff Krueger.

Under the fellow officer rule, officers participating in a common investigation may "pool their collective knowledge in establishing probable cause." *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 881 (10th Cir. 2014). "Vertical collective knowledge exists if one officer *actually has* probable cause and instructs another officer to act without communicating the information he

---

[2] In addition, Plaintiffs' SAC failed to allege that Plaintiff Krueger was detained <u>after the institution of legal process</u>. An alleged "groundless charging decision may abuse the criminal process, but it does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty". *Becker v. Kroll*, 494 F.3d 904, 915 (10th 2007). If Plaintiff Krueger was arrested without a warrant, charged based on Haferman's affidavit, and released, Plaintiff Krueger failed to allege a Fourth Amendment Malicious Prosecution violation as a matter of law. *See Rodriguez v. Chavez*, 2015 U.S. Dist. LEXIS 118338, *35-37 (D. Colo. 2015).

knows that would justify the action." *Id.; see also Stearns v. Clarkson*, 615 F.3d 1278, 1286 (10th Cir. 2010) ("[w]hen one officer requests that another officer assist in executing an arrest, the assisting officer is not required to second-guess the requesting officer's probable cause determination, nor is he required to independently determine that probable cause exists."); *Dodea v. City of Rifle*, 2015 U.S. Dist. LEXIS 9098, at *5 (D. Colo. 2015) (applying collective knowledge doctrine to warrantless arrest).

"A police officer who acts in reliance on what proves to be the flawed conclusion of a fellow police officer may nonetheless be entitled to qualified immunity as long as the officer's reliance was objectively reasonable." *Felders*, 755 F.3d at 882. "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Rodriguez v. Chavez*, 2015 U.S. Dist. LEXIS 118338, *32-33, citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Nothing in the SAC alleges that Haferman knew that reports by other officers, the officers who actually observed and arrested Plaintiff Krueger, were false and should not be believed. Haferman was allowed to rely on the information provided to him by other officers in preparation of the paperwork required for formally charging Plaintiff Krueger. Plaintiffs failed to allege the first and third elements of the Malicious Prosecution claim.

Likewise, Plaintiffs failed to allege the element of malice. The 10th Circuit held "that malice, in the context of malicious prosecution, requires evidence of intent, not mere negligence." *Chavez-Torres v. City of Greeley*, 660 Fed. Appx. 627, 629, 2016 U.S. App. LEXIS 15990, *5 (10th Cir. 2016), citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258-59 (10th Cir. 2007) (ruling evidence of misstatement in arrest report was insufficient evidence of malice when plaintiff failed to show

misstatement was intentional rather than negligent or inadvertent); *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010) (stating malice in § 1983 malicious prosecution claims "requires intentional or reckless disregard of the truth"). The Court has also stated that it uses "the common law elements of malicious prosecution as the starting point" for the analysis of a § 1983 malicious prosecution claim. *Id*., citing *Novitsky*, 491 F.3d at 1257 (internal quotation marks omitted). Colorado defines "malice" in state malicious prosecution claims as "any motive other than a desire to bring an offender to justice." *Suchey v. Stiles*, 155 Colo. 363, 394 P.2d 739, 741 (Colo. 1964).

Absolutely nothing in Plaintiffs' SAC or Plaintiffs' Response (ECF 27) alleges that Haferman knew that allegations contained in the reports of other officers, the officers who were actually outside during this incident and arrested Plaintiff Krueger, were false. More specifically, Plaintiffs' Response is clear that Defendants Schilz and VanSickle "told Defendant Haferman that they had observed Ms. Kruger "fighting in public."" Resp., p. 7, citing SAC, ¶110. Plaintiffs' allegation that Haferman then "lied about the circumstances of Ms. Krueger's arrest" is conclusory in nature and cannot survive Haferman's Motion to Dismiss. *See Colo. ex rel. Brown v. Dist. Dir*., 2002 U.S. Dist. LEXIS 15884, *4 (D. Colo. 2002 ); see also *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998) ("Plaintiff has merely made general assertions in support of his claim, and conclusory allegations are not facts.") Plaintiffs' SAC fails to allege an element of malice as to Haferman. Plaintiffs' Malicious Prosecution claim against Haferman must be dismissed.

