IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
    Defendants.

---

**DEFENDANTS ETHAN VANSICKLE, JOE SCHILZ, AND CHRISTOPHER YOUNG'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendants, Ethan VanSickle, Joe Schilz, and Christopher Young (collectively, "Fort Collins Defendants"), by and through their undersigned counsel, Hall & Evans, LLC, and pursuant to Fed.R.Civ.P. 12(b)(6), respectfully submit this Reply in support of Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 20] ("Complaint"), stating in support as follows:[1]

## I.    INTRODUCTION

---

[1] Fort Collins Defendants also filed their Motion to Dismiss on behalf of Defendant Officer Jason Haferman. [ECF 22]. Hall & Evans, LLC no longer represents Officer Haferman. On December 29, 2022, Kissinger & Fellman, P.C., filed an entry of appearance on behalf of Officer Haferman, and Hall & Evans, LLC, filed a Motion to Withdraw, which was granted by the Court. [ECF 23-26].

Notwithstanding a second bite at the apple, Plaintiffs still fail to remedy the deficiencies in their initial Complaint. Plaintiffs' Amended Complaint is replete with generalized references to actions taken by "Fort Collins police officers," "police officers," and "police" but it contains very little support for Plaintiffs' claims against the Fort Collins Defendants. Plaintiffs rely on conclusory allegations and legal conclusions, which are insufficient to satisfy their notice pleading requirements under F.R.C.P. 8. *See* **Ashcroft v. Iqbal**, 556 U.S. 662, 664 (2009); **Bell Atlantic Corp. v. Twombly**, 550 U.S.544 (2007).

Plaintiffs Michael Piper Townley ("Mx. Townley") and Anna Kruger ("Ms. Kruger") bring malicious prosecution claims against the Fort Collins Defendants. Mx. Townley and Ms. Kruger's allegations are conclusory and do not establish each Fort Collins Defendant's personal participation in the alleged violations. Mx. Townley's unlawful arrest claim is similarly bereft of factual support. Plaintiffs' First Amendment free speech claim and First Amendment retaliation claim are duplicative. All of the Fort Collins Defendants' alleged actions took place in response to Plaintiffs' speech; accordingly, Plaintiffs' claims are properly evaluated under the retaliation framework. Plaintiffs have failed to establish plausible claims under 42 U.S.C. §1983 for First Amendment retaliation, selective enforcement, or conspiracy to violate constitutional rights pursuant to 42 U.S.C. §1985(3). Therefore, dismissal with prejudice of Counts 3 to 4 and 7 to 18 of Plaintiffs' Complaint is warranted.

## II.     ARGUMENT

### A. Plaintiffs' Malicious Prosecution Claims Are Conclusory and Do Not Establish Personal Participation by Each of the Fort Collins Defendants.

Ms. Kruger and Mx. Townley's malicious prosecution claims are insufficient, relying

on conclusory allegations and legal conclusions. Additionally, Plaintiffs fail to establish each Fort Collins Defendant personally participated in each alleged constitutional violation.

Regarding Ms. Kruger, she has not alleged Officer VanSickle or Officer Schilz were involved in her arrest (she alleges other Defendants were involved in her arrest). Additionally, Ms. Kruger has not alleged Officer VanSickle or Officer Schilz prepared her probable cause statement (she alleges another Defendant prepared this statement). Ms. Kruger's malicious prosecution claim against VanSickle and Schilz hinges on one paragraph in Plaintiffs' 35 page, 297 paragraph Complaint— ¶114, which alleges, "Defendants Mallory, Robertson, Schilz, VanSickle, *or* Netzel told Defendants Haferman and Young that Plaintiffs Townley and Kruger had been engaged in fighting when they had not probable cause or knowledge to state this." [ECF 20, ¶114]. The inclusion of five Defendants with the conjunctive "or"— indicating one or none of them may have made this statement— is by its very nature, nonspecific and conclusory. This is a quintessential ill-plead allegation, which Courts should not consider. See **Ashcroft**, 556 U.S. at 664.

