IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;

     Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity.

     Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Telephonic Scheduling Conference is set for January 19, 2023 at 9:30 a.m.

| *Counsel for Plaintiffs:* | *Counsel for Defendants Mallory, VanSickle, Robertson, Schilz, and Young ("Fort Collins Defendants")* |
|---|---|
| E. Milo Schwab | |
| Ascend Counsel, LLC | Mark Scott Ratner |
| 2401 S. Downing Street | Andrew David Ringel |
| Denver, CO 80210 | Katherine Hoffman |
| (303) 888-4407 | Hall & Evans LLC |
| milo@ascendcounsel.co | 1001 Seventeenth Street, Suite 300 |
| | Denver, CO 80202 |
| | 303-628-3300 |
| | ratnerm@hallevans.com |

ringela@hallevans.com
hoffmank@hallevans.com

*Counsel for Defendant Haferman*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek North Drive
Ptarmigan Place, Suite 900
Denver, CO 80209
303-320-6100
jonathan@kandf.com
julie@kandf.com

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction of Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331.

Fort Collins Defendants and Defendant Haferman:  The Fort Collins Defendants and Defendant Haferman admit jurisdiction and venue are proper in this Court, but deny jurisdiction in all other respects, including, but not limited to, the notion Plaintiffs are somehow entitled to attorneys' fees or costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiffs:

Plaintiffs allege that Defendants violated their rights protected under the First, Fourth, and Fourteenth Amendments by arresting them and using force on them for their political speech. Plaintiffs were Black Lives Matter protesters who were protesting in the City of Fort Collins on August 8, 2020. During protests that day, Plaintiffs were each assaulted by Back the Blue activists and other right-wing extremists. Throughout the day, Defendants associated with these pro-police individuals and intentionally removed themselves from the protests so that the Back the Blue and right-wing individuals would

have the opportunity to engage in violence. Defendant Mallory is heard on camera directing his fellow officers and all Defendants to leave the scene because "if we stay, they'll think they don't have to fight." Later, Mallory stated that "if we intervene, then Antifa wins."

When the police did intervene, it was after these right-wing agitators had initiated violence and retaliated against the Black Lives Matter protesters for being insufficiently supportive of police. When Defendants did intervene, they arrested only Plaintiffs for fighting, even though Defendants had knowledge that it was in fact the Back the Blue individuals who were engaged in fighting. Defendants used force, their authority to arrest, and their authority to charge to retaliate against Plaintiffs for their viewpoints on police brutality and police killings.

b. Defendants:

For Defendant Haferman: Defendant Haferman denies all allegations set forth in Plaintiffs' Amended Complaint and Demand for Jury Trial (ECF 20). Plaintiffs failed to assert Defendant Haferman's personal participation in any of the alleged constitutional violations. Plaintiffs failed to allege a viable Malicious Prosecution claim against Defendant Haferman. In addition, Defendant Haferman asserts additional following defenses:

1. Defendant Haferman, to the extent he is properly sued in his individual capacity, is entitled to Qualified Immunity inasmuch as his actions did not violate the constitutional rights of Plaintiff, did not violate clearly established law at the time of the events at issue, and were undertaken with a good faith belief in the lawfulness of his actions. The actions of Defendant Haferman were objectively reasonable under the circumstances with which Defendant Haferman

was confronted.

2.     Defendant Haferman was lawfully exercising his Public Duties in accordance with § 18-1-701, C.R.S. Further, Defendant Haferman was properly exercising his police powers and the authority vested in him by virtue of §§ 16-3-101, 16-3-102, 16-3-103, 18-1-701, and 18-1-707, C.R.S., at all times pertinent to the incident complained of.

3.     Subject matter jurisdiction is lacking inasmuch as Plaintiffs' claims fail to rise to the level of a deprivation of federal constitutional rights.

4.     Plaintiffs' injuries, damages and losses may be the result of Plaintiffs' conduct.

5.     Damages alleged by Plaintiffs in the Amended Complaint may have been caused in whole or in part by Plaintiffs' own comparative fault as provided by C.R.S. §13-21-111.

6.     Plaintiffs' injuries, damages, and losses, if any, were the result of the negligence or unlawful conduct of a third party or parties over whom Defendant Haferman had no control or ability to exercise a right of control.

7.     Plaintiffs have failed to allege and cannot establish an affirmative link between the actions of Defendant Haferman and the alleged constitutional injury.

8.     Plaintiffs has failed to mitigate their damages as required by law.

9.     Plaintiffs' damages, if any, were not proximately caused by any act or omission of the Defendant Haferman.

10.    At all times material, Plaintiffs were accorded all rights, privileges, and immunities guaranteed to them by the Constitution and laws of the United States of America.

11.    Plaintiffs' claims against Defendant Haferman are frivolous and groundless entitling Defendant Haferman to an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 11 and 42 U.S.C. § 1988.

Defendant Haferman reserves the right to assert any and all additional claims and defenses.

