## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
    Defendants.

---

## DEFENDANT DANIEL NETZEL'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Defendant Daniel Netzel, by and through his undersigned counsel, Hall & Evans, LLC, and pursuant to Fed.R.Civ.P. 12(b)(6), respectfully submits this Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 20] ("Complaint"), stating in support as follows:

### SKC CIV. PRAC. STD. F(1) CONFERRAL:

Counsel for the Fort Collins Defendants conferred with Counsel for Plaintiffs regarding the relief sought in the initial Motion. Plaintiffs object to the requested relief.

### I.    INTRODUCTION

This matter arises out of the arrest of the three Plaintiffs on August 8, 2020, during protests which took place in the City of Fort Collins, Colorado. The Plaintiffs attempt to set forth eighteen claims for relief under both federal and state law theories, including

claims brought pursuant to 42 U.S.C. § 1983, and C.R.S. § 13-21-131.  These claims include excessive force, malicious prosecution, false arrest, violation of the First Amendment, free speech-retaliation, violation of the Equal Protection Clause, and conspiracy.

Plaintiffs filed their initial Complaint on August 8, 2022.  Officers VanSickle, Schilz, Young, and former Fort Collins Police Officer Jason Haferman ("Officer Haferman") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[1].  An Answer to the Complaint was filed on behalf of Officers Mallory and Robertson.  No response, however, was filed on behalf of Officer Netzel, as he was never served. (*See* ECF 18 at 2, ftnt. 1).

On November 28, 2022, Plaintiffs filed a First Amended Complaint (ECF 20 & 20-1), and on December 12, 2022, Officers Van Sickle, Schilz, Haferman, and Young filed a Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 22).  As before, no response was filed on behalf of Officer Netzel, as he had not been served (*See* ECF 22 at 3, ftnt. 2).

On January 11, 2023, and again on January 12, 2023, after a request by the Plaintiffs, the Clerk of this Court issued a summons directed at Officer Netzel as a Defendant. (ECF 28-30).  The summons was served on Officer Netzel on January 20, 2023.[2]

---

[1]    The City of Fort Collins was also part of the Motion to Dismiss, but is not named in the Amended Complaint.

[2]    As of the filing of this Motion, no Return of Service has been filed with the Court. Officer Netzel, however, was served at his home.  Based on an email exchange with Plaintiffs' Counsel, if and when the Return of Service is filed, it will be done so under seal due to the sensitive nature of Officer Netzel's position as a police officer.

Officer Netzel seeks dismissal of all counts against him, with prejudice (Counts 1 to 8 and 11 to 18), pursuant to Fed. R. Civ. P. 12(b)(6).  In particular, Plaintiffs did not file their First Amended Complaint within the applicable statute of limitations.

## II.   STANDARD

"Ordinarily the statute of limitations, which is an affirmative defense, would not be an issue for a motion to dismiss. However, if it is clear on the face of the complaint that a claim is barred, then the statute of limitations may appropriately be applied at that stage. *Glaser v. City & Cty. of Denver*, 2013 U.S. Dist. LEXIS 49536, at *20-21 n.6 (D. Colo. Apr. 5, 2013), referring to *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  "Dismissal based on the statute of limitations is appropriate under Rule 12(b)(6) 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Glaser v. City & Cty. of Denver*, 755 F. App'x 852, 854 (10th Cir. 2019), citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

## III.   ARGUMENT

### A.  Plaintiffs Did Not Comply With The Applicable Statute Of Limitations

Plaintiffs filed their Initial Complaint on August 8, 2022 (ECF 1), and their First Amended Complaint on November 28, 2022 (ECF 20).  According to the allegations of both pleadings, the actions which form the basis of the claims against the Defendants, including Officer Netzel, arose on August 8, 2020. (ECF 1, at ¶ 15; ECF 20, at ¶ 13).

Both Complaints are a mix of claims pursuant to 42 U.S.C. § 1983, and C.R.S. § 13-21-131 *et seq*.  (ECF 20, 15-33)  With respect to the § 1983 claims, "(t)he forum

state's statute of limitations for personal-injury actions sets the limitations period…" ***Gee v. Pacheco***, 627 F.3d 1178, 1189-90 (10th Cir. 2010).  In Colorado, personal-injury actions must be commenced withing two years after the cause of action accrues.  C.R.S. § 13-80-102(1) (2022).

