# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;

     Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity.

     Defendants.

---

### PLAINTIFFS' RESPONSE TO DEFENDANTS SHILZ, HAFERMAN, AND YOUNG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF 22]

---

Plaintiffs, by and through undersigned counsel, respectfully respond to Defendant Netzel's Motion to Dismiss as follows:

### STANDARD

"There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6)." *Deray v. City of Colo. Springs*, No. 11-CV-02639-MSK-CBS, 2012 WL 1901220, at *2 (D. Colo. May 25, 2012). A complaint will survive a Rule 12(b)(6) motion if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "Plausible" does not equate to "likely to be true," but simply means a nudge beyond "conceivable." *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); "The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Indeed, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so [even] despite the plaintiff's failure to cite proper legal authority." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to

raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

## INTRODUCTION

Defendant Netzel's Motion to Dismiss makes only one argument: that because he was not served within ninety (90) days of the filing of the initial Complaint, the statute of limitations has run. However, the 10th Circuit has been clear that when dismissal under Fed. R. Civ. P. 4(m) would function as a bar under the statute of limitations, courts should weigh this factor against dismissal of the action. *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995). Here, Plaintiffs have good cause for the delay in serving Defendant Netzel and no prejudice or delay will result as Defendant Netzel has been served in this action. Accordingly, Defendant Netzel's Motion to Dismiss should be denied.

## BACKGROUND

Plaintiffs initiated this lawsuit on August 8, 2022 through filing their Complaint and Jury Demand. ECF No. 1. This Initial Complaint named Defendant Netzel as a Defendant. *Id*. The claims against Defendant Netzel as alleged in the Complaint and subsequent Amended Complaint relate to events occurring on August 8, 2020. *Id*. Shortly filing the initial Complaint, undersigned counsel reached out to the City of Fort Collins to request waiver of service. *Exhibit 1, ¶ 2*. On August 23, 2022, counsel for Defendants emailed undersigned counsel to indicate that he had been retained to represent certain Defendants in this case and was authorized to accept service. *Exhibit 2*. Waivers of service for such Defendants were promptly provided. *Exhibit 3*. Undersigned counsel also inquired as to whether "the other Defendants are no longer employed by the city of Fort Collins or if they'll be represented by other counsel through the City." *Id*.

Counsel for Defendants responded that he did "not have that information." *Exhibit 4*.[1]

Undersigned counsel then engaged in diligent efforts to locate Defendant Netzel however efforts

to locate an address for Defendant Netzel proved difficult. *Exhibit 1, ¶¶ 9-12*. In undersigned

counsel's experience, police officers often take efforts to restrict public information relating to

their addresses. *Id ¶ 13*. Undersigned counsel further understood Defense counsel's previous

emails to mean that he had no contact with Defendant Netzel and that Defendant Netzel was no

longer employed by the Fort Collins Police. *Id ¶¶ 6-8*.

    In early January of 2023, Plaintiffs did identify an address at which Mr. Netzel could be

served and promptly completed service of process. *Id ¶¶ 19-20*. At that point, Defense counsel

for the first time indicated that Hall and Evans also represented Defendant Netzel. *Exhibit 5*.

Undersigned counsel had understood all previous communications with counsel for Defendants

to mean that they had no communication nor contact with Mr. Netzel. *Exhibit 1, ¶¶ 6-8*. Upon

receipt of the January 27, 2023 email from Mr. Ratner, undersigned counsel came to understand

for the first time that Defendant Netzel had been on notice about the lawsuit from sometime in

August or early September of 2022 and had refused to accept service rather than Mr. Ratner not

being retained to represent Defendant Netzel. *Id  ¶ 21*. At no time did Mr. Ratner enter any entry

of appearance on behalf of Defendant Netzel. *See ECF generally*.

## ARGUMENT

    In the Tenth Circuit, courts use a two-step process for dismissals under Rule 4(m).

*Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (citing *Espinoza*, 52 F.3d at

841). The court must first consider whether the plaintiff has shown good cause for his failure to

---

[1] Counsel for Defendants later indicated that he was representing all other Defendants other than Defendant Netzel and all such Defendants subsequently waived process of service.

serve a defendant. *Id.* If good cause is shown, the court must extend the time for service. *Id.* If the plaintiff fails to demonstrate good cause, the court may, within its discretion, dismiss the case without prejudice or extend the time for service. *Id.* Plaintiffs are entitled to a good cause extension under *Espinoza* because of their efforts and the conduct of Defendant Netzel. Moreover, if the Court were to determine that good cause does not exist, then the Court should nonetheless grant Plaintiffs an extension under the *Espinoza* test.

1. **Good Cause Exists for Extending Period for Service of Process**

Plaintiffs attempted to serve Defendant Netzel throughout the 90-day period as contemplated by Fed. R. Civ. P. 4. First, Plaintiffs reached out to the City of Fort Collins to seek a waiver of service. *Exhibit 1, ¶ 2.* Plaintiffs were later informed that Defendant Netzel's counsel was not authorized to accept service. *Exhibit 2.* When Plaintiffs inquired into the status of Defendant's employment, Plaintiffs reasonably understood Defense counsel's email stating that he did "not have that information" to mean that Defendant Netzel was no longer employed by the City of Fort Collins. *Exhibit 1, ¶ 8.* Indeed, Defense counsel could easily have indicated that he represented Defendant Netzel and that Defendant Netzel was refusing to accept service. However, the language used suggested to undersigned counsel that Defendant Netzel was no longer employed by the City of Fort Collins.

Undersigned counsel then engaged in diligent efforts to locate Defendant Netzel's home residence or new place of employment. *Exhibit 1, ¶¶ 9-13, 19-20.* For several months, Plaintiffs sought a place for effective service. *Id.* Only in early January was undersigned counsel able to locate an address at which Defendant Netzel could be served and promptly had Defendant Netzel served. *Id., ¶¶ 19-20.* Moreover, Defendant Netzel was served prior to any Order to Show cause,

notice or motion by Defendants and Defendant Netzel was served the day after the Scheduling Conference. Given Plaintiffs' efforts and good faith reliance on Defense counsel's statements, Plaintiffs are entitled to a finding of good cause and therefore, a denial of Defendant Netzel's Motion to Dismiss.

### 2. The Court Should Grant a Permissive Extension Regardless

The Tenth Circuit allows a district court to grant a permissive extension, even in the absence of good cause. *Shepard v. U.S.*, 819 F. App'x 622, 624 (10th Cir. 2020) (citing *Espinoza v. U.S.*, 52 F.3d 838 (10th Cir. 1995)). "In determining whether to grant a permissive extension, courts consider several factors, including the complex requirements of multiple service, the plaintiff's *pro se* status, the statute of limitations, the danger of prejudice to the defendant, and the length of the delay." *Shepard v. United States Dep't of Veteran Affairs*, 2019 WL 5095680, *6-7 (D. Colo. July 11, 2019) (quoting *Estate of Goodwin*, 376 F. Supp. 3d 1133, 2019 WL 1170547, at *10. Here, Defendant Netzel has identified no prejudice, the statute of limitations will convert a dismissal without prejudice into one with prejudice, and Defendant Netzel has had actual notice of this lawsuit since early in this case. Accordingly, the equities and test laid out in *Espinoza* strongly support the Court finding that an extension should be granted regardless of whether Plaintiffs have established good cause and accordingly, Defendant Netzel's Motion to Dismiss should be denied on this basis as well.

### a. Defendant Has Identified No Prejudice

Defendant has identified no prejudice he will face if the Court grants an extension for service of process and accepts Plaintiffs' Return of Service on January 20, 2023 as effective in this case. Indeed, Defendant Netzel has been aware of the lawsuit for several months, discovery

has only just commenced, and all Defendants except Defendant Haferman are represented by the same counsel as Defendant Netzel, making any discovery issues null. Without any argument by Defendant Netzel as to prejudice, such argument should be deemed waived.

