I, E. Milo Schwab, being duly sworn, state:

1. I am 18 years or older.
2. In the days following the filing of the initial Complaint in Townley et al v. Fort Collins, et all, 1:22-cv-01983-SKC, my office reached out to the City of Fort Collins to request that the City and the Defendant officers waive process of service under the Federal Rules.
3. On August 23, 2022, I received a communication from Mark Ratner indicating that he was representing certain, but not all, Defendants in this case.
4. I asked whether these other Defendants would be receiving alternative counsel or whether they were no longer employed by the City of Fort Collins.
5. Mr. Rater indicated that he did not have any more information.
6. I understood this statement to mean that Mr. Ratner had not been hired to represent any of the other Defendants and that he had not spoken with these additional Defendants.
7. Several weeks later, Mr. Ratner emailed again to inform me that he had been retained to represent several additional officers, but made no indication about representing Defendant Netzel.
8. Based on all of our communications, I understood that Mr. Netzel was no longer an employee of the Fort Collins Police Department.
9. At this point, I began searching for Mr. Netzel's current place of employment.
10. A search of publicly available records did not reveal his current place of employment.
11. I and my staff also conducted multiple searches for the residential address of Defendant Netzel, but were unable to locate any such addresses.
12. At one point, we believed that we had located Defendant Netzel in Denver, but such individual was approximately sixty years of age and we understand Defendant Netzel to be much younger than that.
13. In my personal experience, police officers often take efforts to conceal their addresses out of fear for their safety, making the finding of such personal residences much more difficult.
14. Indeed, when Defendant Netzel was served, Mr. Ratner requested that the affidavit of Defendant Netzel's process of service be filed under seal to protect his privacy interests as a police officer.

15. Even though I now know that Defendant Netzel had the opportunity to waive service and protect his privacy concerns, I have nonetheless agreed to file such affidavit under seal.
16. Indeed, I intended to withhold filing this affidavit at all given that Defendant Netzel filed a Motion to Dismiss and responded to the Compaint.
17. In light of Defendant Netzel's Motion to Dismiss making an issue out of the lack of filed Affidavit, I have now filed such affidavit.
18. Throughout this entire period, Mr. Ratner never once stated that he represented Defendant Netzel nor corrected his previous statement that he had no information as to Defendant Netzel's employment with the Fort Collins Police Department.
19. In early January, I obtained new software with which to access voting records and addresses and was only at that time, able to identify Defendant Netzel's address.
20. I immediately requested a Summons from this Court and promptly hired a process server to serve Defendant Netzel at his home.
21. At this time, and for the first time, Mr. Ratner informed me that he in fact represented Defendant Netzel.
22. It was only in January of 2023, after numerous conversations and emails, that I came to understand that Defendant Netzel had actively rejected the waiver of service rather than Mr. Ratner not having been retained to represent Mr. Netzel.

I declare under penalty of perjury that the facts herein are true and correct.

/s/ E. Milo Schwab