**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
    Defendants.

---

**DEFENDANT DANIEL NETZEL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendant Daniel Netzel, by and through his undersigned counsel, Hall & Evans, LLC, and pursuant to Fed.R.Civ.P. 12(b)(6), respectfully submits this Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 20] ("Complaint"), stating in support as follows:

**I.**    **INTRODUCTION**

It is clear from the face of the Complaint Plaintiffs failed to serve the summons and within the applicable time-frame. The result is a failure to comply with the applicable statute of limitations, and therefore dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6), as any claim against Officer Netzel has now been extinguished. *See* ***Glaser v. City & Cty. of Denver***, 2013 U.S. Dist. LEXIS 49536, at *20-21 n.6 (D. Colo. Apr. 5,

2013); ***Glaser v. City & Cty. of Denver***, 755 F. App'x 852, 854 (10th Cir. 2019), citing ***Aldrich v. McCulloch Props., Inc.***, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Although a good faith basis or a "permissive extension" might cure Plaintiffs' failure, no such good faith or equitable reason exists in this matter. In particular, Plaintiffs have consistently been aware Officer Netzel was not served prior to the 90-day tolling provision set forth in Fed. R. Civ. P. 4(m). Yet, despite having multiple opportunities to do so, Plaintiffs ultimately failed to address the matter until well-after expiration of both the statute of limitations, and the Rule 4(m) tolling period. Plaintiffs' excuse is to blame opposing Counsel and Officer Netzel. The evidence, however, demonstrates an utter lack of diligence on the part of Plaintiffs.

## II.   ARGUMENT

### A. Plaintiffs cannot establish good cause for failing to serve Officer Netzel

To overcome dismissal, Plaintiffs argue good cause exists to circumvent the applicable statute of limitations and failure to serve Officer Netzel, because they "attempted to serve Defendant Netzel *throughout* the 90-day period…" and "inquired into the status of Defendant's employment." (ECF 43 at 5) (emphasis added). These are, however, misleading and unsupported positions.

#### 1. The applicable statute of limitations and tolling provision.

Plaintiffs filed their Initial Complaint on August 8, 2022, the day the statute of limitations expired. In accordance with Rule 4, Plaintiffs had 90 days-or by November 6, 2022-to serve Officer Netzel, otherwise the tolling period provided for pursuant to Rule 4 would expire, and the applicable 2-year statute of limitations for both the federal and State

2

law claims, would begin to run once, effectively barring Plaintiffs' claims. Implicitly, Plaintiffs' and their Counsel were (or should have been) well-aware of this dilemma, and do not argue otherwise in their Response. Furthermore, even if service could not be properly effectuated within the 90 day time frame, at a minimum relief from the Court, or at the very least from defense counsel, could have been sought. Nonetheless, Plaintiffs' failed to seek any type of relief, and instead purportedly "worked behind the scenes" to avoid dismissal. The evidence establishes otherwise, and Plaintiffs' should not be rewarded for a lack of diligence.

### 2. Plaintiffs' were not diligent in trying to serve Officer Netzel.

Plaintiffs argue they attempted to serve Defendant Netzel "throughout" the 90-day period, and in support, they provide nothing other than a self-serving and conclusory affidavit from Plaintiffs' Counsel, Milo Schwab, and a receipt for service of process. Both are, however, insufficient to establish good cause.

### a. Plaintiffs' Counsel's affidavit is insufficient to establish good cause or equitable relief.

Absent from Mr. Schwab's Affidavit, is any specific or concrete identification of efforts to seek a waiver, other than an initial conversation with Counsel. Also missing is any substantive information identifying efforts to locate Officer Netzel, and most importantly serve him prior to expiration of the 90-day timeframe. Mr. Schwab fails to offer any reason why an extension of time or even further conferral with defense counsel was not undertaken.

Plaintiffs' Counsel affirms a search for Officer Netzel's current place of employment and residential address was undertaken. However, no dates or specific identification of

3

the efforts are set forth, and we are left to surmise such efforts were done within the 90-day time frame. Plaintiff also attempts to impermissibly shift his burden with respect to service onto defense counsel, although no citation supporting any such approach is provided.

Mr. Schwab also heavily relies on an impermissible and baseless presumption regarding the whereabouts of Officer Netzel, apparently arguing he was somehow "hoodwinked" into thinking Officer Netzel was no longer employed as a Fort Collins Police Officer. Plaintiffs' Counsel argues "(b)ased on communications, I understood that Mr. Netzel was no longer an employee of the Fort Collins Police Department." (ECF 43 at ¶ 8). No logical basis exists why Plaintiffs' Counsel made such an assumption, specifically because the representation was *never* made by anyone.

