IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-01983-SKC

MICHAEL PIPER TOWNLEY,
ANNA KRUGER, and
JOSHUA DeLEON;

    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;

    Defendants.

---

ORDER RE: DEFENDANT NETZEL'S MOTION TO DISMISS (DKT. 41)

---

    Before the Court is Defendant Daniel Netzel's Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. 41. Netzel seeks dismissal under Fed. R. Civ. P. 12(b)(6), arguing Plaintiffs did not file their First Amended Complaint (FAC) within the applicable statute of limitations. Additionally, Netzel seeks dismissal arguing Plaintiffs did not serve him within the time provided by Fed. R. Civ. P. 4(m). Plaintiffs filed a response to the Motion arguing they have good cause for an extension of the time to personally serve Netzel. Dkt. 43.

1

After carefully considering the Motion and associated briefing, the (FAC), and applicable law, the Court DENIES the Motion as moot.

## BACKGROUND

This matter raises claims arising under 42 U.S.C. § 1983. Dkt. 20. Plaintiffs allege that Defendants engaged in numerous civil rights violations on August 8, 2020. *Id.* at p. 4. Plaintiffs filed their initial Complaint on August 8, 2022. Dkt. 1. Then, Plaintiffs sent waivers of service to the following Defendants on August 23, 2022: Fort Collins,[1] Brian Mallory, Jared Roberston, Ethan VanSickle, and Christopher Young. Dkt. 6-10. Plaintiffs next sent waivers of service to Defendant Jason Haferman and Defendant Joe Schilz on September 8, 2022. Dkt. 11-12. On November 28, 2022, Plaintiffs filed their FAC. Dkt. 20. Plaintiffs named Netzel as a defendant in both the Complaint and the FAC, but they did not personally serve him under Rule 4(m) until January 20, 2023—75 days after the 90 days required by Rule 4(m). Dkts. 1, 20, 42.

Plaintiffs, in their Response to the Motion, state Netzel was served after the deadline for the following reasons:

> Undersigned counsel then engaged in diligent efforts to locate Defendant Netzel however efforts to locate an address for Defendant Netzel proved difficult. In undersigned counsel's experience, police officers often take efforts to restrict public information relating to their addresses. Undersigned counsel further understood Defense counsel's previous emails to mean that he had no contact with Defendant Netzel and that Defendant Netzel was no longer employed by the Fort Collins Police.

---

[1] Fort Collins is no longer a Defendant in this action. Dkt. 20.

2

Dkt. 43 at p. 4. Plaintiffs additionally state they "attempted to serve Defendant Netzel throughout the 90-day period as contemplated by Fed. R. Civ. P. 4." *Id.* at p. 5.

## LEGAL PRINCIPLES

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The courts have interpreted Rule 4(m) to mean that the 90-day period may be extended in two circumstances.

First, the 90-day period for service must be extended upon a plaintiff showing good cause for the delay. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). A finding of good cause may be supported if the plaintiff makes "meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. Courts consider the following factors when determining whether a permissive extension of time is warranted: (1) the plaintiff's pro se status; (2) the statute of limitations; (3) the danger of prejudice to the defendant; and (4) the length of the delay. *Est. of Goodwin by & through Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1153 (D. Colo.

3

2019) (citing *Espinoza*, 52 F.3d at 842; *Moore v. Teamsters Local*, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015)). "The court may then, within its discretion, dismiss without prejudice or extend the time for service." *Espinoza*, 52 F.3d at 841.

## ANALYSIS

Netzel frames the Motion as one brought under Rule 12(b)(6). But the crux of his argument is that Plaintiffs did not serve him with their initial Complaint within the statute of limitations and they did not comply with Rule 4(m). As to the former, Plaintiffs plainly filed the original Complaint within the two-year statute of limitations—the events giving rise to Plaintiffs' claims occurred on August 8, 2020, and they filed the original Complaint on August 8, 2022. Dkt. 1; *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993); Colo. Rev. Stat. § 13-80-102. As to the latter, the Court must first determine if Plaintiffs have shown good cause for their untimely service on Netzel.

The Court finds Plaintiffs have not demonstrated good cause. Plaintiffs state the following about their efforts to serve Netzel: "Plaintiffs attempted to serve Defendant Netzel throughout the 90-day period…," "Plaintiffs reached out to the City of Fort Collins to seek a waiver of service.," "Undersigned counsel then engaged in diligent efforts to locate Defendant Netzel's home residence or new place of employment.," and "For several months, Plaintiffs sought a place for effective service." Dkt. 43 p. 5. While Plaintiffs assert it was difficult to locate an address for

4

Netzel, they eventually found the address after counsel "obtained new software to access voting records." *Id.* at Exh. 2 p. 2.

Under Rule 4(m), "[a] plaintiff who seeks to rely on the good cause provision must show *meticulous* efforts to comply with the rule." *In re Kirkland*, 86 F.3d at 176 (emphasis added). Beyond mere general assertions, Plaintiffs have not identified specific or meticulous efforts taken by them to locate Netzel's address and attempt to serve him. Moreover, they never sought an extension of time to effectuate service of process under Rule 4(m). Accordingly, the Court finds that Plaintiffs have failed to show good cause.

The Court must next determine if a permissive extension of time is warranted. The Court considers the following factors when making this determination: "… the plaintiff's pro se status, the statute of limitations, the danger of prejudice to the defendant, and the length of the delay." *Est. of Goodwin*, 376 F. Supp. 3d at 1153. While the first factor does not apply in this case, the Court finds the statute of limitations and the length of delay weigh in favor of a permissive extension.

The applicable statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Colorado, the statute of limitations for all actions, including personal injury actions, is two-years. C.R.S. § 13–80–102. Accordingly, the two-year statute of limitations would apply to

Plaintiffs' federal and state law claims, and the parties agree that the applicable statute of limitations in this action is two-years. Dkt. 43 p. 7; Dkt. 41 p. 4.

This action was filed precisely two years after the cause of action accrued. Dkt. 1. Therefore, a dismissal of Plaintiffs' claims against Netzel for failing to comply with Rule 4(m) would effectively be with prejudice because Plaintiffs would be unable to refile the claims based on the stature of limitations. *See Est. of Goodwin*, 376 F. Supp. 3d at 1154. This weighs in favor of a permissive extension.

The Court additionally considers the length of the delay. Plaintiffs served Netzel 75 days after the Rule 4(m) deadline. While Plaintiffs fail to demonstrate good cause for the delay, Netzel has made no argument he has suffered prejudice because of the delay. *Id*. And at this point, dismissal of Plaintiffs claims against Netzel would not result in dismissal of the case because the claims against the other Defendants will continue to be litigated. The Court also notes that the dispositive motion deadline is April 4, 2024, which provides Netzel ample time to file a dispositive motion should he choose to. All of these circumstances weigh in favor of a permissive extension.

In conclusion, Plaintiffs failed to show good cause for the untimely service upon Netzel. But the Court, in its discretion, grants a permissive extension and finds service on Netzel to be sufficient.

For the reasons shared above, Defendant Netzel's arguments regarding service are moot and the MOTION TO DISMISS is DENIED.

DATED: February 22, 2024.

BY THE COURT:

_____

S. Kato Crews
United States District Judge