## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY, ANNA KRUGER, and JOSHUA DeLEON;
    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VanSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity;
    Defendants.

## FORT COLLINS DEFENDANTS' THIRD **UNOPPOSED** MOTION TO AMEND THE SCHEDULING ORDER

Defendants Brian Mallory, Ethan VanSickle, Daniel Netzel, Jared Robertson, Joe Schilz, and Christopher Young ("Fort Collins Defendants"), through Counsel, Hall & Evans, LLC, submit the following as their Third **Unopposed** Motion to Amend the Scheduling Order:

### COUNSEL'S CERTIFICATIONS

Undersigned Counsel conferred with Counsel for the Plaintiffs and Counsel for Defendant Haferman, who all indicated no objection to the requested relief. Therefore, this Motion is **unopposed**.

The Defendants are requesting an extension of 7-days for the filing of dispositive Motions. The new proposed date is April 11, 2024.

A copy of this Motion has been served on the undersigned's clients.

No part of this Motion was generated or drafted by AI.

## I.   INTRODUCTION AND BACKGROUND

This matter arises out of the arrest of the three Plaintiffs on August 8, 2020, during protests which took place in the City of Fort Collins, Colorado. The Plaintiffs attempt to set forth eighteen claims for relief under both federal and state law theories, including claims brought pursuant to 42 U.S.C. § 1983, and C.R.S. § 13-21-131. These claims include excessive force, malicious prosecution, false arrest, violation of the First Amendment, free speech-retaliation, violation of the Equal Protection Clause, and conspiracy.

Plaintiffs filed their initial Complaint on August 8, 2022. Officers VanSickle, Schilz, Young, and former Fort Collins Police Officer Jason Haferman ("Mr. Haferman") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). An Answer to the Complaint was filed on behalf of Officers Mallory and Robertson. No response, however, was filed on behalf of Officer Netzel, as he was never served. (*See* ECF 18 at 2, ftnt. 1).

On November 28, 2022, Plaintiffs filed a First Amended Complaint (ECF 20 & 20-1), and on December 12, 2022, Officers Van Sickle, Schilz, Haferman, and Young filed a Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 22). As before, no response was filed on behalf of Officer Netzel, as he had not been served (*See* ECF 22 at 3, ftnt. 2).

On January 11, 2023, and again on January 12, 2023, after a request by the Plaintiffs, the Clerk of this Court issued a summons directed at Officer Netzel as a Defendant. (ECF 28-30). The summons was served on Officer Netzel on January 20, 2023[1].

---

[1]   It is Officer Netzel's position he was never served, within the applicable Statute of Limitations.

On February 10, 2023, Officer Netzel filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing the claims against him, were not filed within the applicable statute of limitations (*See* ECF 41).  This Motion was denied by the Court, on February 22, 2024 (ECF 69). An Answer on behalf of Officer Netzel, was filed on March 7, 2024 (ECF 70).

On January 19, 2023, this Court entered a Scheduling Order (ECF 38), providing for a dispositive motion deadline of November 20, 2023. (ECF 38 at 11).

On July 14, 2023, this Court granted Defendants' request to amend the scheduling order, extending deadlines for the designation of affirmative and rebuttal experts.  (ECF 51).

On October 24, 2023, this Court granted Plaintiffs' request to amend the scheduling order, extending deadlines for the discovery cut-off and the filing of dispositive motions.  The deadlines were set forth as December 18, 2023, and January 19, 2024, respectively (ECF 63).

On January 4, 2024, this Court granted Defendants' Motion to extend the filing of dispositive motions, to February 19, 2024 (ECF 65).

On February 8, 2024, the Court *sua sponte* reset the dispositive motion deadline, to April 4, 2024 (ECF 68).  The Court indicated the parties would benefit from a ruling on the pending Motions to Dismiss, the additional time to confer, and Plaintiff's representation Plaintiff DeLeon would be dismissed from the lawsuit. (ECF 68).

Plaintiffs DeLeon has not yet been dismissed from the lawsuit, although Counsel for Mr. DeLeon has prepared a Stipulated Motion, which has been approved by the Defendants. Additionally, with respect to the potential filing of a motion for summary judgment, no further conferral on the remaining claims has taken place, despite repeated efforts by Counsel for the Fort Collins Defendants.  These Defendants believe an additional week may help facilitate conferral.

## II.  ARGUMENT

Discovery is complete and the Defendants are preparing motions for summary judgment. As discussed above there are eighteen claims for relief set forth under both federal and state law theories, including claims brought pursuant to 42 U.S.C. § 1983, and C.R.S. § 13-21-131. (*See* Plaintiffs' Amended Complaint, at ECF 20).  Those eighteen claims are brought against seven Defendants by the three different Plaintiffs.  Dismissal of Mr. DeLeon would narrow the arguments set forth in a motion for summary judgment, as there would obviously only be two remaining Plaintiffs.  Mr. DeLeon, however, did not file any specific claims against these Defendants, solely on his own behalf.  Therefore, even if Mr. DeLeon is dismissed, the Defendants are still faced with addressing eighteen separate claims for relief.

The pending Motions to Dismiss, and the number of parties and claims, still require additional time to properly confer with Counsel for the Plaintiffs, and prepare motions for summary judgment.  In order to have sufficient time to prepare the motions, the Defendants are requesting a brief, 7-day extension.  As such, the Defendants propose to amend the Scheduling Order, to set forth a deadline for the filing of dispositive motions, to April 11, 2024.

Neither a pretrial conference nor a trial have yet been set in this matter.

## III.  CONCLUSION

For the foregoing reasons, the Defendants request the Court enter an Order amending the scheduling order as set forth above, and for all other relief deemed just and proper.

Respectfully submitted this 25th day of March 2024.

                                          s/ *Mark S. Ratner*
                                          Mark S. Ratner, Esq.
                                          Andrew D. Ringel, Esq.
                                          Katherine N. Hoffman, Esq.
                                          Hall & Evans, LLC

1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**Attorneys for Defendants Brian Mallory, Ethan VanSickle, Daniel Netzel, Jared Robertson, Joe Schilz, and Christopher Young**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 25th day of March 2024, a true and correct copy of the foregoing **FORT COLLINS DEFENDANTS' THIRD <u>UNOPPOSED</u> MOTION TO AMEND THE SCHEDULING ORDER** was filed with the Court via CM/ECF and served on the below-listed party by email:

Edward Milo Schwab, Esq.
milo@ascendcounsel.co
*Counsel for Plaintiff*

Jonathan Abramson, Esq.
jabramson@sgrllc.com
Yulia Nikolaevskaya, Esq.
jnikolaevskaya@sgrllc.com
*Counsel for Defendant Haferman*

Defendants Brian Mallory, Ethan VanSickle,
Daniel Netzel, Jared Robertson,
Joe Schilz, and Christopher Young,
via their respective email addresses.

*s/ Sarah Stefanick*