IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-01983-SKC

MICHAEL PIPER TOWNLEY, and
ANNA KRUGER,

    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
ETHAN VANSICKLE, in his individual capacity;
DANIEL NETZEL, in his individual capacity;
JARED ROBERTSON, in his individual capacity;
JOE SCHILZ, in his individual capacity;
JASON HAFERMAN, in his individual capacity;
CHRISTOPHER YOUNG, in his individual capacity.

    Defendants.

**ORDER RE: DEFENDANTS: ETHAN VANSICKLE, JOE SCHILZ, JASON HAFERMAN, AND CHRISTOPHER YOUNG'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (DKT. 22)**

Before the Court is Defendants Ethan Vansickle, Joe Schilz, Jason Haferman, and Christopher Young's ("Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint (FAC). Dkt. 22. Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) of Counts 3, 4, and 7-18 in the FAC. Dkt. 20.

The issues are now fully briefed and the Court concludes no hearing is necessary. After carefully considering the Motion and associated briefing, the FAC, and applicable law, the Court GRANTS the MOTION as far as dismissal is concerned

1

and DENIES it to the extent it seeks a dismissal with prejudice. Dismissal will be without prejudice.

## BACKGROUND

The FAC raises a slew of claims under 42 U.S.C. § 1983 and state law, in addition to a claim under 42 U.S.C. § 1985. Dkt. 20. Defendants are all officers with the Fort Collins Police Department. The claims arise from their alleged violations of Plaintiffs' civil rights on August 8, 2020. *Id.* at p. 4. For purposes of this Motion, the background focuses on the allegations in the FAC involving the movants—Defendants Schilz, VanSickle, Haferman, and Young.[1]

On August 8, 2020, there was a Black Lives Matter Protest in Fort Collins, Colorado, to protest police violence. *Id.* at ¶¶13-15. Plaintiff Townley participated in the protest in support of Black Lives Matter.[2] *See generally* Dkt. 20.

"In response, a counter-protest was organized by various right-wing groups and individuals, including Three Percenters and the Proud Boys - right-wing and white nationalist militia organizations." *Id.* at ¶¶14-15. At some point, the counter-protestors pushed the Black Lives Matter protesters away from the protest area and into a residential neighborhood and then into a ditch. *Id.* at ¶¶60, 62, 68. A fight ensued, and one of the counter-protestors straddled Plaintiff Michael Piper Townley

---

[1] Defendants Mallory, Netzel and Robertson are not party to this Motion.

[2] Joshua DeLeon voluntarily dismissed his claims on March 25, 2024. Dkt. 73. The Court does not address any allegations referring to Mr. DeLeon or his previous claims.

and hit them repeatedly in the face and head. *Id.* at ¶¶68, 72. The fight was over by the time Fort Collins Police arrived. *Id.* at ¶75.

Plaintiff Anna Kruger was a medic tending to Townley after the fight. *Id.* at ¶90. The man who punched Townley in the face was asked if Townley had been fighting and he responded "yes." *Id.* at ¶80. VanSickle then pushed Kruger away and grabbed Townley, placing them under arrest. *Id.* at ¶¶81-82. Townley told VanSickle and Schilz it was wrong they arrested the Black Lives Matter protesters instead of the counter-protestors, and VanSickle threatened to charge Townley with resisting arrest. *Id.* at ¶85. Police also arrested Kruger. *Id.* at ¶95. The officers who arrested Kruger reported that she was engaged in fighting and interfered with an arrest. *Id.* at ¶¶100-01.

Defendant Young prepared charges against Townley for the criminal offense of disorderly conduct and affirmed under oath that Townley "was observed by officers engaging in a physical fight with other protesters." *Id.* at ¶¶103-04. These charges were later dismissed. *Id.* Similarly, Defendant Haferman prepared charges against Kruger for the criminal offenses of disorderly conduct and resisting arrest and affirmed under oath that, "Anna Kruger was observed by multiple officers fighting in public. Kruger resisted arrest when she was contacted by police." *Id.* at ¶¶108-09. These charges were also later dismissed. *Id.* at ¶102.

