IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-01983-SKC

MICHAEL PIPER TOWNLEY, and
ANNA KRUGER,

    Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity,
DANIEL NETZEL, in his individual capacity, and
JARED ROBERTSON, in his individual capacity,

    Defendants.

## MINUTE ORDER RE:
## MOTION FOR LEAVE TO FILE ADDITIONAL FACTS (DKT. 82)

    This matter is before the Court on Plaintiffs' Unopposed Motion for Leave to File Response to Summary Judgment with More Than 40 Facts (Motion) (Dkt. 82). When summary judgment motions are filed in this Court, this Court's Standing Order for Civil Cases requires the parties to file separate Statements of Undisputed Material Facts using a three-column chart. The Standing Order requires that the moving party shall not file more than 80 separately numbered statements of undisputed material facts in the first column of the chart. In the second column, the non-moving party states whether the fact listed by the movant in the first column is "disputed" or "undisputed" and also states the nature of the dispute followed by a specific reference to material in the record that supports the position that the fact is controverted. Also in the second column, after the movant's verbatim entries, the non-movant shall set forth any additional material facts which they contend are undisputed; without leave of Court, these additional facts are limited to 40 separately numbered entries.

    Plaintiffs now seek leave to double (requesting 80 total) the number of additional facts they may set forth in their column of the chart. Plaintiffs filed their

Motion seeking leave to include 40 additional facts the same day their response to the Motion for Summary Judgment (MSJ) (Dkt. 78) was due. The Motion explains, "After preparing the additional facts section, Plaintiff again reviewed this Court's Standing Order for Civil Cases. Undersigned counsel had not previously noticed this Court's requirement that Statements of Additional Facts are limited to 40 in a Response." Dkt. 82, ¶¶2-3.

Although Plaintiffs timely filed their Response (Dkt. 83) to the MSJ (and on the same day they filed the Motion seeking leave to double their statement of facts), they *untimely* filed the required chart of undisputed material facts the day after it was due, on May 10, 2024. That chart appears to include only 39 additional facts, not even using the full 40 available to Plaintiffs under this Court's Standing Order.

Plaintiffs fail to demonstrate good cause or excusable neglect to justify doubling the number of additional facts in their untimely-filed factual chart. Plaintiffs' counsel concedes he failed to carefully familiarize himself with this Court's Standing Order thus resulting in Plaintiffs' eleventh hour request and untimely filing of their facts chart. Further, Plaintiffs did not even use their full allotment of 40 factual averments in the chart they did file, which makes suspect the need for now 41 more. That said, considering the Motion is unopposed, it appears Defendants claim no prejudice by affording Plaintiffs a second bite at the chart. Therefore, the Court **PARTIALLY GRANTS** the Motion and affords Plaintiffs a total of 60 factual statements. It is **ORDERED** that Plaintiffs file their separate Statement of Undisputed Material Facts not exceeding 60 separately numbered statements of additional facts no later than **May 20, 2024**. The Motion does not request additional briefing by Plaintiffs in their response to the MSJ concerning these additional facts, and the Court does not find additional briefing is warranted considering the lack of good cause or excusable neglect already found by this Court.[1]

---

[1] The Court is concerned with the apparent carelessness of Plaintiffs' recent filings. This includes the extreme oddity that Plaintiffs' response to the MSJ is signed not only by Plaintiffs' counsel *but also* by Defendants' counsel. Dkt. 83, p.15. The Court assumes this was a mistake and carryover from Plaintiff starting with a previous stipulated motion that contained both signatures when drafting the response to the MSJ. But coupling this oddity with the untimely chart and the failure to be familiar with the Court's Standing Order makes the sloppiness palpable. All counsel are encouraged to slow down, know the applicable rules, and work ahead to allow lead time and avoid eleventh hour requests.

It is **FURTHER ORDERED** that Defendants shall file their reply within fourteen days of the date Plaintiffs file their amended chart.

DATED: May 13, 2024.