**PLAINTIFFS' FREE SPEECH, RETALIATION, DUE PROCESS AND CONSPIRACY CLAIMS AGAINST HAFERMAN FAIL BECAUSE OF PLAINTIFFS' FAILURE TO ALLEGE HAFERMAN'S SPECIFIC PARTICIPATION IN THESE ALLEGED CONSTITUTIONAL VIOLATIONS.**

Plaintiffs' Response to Haferman's Motion to Dismiss as to the claims of Free Speech, Retaliation, Due Process and Conspiracy argues, in general, that Plaintiffs' rights were violated

because (i) **Defendants'** conduct over the course of the protest, from promoting violence by the right-wing nationals to arresting Plaintiffs for the content and viewpoint of their free speech amounted to a restriction of their ability to protest (SAC, p. 15); (ii) **Defendants'** conduct in targeting Plaintiffs for arrest on the basis of the viewpoints constitutes First Amendment Retaliation (SAC, p. 16); (iii) **Defendants** engaged in selective enforcement when arresting only Black Lives Matter protesters (SAC, p. 18); and (iv) **Defendants** conspired against Plaintiff when Defendants coordinated with various right-wing groups upon arrival and later removed themselves from the protests so that the right-wing groups could engage in violence (SAC, pp. 20-21).

The problem with Plaintiffs' argument is that Plaintiffs' SAC fails to allege Haferman's specific actions as to any Plaintiff and any above listed constitutional violations. The SAC fails to allege that Haferman (i) was at the site of any protests; (ii) arrested any Plaintiff; (iii) arrested any Black Lives matter protesters; (iv) arrested or did not arrest any protester not associated with Black Lives matter; (v) coordinated with anyone on the day of the incident, much less members of the "right-wing" groups; and (vi) removed himself from protests so others could engage in violence. The only thing Plaintiffs' SAC alleges is that Haferman was a police officer for the City of Fort Collins on the day of the incident and that he processed Plaintiff Krueger **after** her arrest. Being a police officer of a municipality is not enough to establish a viable constitutional violation. Plaintiffs must establish each Defendant's personal participation in an alleged constitutional violation. Plaintiffs' SAC and Plaintiffs' Response failed to allege anything more than the employment of Haferman at the time of the incident. Plaintiffs' failure to allege Haferman's personal participation in any alleged constitutional violation summarized in the SAC entitles Haferman to Qualified Immunity and dismissal of any and all claims against him.

6

"[C]ollective and generalized allegations set out in the Estate's complaint are insufficient to overcome an assertion of qualified immunity at the motion-to-dismiss stage." *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020). "In particular,

> [t]o make out viable § 1983 claims *and* to overcome defendants' assertions of qualified immunity, plaintiffs . . . must establish that each defendant—whether by direct participation or by virtue of a policy over which he possessed supervisory responsibility—caused a violation of plaintiffs' clearly established constitutional rights, and that each defendant acted with the constitutionally requisite state of mind. Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility, that violated their clearly established constitutional rights. Failure to make this showing both dooms plaintiffs' § 1983 . . . claims and entitles defendants to qualified immunity."

*Walker*, 947 F.3d at 1249-1250, citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013*)* (citations and quotations omitted); *see also Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (holding "that a complaint must make clear exactly *who* is alleged to have done *what* to *whom*" so that each defendant has fair notice as to the basis of the claims against him); *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1160 (10th Cir. 2018) (citing *Pahls* and *Robbins*, along with other cases, for the proposition that in civil rights cases involving multiple defendants and the assertion of qualified immunity, the complaint must allege specific facts showing each defendant violated the defendant's clearly established constitutional rights).

Plaintiffs' SAC and Plaintiffs' Response contain nothing more than generalized allegations against "Defendants", and fails to outline Haferman's personal participation in anything pertaining to Plaintiffs' free speech, retaliation, due process and conspiracy claims. "Without an allegation of personal participation, a plaintiff does not state a claim for relief." *Pittman v. Aurora*, 2022, U.S. Dist. LEXIS 189234, *17 (D. Colo. 2022). Plaintiffs failed to state a claim against Haferman.

7

Haferman is entitled to Qualified Immunity as a matter of law. This Court should grant Haferman's Motion to Dismiss as to all counts.

Dated this 17th day of January 2023.

                                              KISSINGER & FELLMAN, P.C.
*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
Email: jonathan@kandf.com
        julie@kandf.com
*Attorneys for Defendant Jason Haferman, in his individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Milo Schwab, Esq. (milo@ascendcounsel.co)
*ATTORNEY FOR PLAINTIFFS*

Andrew David Ringel, Esq. (ringela@hallevans.com)
Katherine Hoffman, Esq. (hoffmank@hallevans.com)
Mark Scott Ratner, Esq. (ratnerm@hallevans.com)
*ATTORNEYS FOR DEFENDANTS BRIAN MALLORY, ETHAN VANSICKLE, JARED ROBERTSON, JOE SCHILZ AND CHRISTOPHER YOUNG*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

                                  By:    *s/ Elizabeth Jackson*
                                              Elizabeth Jackson, Paralegal
                                              Kissinger & Fellman, P.C.