Additionally, Ms. Kruger has not established Officer VanSickle or Officer Schilz acted with malice. Malice requires evidence of intent, not mere negligence. See **Novitsky v. City of Aurora**, 491 F.3d 1244, 1258-59 (10th Cir. 2007) (ruling evidence of misstatement in arrest report was insufficient evidence of malice when plaintiff failed to show misstatement was intentional rather than negligent or inadvertent); **Fletcher v. Burkhalter**, 605 F.3d 1091, 1095 (10th Cir. 2010) (stating malice in § 1983 malicious prosecution claims "requires intentional or reckless disregard of the truth"). The crux of

3

Ms. Kruger's malicious prosecution claim, and indeed, all Plaintiffs' claims, is the Fort Collins Defendants must have intended to violate Plaintiffs' rights because "Defendants believed that people who protest police brutality are their opponents." [ECF 20, ¶116]. Plaintiffs repeat this allegation throughout their Complaint. But repetition does not transform an otherwise conclusory allegation into a well-plead one. Ms. Kruger has not connected Officer VanSickle or Officer Schilz to her nebulous assertion that Defendants are biased against protestors seeking police reform. Indeed, Ms. Kruger has not alleged Officer VanSickle or Officer Schilz made any statements reflecting an anti-police reform sentiment or engaged in any conduct—i.e., coordinating with counter protestors, turning off their body worn cameras, etc.—that could support an inference of malice. An allegation that Officer VanSickle or Officer Schilz (or another Defendant) *may have* made a statement to Officer Haferman in the context of drafting a probable cause statement, without more, does not establish a plausible malicious prosecution claim.

Regarding Mx. Townley, he has similarly not established a cognizable malicious prosecution claim. A witness present at the scene identified Mx. Townley as a participant in a fight. Therefore, Officer VanSickle and Officer Schilz had probable cause to apply for criminal charges against Mx. Townley. To establish a lack of probable cause for support of a malicious prosecution claim, Mx. Townley must make "a substantial showing of deliberate falsehood or reckless disregard for truth by the officer seeking the warrant." ***Metzler v. City of Colo. Springs***, 841 Fed. Appx. 94, 98 (10th Cir. 2021), citing ***Stonecipher v. Valles***, 759 F.3d 1134, 1142 (10th Cir., 2014). Mx. Townley has not shown a lack of probable cause, instead relying on legal conclusions ("Defendants had

4

no probable cause to arrest Mx. Townley") and conclusory allegations ("Defendant Young lied in his sworn statement.") [ECF 20, ¶¶83, 107]. This is insufficient. Additionally, Mx. Townley has not established the Fort Collins Defendants participated in his criminal prosecution with malice. Like Ms. Kruger, Mx. Townley relies on blanket allegations of a general anti-police reform sentiment purportedly held by all police officers, but fails to connect this generalized assertion to the Fort Collins Defendants in any meaningful way. Accordingly, Ms. Kruger and Mx. Townley's malicious prosecution claims should be dismissed.

### B. Mx. Townley Has Failed to Establish a Plausible Unlawful Arrest Claim.

Mx. Townley's false arrest claim fails for the same reasons as his malicious prosecution claim outlined above. The Complaint alleges sufficient facts to support a finding of probable cause against Mx. Townley. Mx. Townley faults Officer VanSickle and Officer Schilz for not interviewing all individuals present at the scene of a protest/counter-protest involving fights and acts of violence. To do this, officers would have had to stop monitoring the ongoing protest/counter-protest to interview all potential witnesses and conduct a complete investigation. This was obviously not possible. Additionally, a full investigation is not required at the probable cause stage. "The failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth. To the contrary, it is generally considered to betoken negligence at most." *Metzler*, 841 Fed. Appx. at 98, citing *Stonecipher*, 759 F.3d at 1142.

### C. Plaintiffs' First Amendment Free Speech Claims Are Duplicative.

5

Plaintiffs' First Amendment free speech claim and First Amendment retaliation claim are duplicative. Plaintiffs cite one unpublished district court case for the general proposition, "Courts routinely allow both First Amendment violation claims and First Amendment Retaliation claims to proceed as they have different elements." [ECF 27, p. 14, citing *Minter v. City of Aurora*, 2022 U.S. Dist. LEXIS 55644 (D. Colo. March 28, 2022)]. But one case does not establish the routine practices of Tenth Circuit Courts. Moreover, nothing in *Minter* supports this general proposition. Specifically, in *Minter*, the Court separately addressed motions to dismiss filed by five defendants. *Id.* at *2. Plaintiffs provide only one pincite to *Minter*, which reference the Court's analysis of Defendant Aurora's motion to dismiss. [ECF 27, pp. 14-15]. While Plaintiffs' freedom of speech claim and retaliation claim survived Aurora's motion to dismiss; <u>Aurora did not argue these claims were duplicative, and the *Minter* Court did not consider this issue in the context of this motion</u>. *Id.* at *14-22. However, a different defendant raised this argument, and the Court agreed the free speech and retaliation claims were duplicative and dismissed the free speech claim. *Id.* at *53-54. This finding is supported by the weight of Tenth Circuit jurisprudence. *See* **Sodaro v. City & Cnty. of Denver**, U.S. Dist. LEXIS 170904, *19-20 (D. Colo. September 21, 2022), citing **Valdez v. New Mexico**, 109 F. App'x 257, 263 n.4 (10th Cir. 2004, ("[C]onsidering that all of the Officers' actions occurred *in response* to the activities that Plaintiff contends were constitutionally protected, the Court is uncertain how it could analyze Plaintiff's claim as anything but a claim for retaliation.").