Fort Collins Defendants:  Fort Collins Police Officers Brian Mallory and Jared Robertson file an Answer, Defenses, and Affirmative Defenses in response to Plaintiffs' Amended Complaint, denying the substantive allegations. (ECF 21).  In addition, the Answer set forth the following affirmative defenses:

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs failed to mitigate their damages, if any.

3.      Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action omission of or by these Defendants, nor proximately caused by or related to any act or omission of these Defendants.

4.      All or part of Plaintiffs' claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.  In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of respondeat superior or vicarious liability respecting these Defendants.

5.      At all times pertinent herein, these Defendants acted in accordance with all common law, statutory and constitutional obligations, and without any intent to cause Plaintiffs harm.  These Defendants also lacked the requisite intent to establish any claim against them in this matter.  The claims of the Plaintiffs also fail to establish any basis for concluding that these Defendants acted with deliberate indifference or in a willful and wanton manner.

6.      Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by her own acts or omissions, either in combination with one another or

independent of one another.

7.      Plaintiffs' injuries and damages, if any, were proximately caused, in whole or part, by the acts or omissions of third parties over whom these Defendants possessed no ability to control or right to control.

8.      These Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter.

9.      At all times pertinent herein, these Defendants acted in accordance with all legal obligations.

10.      Plaintiff cannot satisfy all or some of the perquisites to a grant of injunctive or declaratory relief in this matter.  Any request for injunctive or declaratory relief is moot.

11.      Defendants are not liable for any punitive damages pursuant to state or federal law and no Defendant could become liable for any such damages.

12.      Defendants are entitled to qualified immunity.

Officers Mallory and Robertson also reserved their right to assert other or additional defenses and affirmative defenses as may become known in the course of these proceedings.

Fort Collins Police Officers VanSickle, Schliz, Haferman, and Young, filed a Motion to Dismiss Plaintiffs' Amended Complaint, which is pending before this Court (ECF 22).  Should these Defendants ultimately file an Answer to the Amended Complaint, it is anticipated they will deny the substantive allegations of said Complaint, and set forth the affirmative defenses as identified above.

## 4. UNDISPUTED FACTS

The following facts are undisputed: None

## 5. COMPUTATION OF DAMAGES

Plaintiffs:

Plaintiffs' damages include: economic losses or injuries which the plaintiffs have had to the present time or which the plaintiffs will probably have in the future, including loss of earnings or damage to their ability to earn money in the future, as well as medical, hospital, and other expenses; noneconomic losses or injuries which plaintiffs have had to the present time or which plaintiffs will probably have in the future, including: physical injury, physical and mental pain and suffering, inconvenience, emotional stress, impairment of the quality of life, loss of liberty, and the inability to exercise one's constitutional rights. Plaintiffs also seek costs and attorneys' fees, and pre- and post-judgment interest, as allowed by law. Damages will ultimately be determined by a jury.

Defendants:

Defendant Haferman and the Fort Collins Defendants: Defendant Haferman and the Fort Collins are not seeking damages at this time. However, they reserve the right to seek attorneys' fees and costs, expert witness fees, pre-judgment and post-judgment interest as allowed by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING

## UNDER FED. R. CIV. P. 26(f)

a. Dates of Rule 26(f) meeting: January 11 & 12, 2023

b. Names of each participant and party he/she represented:

For all Plaintiffs

E. Milo Schwab
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210

(303) 888-4407
milo@ascendcounsel.co

For Defendants Mallory, VanSickle, Robertson, Schilz, and Young

Mark S. Ratner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300
ratnerm@hallevans.com

Counsel for Defendant Haferman

Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek North Drive
Ptarmigan Place, Suite 900
Denver, CO 80209
303-320-6100
jonathan@kandf.com
julie@kandf.com

   c.  Statement as to when Rule 26(a)(1) disclosures were made or

will be made:

    Rule 26(a)(1) disclosures will be served by  January 26, 2023.

    The Fort Collins Defendants made their disclosures on or about January 6, 2023.

    d.  Proposed changes, if any, in timing or requirement of disclosures under

  Fed. R. Civ. P. 26(a)(1):

  None.

    e.  Statement concerning any agreements to conduct informal

discovery:

  None.

    f.  Statement concerning any other agreements or procedures to

reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

> The parties agree to use a unified exhibit numbering system for deposition exhibits and where otherwise appropriate.

g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties anticipate that there may be discovery of electronically stored information such as Body-Worn Camera (BWC) video, other camera video, cell phone data, e-mails, and social media posts, if any. The parties will work together to facilitate the discovery of such information and to produce it in the best format. Parties have incorporated the language of the Rule 502(d) order below.

h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:  Parties propose to have a meeting after they serve their initial disclosures to discuss the possibility of promptly settling or resolving the case.

## 7. CONSENT

The Parties consent to Magistrate Jurisdiction.

## 8. DISCOVERY LIMITATIONS

a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

Depositions: ~~Plaintiffs propose:~~ 10 depositions per side, **excluding depositions of parties.**. If additional depositions are needed, the parties will confer and attempt to reach agreement in good faith.