With respect to the State law claims brought pursuant to C.R.S. § 13-21-131, section (5) also provides for a two-year limitations period.  "A civil action pursuant to this section must be commenced within two years after the cause of action accrues."  C.R.S. § 13-21-131(5) (2022).  Therefore, the applicable statute of limitations for all claims set forth in the First Amended Complaint, is August 8, 2022, the day the initial Complaint was filed.

### A. Officer Netzel Was Never Served With The Initial Complaint Prior To Expiration Of The Two-Year Statute Of Limitations.

A defendant must be served within 90-days after the filing of the complaint. Fed. R. Civ. P. 4(m).  Although the applicable statute of limitations is tolled during the pendency of the 90-day time period, the tolling period ends if the defendant is not served within this time frame.  "(I)f a plaintiff fails to effect service during the 120 days allotted by Rule 4(m), then the statute of limitations for the underlying claim again becomes applicable, and may serve to bar the claim if the statute runs before the plaintiff files another complaint." ***Ocasio v. Fashion Inst. of Tech***., 86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000), referring to Fed. R. Civ. P. 4(m) (2000),[3] "Thus, dismissal is proper under Rule 4(m), 'even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar

---

[3]     The current version of Rule 4(m) provides for 90-days.

the plaintiff's claim.'" ***Ocasio***, 86 F. Supp. 2d at 376, referring to Fed. R. Civ. P. 4(m) (2000), and ***McKibben v. Credit Lyonnais***, 1999 U.S. Dist. LEXIS 12310, *12 (S.D.N.Y. August 10, 1999) (dismissing plaintiff's ADEA claim under Rule 4(m) even though such dismissal would effectively bar plaintiff from pursuing his claim because the statute of limitations had run); ***Novak v. Nat'l Broadcasting Company, Inc***., 131 F.R.D. 44, 45 (S.D.N.Y. 1990) ("If the statute runs after the filing of the complaint but before the effective date of service of the summons and the case is later dismissed without prejudice pursuant to Rule 4(j) the statute of limitations will bar any refiling.").

Here, Plaintiffs filed their Initial Complaint on August 8, 2022, the day the statute of limitations expired.  In accordance with Rule 4, Plaintiffs had 90 days-or by November 6, 2022-to serve Officer Netzel, otherwise the tolling period provided for pursuant to Rule 4 would end, and the applicable 2-year statute of limitations for both the federal and State law claims, would begin to run once again.  Plaintiffs did not effectuate service by November 6, 2022, despite being expressly informed numerous times Officer Neztel had not been served (*See* e.g. ECF 18 at 2, ftnt. 1, and ECF 22 at 3, ftnt. 2).[4]  Once the tolling period concluded on November 7, 2022, Plaintiffs' claims against Officer Netzel were effectively barred pursuant to C.R.S. § 13-80-102(1) (2022), and C.R.S. § 13-21-131 (2022), as they did not serve their Complaint within two-years after the cause of action accrued.

---

[4]      No Return of Service evidencing service on Officer Netzel with respect to the Initial Complaint, has been filed.

Likewise, the filing of the First Amended Complaint provides no relief.  In particular, the First Amended Complaint was filed on November 28, 2022, twenty-one days after expiration of the tolling period and 166 days after expiration of the Statute of Limitations. Therefore, Plaintiff has failed to state a cognizable claim against Officer Netzel, and the Complaint against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Officer Netzel requests this Court enter an Order dismissing all claims against him, with prejudice, and granting all other and further relief deemed just and proper.

Respectfully submitted this 10th day of February 2023.

<u>s/ *Mark S. Ratner*</u>
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**Attorneys for Defendants Brian Mallory,
Ethan VanSickle, Daniel Netzel, Jared
Robertson, Joe Schilz, Jason Haferman, and
Christopher Young**

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on the 10th day of February 2023, a true and correct copy of the foregoing **DEFENDANT DANIEL NETZEL'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

*s/ Sarah Stefanick*