**b.   <u>Statute of Limitations</u>**

Another factor weighing in favor of granting Plaintiffs a permissive waiver is that a dismissal under Fed. R. Civ. P. 4 would operate as a dismissal with prejudice. The Tenth Circuit has "made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling." *Florence v. Decker,* 153 Fed. Appx. 478, 480 (10th Cir. 2005). Here, Plaintiffs filed their Complaint before the statute of limitations had run, but a dismissal without prejudice would nonetheless preclude Plaintiffs from refiling against Defendant Netzel. "In considering discretionary extensions, the Court must consider 'if the applicable statute of limitations would bar the refiled action.'" *Carson v. United States*, 2023 WL 155875, *8 (D. Colo. January 11, 2023) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Here, Plaintiffs would be unable to refile this action against Defendant Netzel were he dismissed. Therefore, contrary to Defendant's argument that the statute of limitations requires the dismissal of this suit, the presence of the statute of limitations instead strongly supports the denial of Defendant's Motion to Dismiss on this very basis.

When considering whether to impose this "extreme sanction," Courts sometimes look to the *Ehrenhaus* factors. *Raeth v. Bank One*, 2008 WL 410596, *9 (D. Colo. February 13, 2008). The factors as laid out in *Raeth* are: "(1) the degree of actual prejudice to the defendant; (2) the

amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). Here, there is no prejudice to the Defendant as none has been provided. Here, there is no interference with the judicial process as Defendant Netzel was served with the Amended Complaint at the onset of the discovery process and his counsel is the same counsel for essentially all other defendants. Here, Plaintiffs are not culpable as they made efforts to serve Defendant Netzel and were potentially misled as to his employment status with the City of Fort Collins. Here, Plaintiffs were provided no advance notice that dismissal would be a likely sanction as Plaintiffs served the Amended Complaint on Defendant before any Order or Motion was filed. And here, no sanction is necessary as the delay in serving Defendant was not based on delay or gamesmanship by Plaintiffs but instead on the difficulty of serving a police officer for whom Plaintiffs were led to believe no longer worked for the City of Fort Collins.

     **c.  <u>The Length of Delay is Short</u>**

The length of delay here is short and mitigated in part by the filing of an Amended Complaint. This Action was filed on August 8, 2022, which would place November 6, 2022 as the 90 day deadline under Fed. R. Civ. P. 4. Plaintiffs subsequently filed an Amended Complaint on November 28, 2022. Plaintiffs served Defendant Netzel seven weeks later. In cases where Complaints are dismissed under Fed. R. Civ. P. 4, generally plaintiffs have delayed service in the length of years and in every case, have been given at least one Order to Show Cause before their cases are dismissed under this rule. Here, Plaintiffs served Defendant Netzel shortly after the 90

day period and within the 90 days after the filing of the Amended Complaint, all without any notice. Accordingly, this factor weighs in Plaintiffs' favor as well.

### d.   <u>No Notice to Plaintiffs</u>

Fed. R. Civ. P. 4 states that the Court shall dismiss a Defendant not served within 90 days "on motion or on its own *after notice to the plaintiff.*" *Manning v. McGahey*, 2022 WL 684166, *7 (D. Colo. March 8, 2022) (emphasis in the original). Here, Plaintiffs were provided no notice of any intent to dismiss this Complaint. Plaintiffs indeed served Defendant Netzel before his Motion to Dismiss was filed. When Defendant Netzel was served, there was no notice and accordingly, Fed. R. Civ. P. 4 is inapplicable.

### e.   <u>The Balance of Equity Weighs Against Dismissal</u>

The purpose of Rule 4 is to assure that the defendant will actually get knowledge of commencement of action against him. *Hanna v. Plumer*, 380 U.S. 460 (1965). Here, Defendant Netzel apparently had notice of the pendency of this lawsuit in the early stages of litigation, was offered the opportunity to waiver service, rejected this courtesy, and his attorney failed to communicate this representation and made statements which appear calculated to misrepresent knowledge as to Defendant Netzel's place of employment. Defendant appears to have taken steps to engineer an issue with service and now seeks to hide behind these efforts. Such efforts should not be rewarded. Plaintiffs were diligent both in seeking waiver of service, in communicating with Defense counsel about Defendant Netzel's representation and employment, and in seeking to serve Defendant Netzel. Accordingly, the balance of equities weigh against denying Plaintiffs the opportunity to have their civil rights case against Mr. Netzel determined on the merits. Defendant's Motion to Dismiss should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant Netzel's Motion to Dismiss should be denied.

Respectfully submitted this 3rd day of March 2023.

<u>E. Milo Schwab</u>
E. Milo Schwab
2401 S Downing
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

**ATTORNEY FOR PLAINTIFFS**