Mr. Schwab's belief he was somehow mislead, is also belied by the written correspondence with Defense Counsel. In particular, the pertinent email exchange shows: (1) Defense Counsel did not have permission to waive service for Officer Netzel (*See* ECF 43-2), and; (2) Defense Counsel did not have permission to represent Officer Netzel. (ECF 43-4). Defense Counsel's efforts with respect to representation, concern communications with the City and are protected by the attorney-client privilege as well as the work-product doctrine. Nonetheless, despite Mr. Schwab's unsupported accusations, the representations made to him were correct, and any inference to the contrary is misplaced. As initially explained to Mr. Schwab, "(t)he status of accepting service and representation may change with respect to the other officers." (ECF 43-4 at 1). Indeed, service was ultimately and expressly waived for the remaining Defendants, "except Netzle

4

(sic)." (ECF 43-4 at 2). Certainly, an indication of representation and waiver of service would have been provided to Mr. Schwab, had such information existed within the 90-day time frame, as it had been for the other Defendants.[1]

### b. The receipt for service of process fails to show any attempts during the 90-day tolling period.

The receipt for service of process also fails to support Plaintiffs' Counsel's contention "continuous efforts" were made during the 90-day period pursuant to Rule 4(m). In particular, the receipt from the process server identifies only one attempt at service-January 20, 2023-the day process was effectuated. No other dates respecting service attempts are identified, including "continuous efforts" to serve Officer Netzel. This implies no other attempts were made, despite Plaintiffs' contentions efforts were made

---

[1] Permission to represent Officer Netzel, and to waive service, was received by undersigned Counsel, but only at or subsequent to the expiration of the 90-day time period. As Mr. Schwab and the Plaintiffs failed to request any extension of the summons, or engage in any other efforts to extend the tolling period, the summons as well as the applicable statute of limitations expired. Once representation was undertaken, there was nothing for Officer Netzel to accept or waive, nor does there appear to be any authority requiring a defendant to forego a statute of limitations defense, especially given the lack of diligence by Plaintiffs. Plaintiffs' statement that "Defense counsel could easily have indicated…he represented Defendant Netzel and that Defendant Netzel was refusing to accept service" (ECF 43 at 5), is just wrong and fails to comprehend a situation Mr. Schwab was simply not privy to.

"throughout" the 90-day period.

### c. Multiple correspondence and pleadings served as a constant reminder to Plaintiffs' Counsel that Officer Netzel was not served.

The multiple correspondence between Counsel, and the pleadings filed in this matter, belie Plaintiffs' argument they were diligent in efforts to serve Officer Netzel. During the 90-day tolling period, emails were exchanged on August 23 and September 8, 2022 (*See* ECF 43-2 to 43-4), and again on October 18, 2022 (*See* email re: conferral on Motion for Extension of Time, attached hereto as ***Exhibit A***), November 4 and November 6, 2022 (conferrals on Motion to Dismiss, attached hereto as ***Exhibits B*** & ***C***). The emails were sent on behalf of the Defendants, sans Officer Netzel, as either expressly or implicitly discussed in the correspondence. The emails also provided continued opportunities for Mr. Schwab to clarify any erroneous belief he had respecting Officer Netzel's employment or whereabouts. As argued above, however, at no point did Plaintiffs ever confer on an extension of the time limit to serve Officer Netzel, especially considering the approaching expiration of not only the tolling period, but the statute of limitations as well. Furthermore, given the dismissal of the City in Plaintiffs' amended complaint, it could be inferred the Plaintiffs' decided to forego a claim against Officer Netzel, given their silence on the issues before them.

Further evidence supporting Plaintiffs' lack of diligence, is the parties' exchange of additional email correspondence on December 11 and 12, 2022 (conferrals on Motion to Dismiss Amended Complaint, attached hereto as ***Exhibits D*** & ***E***), and again on January 9 and 11, 2023 (conferral regarding proposed scheduling order and other matters, attached hereto ***Exhibits F, G & H***). Although beyond the time for expiration of the 90-

6

day tolling period, Mr. Schwab's office still remained silent regarding Officer Netzel, or to even request an extension of the tolling period.

Finally, on January 11, 2023, during the conferral on the proposed scheduling order, Plaintiff's Counsel inquired about Officer Netzel, and was told that Officer Netzel had subsequently retained Hall & Evans to represent his interests (*See* ECF 43-5 at 1, referencing past discussions between Mr. Ratner and Mr. Schwab). At the time of the discussions, however, the summons and statute of limitations had long since expired and Officer Netzel's Counsel indicated any further pursuit would result in a motion to dismiss.

The lack of service and hence diligence on the Plaintiffs' part, is also evident in the pleadings. On October 1, 2022, the City of Fort Collins,[2] Brian Mallory, Ethan Van Sickle, Jared Robertson, and Christopher Young filed a Motion for Extension of Time. (ECF 13). The Motion provided a factual recitation regarding service, and an indication Counsel was appearing for these specific Defendants, which did not include Officer Netzel.

On November 7, 2022, Defendants Mallory and Robertson filed an Answer to Plaintiff's Complaint. The Answer indicated it was being filed on behalf of these Defendants, which again did not include Officer Netzel because he had not been served (ECF 17 at 1, ftnt. 1).

On December 12, 2022, Defendants Mallory and Robertson filed an Answer to Plaintiffs' Amended Complaint. As before, the Answer indicated it was being filed on behalf of these Defendants, which did not include Officer Netzel because he had not been served. (ECF 21 at 1, ftnt. 1; ECF 22 at 1).