Plaintiffs filed their initial Complaint on August 8, 2022. Dkt. 1. They then filed their FAC on November 28, 2022. The FAC is 35 pages long, contains 297

3

numbered paragraphs of allegations, and asserts 18 total claims under federal and state law variously against seven defendants by three plaintiffs.[3] Dkt. 20. The Defendants party to the present Motion seek dismissal of the following claims asserted against them, respectively:[4]

| Count | Claim | Plaintiff(s) | Defendants |
|---|---|---|---|
| Count 3: | 42 U.S.C. § 1983 Malicious Prosecution | Anna Kruger | Schilz, VanSickle, and Haferman |
| Count 4: | C.R.S. 13-21-131 Malicious Prosecution | Anna Kruger | Schilz, VanSickle, and Haferman |
| Count 7: | 42 U.S.C. § 1983 Malicious Prosecution | Michael Townley | Schilz, VanSickle, and Young |
| Count 8: | C.R.S. 13-21-131 Malicious Prosecution | Michael Townley | Schilz, VanSickle, and Young |
| Count 9: | 42 U.S.C. § 1983 False Arrest | Michael Townley | Schilz and VanSickle |
| Count 10: | C.R.S. 13-21-131 False Arrest | Michael Townley | Schilz and VanSickle |
| Count 11: | 42 U.S. C. § 1983 First Amendment Violation Freedom of Speech and Assembly | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |
| Count 12: | C.R.S. 13-21-131 Freedom of Speech and Assembly | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |
| Count 13: | 42 U.S.C. § 1983 First Amendment Retaliation | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |
| Count 14: | C.R.S. 13-21-131 Free Speech Retaliation | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |
| Count 15: | 42 U.S.C. § 1983 Equal Protection Selective Enforcement | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |
| Count 16: | C.R.S. 13-21-131 Equal Protection Selective Enforcement | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |

---

[3] The FAC titles Counts 1 – 12 as "Counts," but then titles Counts 13 – 18 as "Claims." For consistencies sake, the Court refers to all claims for relief asserted in the FAC as "Counts."

[4] The Counts include additional Defendants not part of this Motion. This chart only includes Defendants who are party to the Motion.

4

| Count 17: | 42 U.S.C. §1985(3) Conspiracy to Obstruct Justice Based on Invidious Discrimination | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |
| Count 18: | 42 U.S.C. §1983 Conspiracy to Deprive Constitutional Rights | Both Plaintiffs | Schilz, VanSickle, Haferman, and Young |

## LEGAL PRINCIPLES

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The *Twombly/Iqbal* pleading standard requires courts to take a two-prong approach to evaluating the sufficiency of a complaint. *Iqbal*, 556 U.S. at 678–79. The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* at 678. The second prong requires the court to

5

assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

And as always, to state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

## ANALYSIS

Under whichever *prima facia* case applies to Plaintiffs' alleged claims, the FAC suffers glaring issues on its face which cause it to fail Rule 12(b)(6) against these Defendants—*e.g.*, conclusory and group-pleaded allegations. *See Madrueno v. Homecomings Fin. Co.*, LLC, No. CV-09-1413-PHX-DGC, 2010 WL 1654150, at *3 (D. Ariz. Apr. 21, 2010) ("Moreover, the entire complaint is conclusory in nature and contains nothing more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'") (citing *Iqbal*, 129 S. Ct. at 1949.). Conclusory allegations express "a

6

factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary (11th ed. 2019); *see also Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (Conclusory allegations fail to apprise defendants "of the conduct that forms the basis of the charges against them."); *Morris v. Thaler*, 425 Fed. App'x 415, 421 (5th Cir. 2011) (Conclusory allegations are "vague, lacking in specifics, or amount to mere recitations of the relevant legal standards without any supporting factual narrative.").