The issue is not whether free speech and retaliation claims have different elements [ECF 27, p. 14], but whether Plaintiffs can establish discrete claims under both the free

6

speech and retaliation frameworks. Plaintiffs have not done so here. Indeed, the basis for Plaintiffs' free speech and retaliation claims are identical. In sum, Plaintiffs allege—they engaged in protected speech; Defendants arrested them; and Defendants arrested them because they did not like Plaintiffs' speech. There was no prior restraint on Plaintiffs' conduct; rather all of Defendants' actions were allegedly taken *in response* to Plaintiffs' speech. Accordingly, Plaintiffs' First Amendment free speech and First Amendment retaliation claims are duplicative and are properly analyzed under the retaliation framework.

### D. Plaintiffs' First Amendment Retaliation Claims Fail Because They Have Not Shown Defendants Were Substantially Motivated in Response to their Alleged Protected Speech.

Plaintiffs have not sufficiently alleged the third prong of the retaliation framework outlined in ***Worrell v. Henry***, 219 F.3d 1197, 1212 (10th Cir. 2000), which requires Plaintiffs to show Fort Collins Defendants' actions were substantially motivated as a response to their protected speech. ***Worrell's*** third element requires proof of a subjective intent to retaliate by each defendant involved in each use of force. *Id.* at 1213.

Plaintiffs' Complaint relies entirely on conclusory assertions and legal conclusions, which are insufficient to satisfy Plaintiffs' notice pleading requirements. ***Ashcroft***, 556 U.S. at 664 (Courts should consider only well-pleaded factual allegations to determine "whether they plausibly give rise to an entitlement to relief."). Over and over again, Plaintiffs allege Fort Collins Defendants did not like the content of Plaintiffs' speech, but this finds no factual support in Plaintiffs' Complaint. Plaintiffs have not alleged the Fort Collins Defendants made any statements regarding the content of Plaintiffs' speech. In

the absence of any direct evidence of the Fort Collins Defendants' individual motivations, Plaintiffs seek to infer their motivations from other sources; their attempt to do so comes up short.

Plaintiffs point to statements allegedly made by Defendant Mallory. These alleged statements were not made by any of the Fort Collins Defendants identified as part of this Motion. Plaintiffs have not alleged any of the Fort Collins Defendants were in the near vicinity of Officer Mallory when he allegedly made these statements, heard these statements, or responded to these statements.

Additionally, Plaintiffs seek to infer the Fort Collins Defendants' subjective intent based on Plaintiffs' self-serving, unsupported allegation of a general bias purportedly held by all police officers. [ECF 27, p. 17]. Simply, Plaintiffs ask the Court to find—because *all* police officers are biased against protestors seeking police reform, *Officers VanSickle, Schilz, and Young* must have intended to retaliate against Plaintiffs in response to their speech seeking police reform. This is a stretch and indeed an unreasonable inference that finds no basis in the facts alleged in the Complaint. Nothing in Plaintiffs' Complaint shows Fort Collins Defendants were substantially motivated by Plaintiffs' speech in taking the alleged actions they did. Because Plaintiffs have not shown the third element of the *Worrell* standard, their retaliation claim necessarily fails.

### E. Plaintiffs' Selective Enforcement Claim Fails Because Plaintiffs Have Not Sufficiently Shown a Discriminatory Purpose.

Plaintiffs failed to show Fort Collins Defendants' actions were "motivated by a discriminatory purpose," warranting dismissal of Plaintiffs' selective enforcement claim. Plaintiffs' Complaint is replete with conclusory allegations and legal conclusions and light

on actual factual support.

The standard for proving a violation of Equal Protection based on selective enforcement is a "demanding" one. **United States v. Armstrong**, 517 U.S. 456, 463 (1996). "The plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." **Robinette v. Schirard**, 2014 U.S. Dist. LEXIS 42747, *28-29 (D. Colo. Feb. 11, 2014) (citing **Marshall v. Columbia Lea Reg'l Hosp.**, 345 F.3d 1157, 1168 (10th Cir. 2003)). Allegations Plaintiffs were arrested and counter protestors were not, without more, does not establish a selective enforcement claim. Indeed, police possess broad discretion in determining when to make an arrest. **United States v. Alcaraz—Arellano**, 441 F.3d 1252, 1264 (10th Cir. 2006). "Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." **Haskett**, 2014 U.S. Dist. LEXIS 179691, at *17, citing **Oyler v. Boles**, 368 U.S. 448, 456 (1962).