Interrogatories: Rule 33 provides that "a party may serve *on any other party* no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). Plaintiff and Defendants proposes a total of 50 written interrogatories per side.

b.  Limitations which any party proposes on the length of depositions: ~~Plaintiffs propose 4 hours per deposition, excluding Rule 30(b)(6) depositions.~~

~~Defendant Haferman proposes 5 hours per deposition, excluding Rule 30(b)(6) depositions.~~ **Depositions of the parties are limited to one day of seven hours.  All other depositions are limited to four hours.**

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission: Plaintiffs and Defendants propose 50 requests for production and 50 requests for admission total per side.

d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: 30 days before the discovery cut-off.

e.  Other Planning or Discovery Orders:

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The Fort Collins Defendants and Defendant Haferman anticipate production of sensitive information, which might otherwise be protected from production pursuant to applicable rules and/or law.  As such, the Fort Collins Defendants anticipate the necessity of a protective order.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **March 6, 2023**

<u>Plaintiffs propose</u>: The filing of amended and supplemental pleadings will be governed by Federal Rule of Civil Procedure 15.

b.      Discovery Cut-off: October 19, 2023 (deadline for all discovery, including expert depositions).

c.      Dispositive Motion Deadline: November 20, 2023

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs anticipate disclosing 4 expert witnesses in the fields of: 1) police practices, 2) crowd management/crowd control, 3) right-wing extremism & right-wing extremism within law enforcement, and 4) Law Enforcement psychology in responding to police brutality protests.

Defendants anticipate

<u>Defendant Haferman and the Fort Collins Defendants</u> anticipate calling experts in the fields of police tactics, police procedure and training, and/or use of force; and any expert necessary for rebuttal and/or impeachment purposes in the fields set forth by Plaintiffs. Defendant Haferman and the Fort Collins Defendants may call experts in other areas as well.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Four retained (Rule 26(a)(2)(B)) expert witnesses per side.

3.      The parties shall designate all experts and provide opposing counsel and

any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

July 21, 2023

        4.      The parties shall designate all rebuttal experts and provide opposing counsel

and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

September 5, 2023 (The expert deadlines in this paragraph and the preceding one include

disclosure of information applicable to "Witnesses Who Must Provide a Written Report"

under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a

Written Report" under Rule 26(a)(2)(C).)

~~The Fort Collins Defendants and Defendant Haferman propose a staggered expert witness~~

~~disclosure schedule as follows:~~

        ~~Plaintiffs shall disclose their experts on or before July 19, 2023.~~

        ~~Defendants shall disclose their experts on or before August 21, 2023.~~

        ~~Rebuttal experts by September 21, 2023.~~

        e.      Identification of Persons to Be Deposed:

Plaintiff:

- Defendants
- Representatives of the Fort Collins Police Department
- Representatives of the city of Fort Collins
- Representatives of the Federal Bureau of Investigation
- Witnesses listed on Defendants' Rule 26(a)(1) disclosures

Defendants:
- Plaintiffs
- Any and all expert witnesses of Plaintiffs
- Any and all medical treatment providers of Plaintiffs

## 10. DATES FOR FURTHER CONFERENCES

        a.  **Joint Status Report shall be filed by April 14, 2023.  Counsel shall**

**refer to Judge Crews' Practice Standards for the required content.**

b. A combined final pretrial and trial preparation conference will be held in this case on **March 21, 2024 at 10:00 a.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to   the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:  None.

b.      Anticipated length of trial and whether trial is to the court or jury:  The parties anticipate a jury trial in this matter will take 10 trial days.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301:  None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of January, 2023.

BY THE COURT:

*s/ S. Kato Crews*

_____

United States Magistrate Judge

APPROVED:

| /s/ Edward Milo Schwab | |
|---|---|
| Edward Milo Schwab, #47897 | Andrew David Ringel |
| Ascend Counsel, LLC | Katherine Hoffman |
| 2401 S. Downing Street | Mark Scott Ratner |
| Denver, CO 80210 | Hall & Evans LLC |
| (303) 888-4407 | 1001 Seventeenth Street, Suite 300 |
| milo@ascendcounsel.co | Denver, CO 80202 |
| | 303-628-3300 |

| | |
|---|---|
| *Counsel for Plaintiffs* | ringela@hallevans.com<br>hoffmank@hallevans.com<br>ratnerm@hallevans.com<br><br>*Counsel for Defendants Mallory,*<br>*VanSickle, Robertson, Schilz, and Young* |
| | Jonathan M. Abramson<br>Yulia Nikolaevskaya<br>Kissinger & Fellman, P.C.<br>3773 Cherry Creek North Drive<br>Ptarmigan Place, Suite 900<br>Denver, CO 80209<br>303-320-6100<br>jonathan@kandf.com<br>julie@kandf.com<br><br>*Counsel for Defendant Haferman* |