---

[2]   The City is no longer a Defendant in this matter.

7

Despite the passage of time, the multiple reminders Officer Netzel had not appeared in this matter, and discussions with Counsel, Plaintiffs did not request anything from the Court until January 11, 2023 (*See* summons request, ECF 28).  The failure to effectuate service is squarely on Plaintiffs', and not because of the "conduct of Officer Netzel" or his Attorney.  No good cause is provided, and the Plaintiffs' should not benefit from their failure to pursue this matter properly and diligently.

### d.  No order to show cause was necessary.

Plaintiffs also argue "Defendant Netzel was served prior to any Order to Show cause…" (ECF 43 at 5-6), or "notice" to the Plaintiffs (ECF 43 at 9).  Rule 4(m) provides in pertinent part, "(i)f a defendant is not served within 90 days after the complaint is filed, the court-on motion *or* on its own after notice to the plaintiff-must dismiss the action…" Fed. R. Civ. P. 4(m) (emphasis added).  The Rule requires dismissal, either through the filing of a motion *or* on the Court's on accord.  No requirement for an order to show cause or notice is set forth in the Rule.

## B.  There is no permissive extension.

### 1.  Permissive extension factors

The factors pertaining to a permissive extension, favor Officer Netzel.  (*See* ***Espinoza v. U.S.***, 52 F.3d 838 (10th Cir. 1995).  The pertinent factors are the prejudice to Officer Netzel, the statute of limitations, and the length of delay, as the complex requirements of multiple service and the pro se status of a plaintiff, are not issues in this matter. ***Id.***

This matter has been on-going since Plaintiffs filed their initial complaint in August,

2022. A scheduling order has been entered with respect to the remaining Defendants, disclosures have been made. Perhaps, though, the issue of prejudice is best considered with respect to the statute of limitations. The Plaintiffs have failed to establish good cause for any mandatory extension of time under Rule 4, and to allow even a permissive joinder would entirely circumvent the applicable statute of limitations and force Officer Netzel to defense against claims which would otherwise be barred. As discussed above, this matter goes beyond form versus substance, as Plaintiffs did nothing to pursue the claim against Officer Netzel. Now, having realized their failures, Plaintiffs ask for a "do-over", or in essence retroactive application of an exception. *See* e.g. ***Johnson v. Spencer***, 950 F.3d 680, 696 (10th Cir. 2020) ("(R)etroactivity in civil cases must be limited by the need for finality; once suit is barred by… statutes of limitation…, a new rule cannot reopen the door already closed.") citing ***James B. Beam Distilling Co. v. Georgia***, 501 U.S. 529, 541 (1991) (discussing applicability of a new rule to an otherwise closed matter). Although we are not discussing a new rule under Fed. R. Civ. P 4(m), the same concept applies. That is, Officer Netzel should be entitled to finality of a claim, which has long since expired. Otherwise, the rules of procedure and statutes of limitations have no effect on litigation, given the ability to circumvent both.

The length of delay should also be considered with respect to Officer Netzel's arguments against a finding of good faith. As argued before, Plaintiffs waited approximately five-months before doing anything substantive with respect to service on Officer Netzel, despite multiple opportunities to diligently address the matter.

### 2. The factors in *Raeth* are not applicable here.

Plaintiffs' citation to ***Raeth v. Bank One***, 2008 WL 410596 (D. Colo. February 13, 2008) and ***Ehrenhaus v. Reynolds***, 965 F.2d 916 (10th Cir. 1992) is misplaced. In ***Raeth***, the court concluded it was not required to look at the factors enumerated in ***Ehrenhaus***. ***Raeth***, 2008 WL 410596 at *9, ftnt. 4.   As the Court in ***Raeth*** noted, a determination from the record regarding whether the relevant statute of limitations had run, could not be made, and therefore the ***Ehrenhaus*** factors were inappropriate.  The courts conclusion suggests the ***Ehrenhaus*** factors are to be used to provide direction when a factual basis for application of the statute of limitations is unclear.  Here, however, the statute of limitations and Plaintiffs' failure to serve the Complaint or comply with the appliable rule in a timely and diligent manner, is plainly clear from the allegations of the Complaint.  Therefore, the ***Ehrenhaus*** factors should not be utilized.[3]

### III. <u>CONCLUSION</u>

For the foregoing reasons, Officer Netzel requests this Court enter an Order dismissing all claims against him, with prejudice, and granting all other and further relief deemed just and proper.

Respectfully submitted this 16th day of March 2023.

s/ *Mark S. Ratner*
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.

---

[3]   It should also be noted the ***Raeth*** Court dismissed the matter utilizing the ***Ehrenhaus*** factors, even though dismissal would bar refiling.

1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**Attorneys for Defendants Brian Mallory, Ethan VanSickle, Daniel Netzel, Jared Robertson, Joe Schilz, and Christopher Young**

11

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 17th day of March 2023, a true and correct copy of the foregoing **DEFENDANT DANIEL NETZEL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 20] PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co

*s/ Sarah Stefanick*