Similarly, because of the FAC's plentiful group-pleaded allegations, it fails to meaningfully differentiate between the Defendants and their individual and respective acts or omissions. *Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) ("Group pleading violates Rule 8 when a plaintiff fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants.") (citing *Snyder v. ACORD Corp.*, 2016 WL 192270, at *3 (D. Colo. Jan. 15, 2016), *aff'd* 684 F. App'x 710 (10th Cir. 2017) (repeatedly referencing 113 defendants as a group when only a small minority engaged in certain conduct violated Rule 8).[5] It is axiomatic that to state a claim in federal court, a plaintiff must plausibly plead each defendants' personal participation in the alleged unlawful conduct. *Nasious*, 492 F.3d at 1163. While "[s]pecific facts are

---

[5] The Court cites cases analyzing Rule 8 because they further illustrate how the pleadings fail under Rule 12(b)(6). Group plead allegations, which violate Rule 8, are also insufficient to establish personal participation—a requirement for plausibly alleging a claim under *Iqbal* and *Twombly*. Despite citing these Rule 8 cases, this dismissal is, nevertheless, pursuant to Rule 12(b)(6).

7

not necessary" under the notice pleading standard, at least *sufficient* facts are to survive a Rule 12(b)(6) motion. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Khalik*, 671 F.3d at 1191 ("[I]n examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements[.]").

To be sure, out of 297-numbered allegations in the FAC, the pleading only refers specifically to Haferman in seven of them (excluding ¶9 describing who Haferman is as a party). Dkt. 20 at ¶¶108-14. After cutting through the chaff of the abundant conclusory and group-pleaded allegations in the FAC, the only well-pleaded allegations against Haferman are as follows:

> 108. Defendant Jason Haferman then prepared charges against Ms. Kruger for the criminal offenses of disorderly conduct and resisting arrest.
>
> 109. Defendant Haferman then affirmed under oath that "Anna Kruger was observed by multiple officers fighting in public. Kruger resisted arrest when she was contacted by police."
>
> 113. Jason Haferman has since been suspended by the Fort Collins Police Department.

*Id.* at ¶¶108-09, 113.

The same analysis applies regarding the other Defendants who filed the Motion. Excluding the paragraphs describing each Defendant as a party, the FAC refers specifically to Young in only five of the 297-numbered allegations (¶¶103-04, 107, 110, 114) and only two of which are well-pleaded (¶¶103 and 104); it refers specifically to Schilz in eight of the numbered allegations (¶¶45, 48-49, 82, 85-87, 114) and only four of which are well-pleaded (¶¶45, 48-49, 82); and it refers specifically to

VanSickle in nine of the numbered allegations (¶¶45, 48-49, 81-82, 85-87, 114) and only five of which are fully or partly well-pleaded (¶¶45, 48-49, 81-82).

The tie that binds these sparse, well-pleaded allegations to any alleged constitutional or other law violations is the group-pleaded allegations. For example, consider these group-pleaded allegations:

- 37. For the Defendants, people who protest police brutality were less deserving of protection and should learn that if they express criticism of police conduct, then the police will withhold their services in kind.

- 51. For each of these five Defendants, the proto-insurrectionists were their allies and should be relieved of any responsibility for their actions if they were punishing the Black Lives Matter protesters.

- 78. Although Mx. Townley, Ms. Kruger, and several others were telling all Defendants that they had been attacked and had been trying to leave - that the proto-insurrectionists had punched them, the Defendants did not care.

- 83. Defendants had no probable cause to arrest Mx. Townley. The police were simply looking to use the force of the state to punish those who called for an end to police brutality.

- 88. Of course, the Defendants responded in this manner because they had gotten what they wanted by removing themselves from the situation - violence to be perpetrated against those who protested police misconduct by the proto-insurrectionists.