Plaintiffs' Complaint does not allege Fort Collins Defendants made any statements regarding the content of Plaintiffs' speech or the counter protestors' speech. While Plaintiffs generally allege the Fort Collins Police Department ("FCPD") "associated," "coordinated," "joked," and "thanked" counter protestors [ECF 20, ¶¶ 21-24], Plaintiffs do not allege Officer VanSickle, Officer Schilz, or Officer Young specifically engaged in any associating, coordinating, joking, or thanking of counter protestors. Additionally, while Plaintiffs allege FCPD officers muted their body cameras when talking to counter protestors [*Id.*, ¶25], they do not allege any specific incidents of Officer VanSickle, Officer Schilz, or Officer Young doing this.

Plaintiffs' claim is especially tenuous with respect to Officer Young. Notably, Plaintiffs do not specifically allege Officer Young was present at the protest. Excluding a paragraph identifying Officer Young as a member of the FCPD, the first substantive allegation regarding Officer Young appears in ¶105 of the Complaint. Plaintiffs allege Officer Young authored a probable cause statement regarding Ms. Kruger's arrest, presumably based on information provided to him by other officers based on the absence of any allegations in Plaintiffs' Complaint placing him at the protest. [*Id.*]. Plaintiffs have plainly not shown Officer Young was involved in any investigatory or arrest decisions made during the protests. As outlined above, the standard for selective enforcement is a "demanding" one, and Plaintiffs have failed to make this showing, necessitating dismissal.

### F.  Plaintiffs Have Not Pled a Cognizable Conspiracy Claim.

Plaintiffs' conspiracy claim relies on ipse dixit—there is a conspiracy because they say so and nothing more. But this is insufficient to satisfy Plaintiffs' basic pleading obligations under ***Ashcroft***. Indeed, Plaintiffs must satisfy a heightened pleading requirement with respect to any claim for conspiracy. "'(A) plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants' because '[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" ***Brooks v. Gaenzle***, 614 F.3d 1213, 1228 (10th Cir. 2010) (citing ***Tonkovich v. Kan. Bd. of Regents***, 159 F.3d 504, 533 (10th Cir. 1998) (quoting ***Hunt v. Bennett***, 17 F.3d 1263, 1266 (10th Cir. 1994)).

Plaintiff has not shown Fort Collins Defendants participated in a conspiracy to violate their constitutional rights. Plaintiffs have not alleged any facts showing any of the

10

Fort Collins Defendants made an agreement with other Defendants to violate Plaintiffs' constitutional rights or demonstrating any of the Fort Collins Defendants acted in concert with other Defendants to effectuate their conspiracy. In the absence of any facts showing a conspiracy, Plaintiffs point to allegations involving other Defendants and unknown members of the FCPD. While Plaintiffs rely heavily on Defendant Mallory's alleged statements, they have not shown Fort Collins Defendants were in the near vicinity when these statements were made, heard these statements, or agreed to these statements. Additionally, while Plaintiffs allege "Fort Collins police officers," "police officers," or "police" joked with and thanked counter protestors and turned off their body worn cameras when having these conversations [ECF 20, ¶¶ 21-25], Plaintiffs do not allege the Fort Collins Defendants participated in this.

Plaintiffs recognize the inherent flaw in their argument, stating "Rarely is a conspiracy going to be as simple as several police officers saying for all the world to hear that they have a plan to conspire." [ECF 27, p. 21]. But this does not excuse Plaintiffs from their basic pleading requirements. Nothing connects Fort Collins Defendants to Plaintiffs' conspiracy allegations. References to another Defendant's statements and wholly conclusory allegations about actions taken by unknown police officers are insufficient. As such, Plaintiffs' conspiracy claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Defendants Ethan VanSickle, Joe Schilz, and Christopher Young request this Court enter an Order dismissing all claims against them, with prejudice, and granting all other and further relief deemed just and proper.

Respectfully submitted this 17th day of January 2023.

s/ *Katherine N. Hoffman*
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**Attorneys for Defendants Brian Mallory, Ethan VanSickle, Jared Robertson, Joe Schilz, and Christopher Young**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 17th<sup>th</sup> day of January 2023, a true and correct copy of the foregoing **DEFENDANTS, ETHAN VANSICKLE, JOE SCHILZ, AND CHRISTOPHER YOUNG'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

*s/ Erica Cameron*