Dkt. 20; *see also id.* at ¶¶28-29, 31-32, 35, 37-40, 50-52, 56-57, 63-64, 75-76, 78, 83, 88; 106 (all referring variously and collectively to "Defendants," "the police officers," "the police," or "FCPD officers"). Similarly, the allegations under each applicable cause of action also group-plead the Defendants' conduct and merely recite the basic elements of each claim. *Id.* at ¶¶153-64, 177-297; *Iqbal*, 556 U.S. at 678 ("Threadbare

9

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While the FAC tells a compelling story and presents a novel theory, it is devoid of sufficient factual averments to state plausible claims against these Defendants. As the Tenth Circuit has said, an "appellant must present his claims in a way that does not compel us to scavenge through his brief for traces of argument." *United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015) (citing *Nixon v. City and County of Denver*, 784 F.3d 1364, 1370 (10th Cir. 2015). Nor should this Court have to parse the FAC for traces of plausible claims when confronted with a pleading that is facially deficient in its factual allegations.

For instance, Count 3—alleging a Section 1983 claim for malicious prosecution involving Plaintiff Kruger—group pleads that "Defendants initiated and continued the case without proper purpose and based on fabrication[;]" and "Defendants played important roles in the filing of charges against Ms. Kruger." Dkt. 20 at ¶¶155-56. But there are no factual allegations in the FAC regarding VanSickle's or Schilz's personal participation in initiating any case against Kruger, what each of them allegedly fabricated as part of that case, or facts regarding the "important roles" they each played "in the filing of charges against" Kruger. While the FAC alleges VanSickle physically pushed Kruger away at some point (¶81), or that Haferman "prepared charges against" Kruger and affirmed under oath that other officers observed Kruger fighting in public (¶108-09), these averments are insufficient to state a plausible

10

claim. The FAC lacks factual allegations regarding how each of these Defendants caused Kruger's prosecution and lacks factual and non-conclusory allegations regarding the claimed lack of probable cause and malice.[6] Count 3 fails to state a plausible claim against VanSickle, Schilz, and Haferman. And because Count 4 (brought under state law) is redundant of Count 3, it also fails to state a plausible claim against these three Defendants.[7]

Counts 7 through 10 brought by Townley similarly fail. Counts 7 and 8 allege malicious prosecution under federal and state law, respectively, against Young, Schilz and VanSickle. Counts 9 through 10 brought by Townley allege false arrest under federal and state law, respectively, against Schilz and VanSickle. The malicious prosecution claims lack sufficient factual allegations regarding VanSickle's or Schilz's personal participation in initiating any case against Townley, what each

---

[6] In the Tenth Circuit, "a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Brandt v. City of Westminster*, 300 F. Supp. 3d 1259, 1279 (D. Colo. 2018) (quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)). "Where criminal charges were brought but dismissed before trial, [the plaintiff] must allege a violation of the Fourth Amendment in order to proceed on a theory of § 1983 malicious prosecution." *Cummisky v. Mines*, 248 F. App'x 962, 967 (10th Cir. 2007) (quoting *Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007)).

[7] C.R.S. 13-21-131 creates liability for government actors who violate rights secured by the Bill of Rights or Article II of the Colorado Constitution. The FAC frames the state law claims as violations of the U.S. Constitution. The Court therefore analyzes the federal and state law claims under the relevant federal standards.

of them allegedly fabricated as part of that case, or facts regarding the "important roles" they each played "in the filing of charges against" Townley.

And even though Schilz and VanSickle purportedly participated in Townley's arrest, there are insufficient facts to plausibly allege Plaintiffs' claims of malicious prosecution or false arrest. The FAC is vague as to which Defendant, Schilz or VanSickle, arrested Townley. Dkt. 20 at ¶82. Regardless, according to the FAC, Townley was arrested after a counter-protestor "was asked" by an unidentified person whether Townley "had been fighting, to which they responded yes." *Id.* at ¶80. Townley was thereafter placed under arrest. In this regard, the FAC pleads probable cause for the arrest (*i.e.*, Townley "had been fighting"). The surrounding allegations regarding the lack of probable cause for Townley's arrest are conclusory. *See, e.g., id.* at ¶83 ("Defendants had no probable cause to arrest Mx. Townley. The police were simply looking to use the force of the state to punish those who called for an end to police brutality."); *id.* at ¶84 ("The police officers knew that the proto-insurrectionists they spoke with had been the aggressors, but they never considered arresting them. These were their colleagues."). The Court is under no obligation to accept inconsistent factual claims. *McKinley Med., LLC v. Medmarc Cas. Ins. Co.*, No. 11-cv-01218-CMA-KMT, 2012 WL 987821, at *5 (D. Colo. Mar. 23, 2012) (on Rule 12(b)(6) motions, "courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, [but] they need not accept factual claims that are internally inconsistent") (cleaned up). Nor is the Court under an

obligation to accept the wholly conclusory allegations in the FAC that simply aver there was no probable cause for Townley's arrest. *Erickson*, 263 F.3d at 1154. For all these reasons, Counts 7 – 10 fail to state plausible claims against Schilz, VanSickle, and Young.

Plaintiffs' First Amendment free speech and assembly claims, and related state law claims (Counts 11 – 14), also fail against these Defendants due to Plaintiffs' inadequate pleading of these claims. When ignoring the FAC's group-pleaded and conclusory allegations, the FAC, at a minimum, fails to plausibly allege any of these Defendants' individual acts or omissions were motivated as a response to Plaintiffs' exercise of their free speech or free assembly rights. *See Worrell v. Henry*, 219 F.3d 1197, 1212-13 (10th Cir. 2000) ("We have stated that any form of official retaliation for exercising one's freedom of speech . . . constitutes an infringement of that freedom. . .. We have required proof of the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.") (cleaned up). This is in part, as discussed above, due to the FAC's failure to adequately plead facts supporting each Defendants' personal participation in the alleged free speech and assembly violations. Counts 11 – 14 fail Rule 12(b)(6) as asserted against Schilz, VanSickle, Haferman, and Young.

13

Counts 15 – 17 fail for the same reason. These claims allege violations of equal protection due to selective enforcement under federal and state law (Counts 15 and 16) and federal law claims of conspiracy to obstruct justice based on invidious discrimination (Count 17). The elements of each of these claims require a *prima facie* showing of subjective intent. *See York v. Secretary of Treasury*, 774 F.2d 417, 422 (10th Cir. 1985) (A selective enforcement claim under the Fourteenth Amendment requires a showing that "the selection has been invidious or in bad faith and based on intentional, purposeful discrimination stemming from impermissible considerations such as race, religion, or the desire to prevent the exercise of other constitutionally secured rights."); *Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979) (A Section 1985 conspiracy claim requires "class-based discriminatory animus[;]" "The complaint must allege facts showing a conspiracy against plaintiff 'because of' her membership in a class, and that the criteria defining the class 'were invidious.'"). The FAC does not allege sufficient facts, beyond the conclusory and group-pleaded, to plausibly allege that any one of these Defendants' acts or omissions were based on any discriminatory animus harbored by that individual defendant. It is imperative that a plaintiff's complaint "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The Tenth Circuit has stressed that, where defendants' powers and duties vary, the "need for

14

individualized allegations is especially important." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011). The FAC simply fails in this regard and thus renders Counts 15 – 17 implausible.

And finally, Count 18 alleging a Section 1983 conspiracy to deprive constitutional rights, also fails to pass Rule 12(b)(6). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021) (citation omitted). Count 18 is based nearly wholly on conclusory allegations of conspiracy. For example, parallel action or inaction does not necessarily indicate an agreement to act in concert. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004). Without considering the FAC's conclusory allegations, the remaining well-pleaded allegations of these Defendants' respective and personal involvement suggests mere parallel action or inaction. In addition, with the failure of Plaintiffs' other claims against these Defendants, Count 18 further fails to plausibly allege an actual deprivation of rights to state a Section 1983 conspiracy claim. *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021).

\*   \*   \*

For the reasons shared above, the MOTION TO DISMISS is GRANTED. It is ORDERED that: (1) Counts 3-4 and 7-18 are DISMISSED against Schilz and VanSickle; (2) Counts 3-4 and 11-18 are DISMISSED against Haferman; and (3) Counts 7-8 and 11-18 are DISMISSED against Young.

The Motion is DENIED to the extent Defendants sought dismissals with prejudice. It is ORDERED that the dismissals ordered herein shall be without prejudice.

DATED: March 28, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge