## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-01983-SKC

MICHAEL PIPER TOWNLEY and ANNA KRUGER;

     Plaintiffs,

v.

BRIAN MALLORY, in his individual capacity;
DANIEL NETZEL, in his individual capacity; and
JARED ROBERTSON, in his individual capacity;

     Defendants.

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Defendants, through their counsel, respectfully submit this Reply in Support of Motion for Summary Judgment [ECF 78], as follows:

## ARGUMENT

### I.    This Case Presents No Cognizable Malicious Prosecution Claims.

#### a.  Anna Kruger.

Kruger cannot establish her criminal matter terminated in her favor. Although the charges for disorderly conduct and resisting arrest were dismissed, Kruger pled guilty and paid a fine on her fireworks charge. Kruger contends a charge-by-charge approach is "the prevailing law," but she ignores recent decisions in this Circuit. The Tenth Circuit declined to find a favorable termination when a plaintiff pled guilty on at least one charge. *See **Van De Weghe v. Chambers***, 569 Fed. Appx. 617, 619-620 (10th Cir. 2014) ("Mr. Van De Weghe's own complaint admits facts

showing that the defendants *had* probable cause to pursue at least one charge against him. … [T]he defendants possessed probable cause to pursue an evidence tampering charge at every point in the proceedings — and thus cannot be said to have engaged in malicious prosecution."); ***Montoya v. Vigil***, 898 F.3d 1056, 1067-1068 (10th Cir. 2018); ***Livingston v. Unified Gov't of Wyandotte Cnty.***, 2023 U.S. Dist. LEXIS 122804, at *10-11 (Dist. Kan. July 17, 2023) ("Plaintiff cannot demonstrate that no probable cause supported his arrest or prosecution where he was found guilty of one charge."). In ***Guinn v. Unknown Lakewood Police Officers***, 2010 U.S. Dist. LEXIS 121429, at *14-15 (Dist. Colo. Sept. 30, 2010), the Court determined a total transaction approach was the "more logical approach," finding:

> [T]he favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole. It is rare that a defendant pleads guilty to every charge against him when there are multiple charges. The more logical approach is to consider as a total transaction whether the activity forming the basis for the arrest is the same as the activity to which the defendant pleaded guilty.

*Id.* at *14-15 (internal citations and quotations omitted).

Kruger's reliance on ***Stewart v. City of Boulder***, 2020 U.S. Dist. LEXIS 160058, at *23-27 (Dist. Colo. March 5, 2020), is misplaced. In ***Stewart***, the plaintiff attempted a malicious prosecution claim and alleged the prosecutor declined to retry criminal charges against him because of concerns the prosecution may not secure a conviction. Here, Kruger submits no evidence establishing prosecutors had misgivings about her criminal charges or the underlying investigation.

Kruger has not, and cannot, establish any of the Defendants acted with malice because the Defendants possessed arguable probable cause to arrest her. Arguable probable cause exists when a defendant "in the same circumstances and . . . possessing the same knowledge as the officer in

question could have reasonably believed that probable cause existed in light of well-established law." ***Felders ex rel. Smedley v. Malcom***, 755 F.3d 870, 879 (10th Cir. 2014). Kruger also ignores her guilty plea to the fireworks charge addressed above, and the charge for resisting arrest clearly documented in body camera footage. [*See* Defendants' Statement of Undisputed Material Facts ("DSUMF"), at ¶¶58-59]. Arguable probable cause existed based on (1) her proximity to the fight, (2) her statements to officers, and (3) because the Defendants articulated facts establishing Kruger interfered in Plaintiff Townley's arrest and ran away after being informed she was also under arrest. [DSUMF, at ¶¶54-55, 57-59]. Probable cause, (or at a minimum, arguable probable cause), existed for an arrest on charges of disorderly conduct and resisting arrest. Additionally, probable cause existed for the fireworks charge, confirmed by Kruger's guilty plea.

To show malice, Kruger relies on pre-arrest statements made by Sgt. Mallory regarding Antifa. The statements are immaterial, because Kruger has not established they were directed at her, nor could she. The statements were made earlier in the day, at a time when Kruger had not yet interacted with Defendants, and Kruger does not allege the statements were directed to her.  Kruger believes "these [Sgt. Mallory's] statements suggest a strong dislike for 'Antifa' which Mr. Mallory associates with Kruger." Kruger offers no citation for this allegation. [ECF 85, p. 4]. The fact that Sgt. Mallory expressed a concern with Antifa earlier in the day [and no facts to suggest he arrested any individuals he perceived to be associated with Antifa, *see* Plaintiffs' Statement of Additional Disputed Facts ("PSADF"), at ¶¶80, 82, 84, 86, 89], does not support the separate assertion that Sgt. Mallory (1) believed Kruger was a member of Antifa and (2) arrested her based on his belief. There simply is no evidentiary support for Plaintiffs' assertion.

Kruger's claims against Officers Netzel and Robertson are even more tenuous, and she has not met her burden to show Officers Netzel and Robertson personally participated in her prosecution. Regarding Officer Netzel, Kruger argues he complained about an unidentified woman reporting an incident where someone spit at her, and she then threatened to spit at others. [PSADF, at ¶91]. This assertion is irrelevant, however: the unidentified woman is not a plaintiff; Kruger was not present for this interaction; and Officer Netzel's statement did not refer to Kruger. Moreover, Plaintiff includes no facts connecting Officer Robertson to her prosecution.[1]

### b. Michael Piper Townley

Plaintiffs do not address Defendants' argument that "Townley's malicious prosecution claim against the remaining Defendants should be dismissed as well, as there is no evidence establishing that Robertson and Netzel were involved in the decision to arrest and prosecute Townley." [ECF, 78, at p. 11; ECF 85, at pp. 5-8]. Thus, Townley's malicious prosecution claims against Officers Netzel and Robertson are waived. *See **Goodwin v. General Motors Corp**., 275 F.3d 1005, n. 1 (10th Cir. 2002).

Townley is unable to establish an absence of probable cause or malice by Sgt. Mallory, underlying her charge. [DSUMF, at ¶57]. Townley attacks the on-scene investigation by Sgt. Mallory, including an alleged failure to conduct a credibility assessment of an individual in a blue shirt, who responded to Sgt. Mallory's inquiry about Townley's involvement in the fight. Townley argues this blue-shirted individual was allegedly untruthful <u>later in the day</u>; however, no causal

---

[1] In the Response, Plaintiffs refer one time to Officer Robertson and one time to Officer Netzel, in the confession of their false arrest claims against Officers Robertson and Netzel. Plaintiffs refer to Officer Netzel three other times, rehashing the same statement by Officer Netzel discussing the unknown female. [ECF 85, at pp. 4, 11, 14].

connection between this individual's subsequent statements and Sgt. Mallory's actions is established.

While officers cannot ignore available and undisputed facts, *see **Baptiste v. J.C. Penney Co.***, 147 F.3d 1252 (June 30, 1998), they are "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." ***Marquez v. Norton***, 2010 U.S. Dist. LEXIS 115716, at *11 (Dist. Colo. Oct. 29, 2010) (citations omitted). This is especially true in exigent circumstances such as a protest/counterprotest rife with contentious civil dialogue between individuals of different viewpoints. *See* DSUMF, ¶69; ***Lucero v. Valdez***, 2008 U.S. Dist. LEXIS 143043, at *33 (Dist. N.M. March 27, 2008), citing ***Kuehl v. Burtis***, 173 F.3d 646, 650 (8th Cir. 1999).

## II.    This Case Presents No Cognizable False Arrest Claims.

When a warrantless arrest is the subject of a §1983 action, the defendant arresting officer is "entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff. ***Hunter v. Bryant***, 502 U.S. 224, 228 (1991). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." ***Hunter***, 502 U.S. at 227.  Sgt. Mallory had probable cause—or at a minimum, arguable probable cause—to arrest Plaintiffs and, therefore, he is entitled to qualified immunity on these claims. The basis for Sgt. Mallory's probable cause determinations is outlined in Defendants' DSUMF [for Kruger, *see* DSUMF, ¶¶48-52, 54-59; for Ms. Townley, *see* DSUMF ¶¶48-57]. Plaintiffs attack the trustworthiness of information provided by the male in the blue shirt regarding Townley engaging in fighting. There are several problems with Plaintiffs' argument, however: (1)

Plaintiffs' credibility concern[2] with the male in the blue shirt largely relies on this individual's post-fight activities and statements, which Plaintiffs have not, and cannot, establish Sgt. Mallory was involved in or aware of at the time he directed officers to arrest Townley absent clairvoyance; and (2) Sgt. Mallory's decision to arrest Townley was based on more than just the statement by the male in the blue shirt. Indeed, the statement by the male in the blue shirt corroborated Sgt. Mallory's on-scene observations, including that Townley was winded and had observable injuries. [*See* DSUMF ¶¶54-57]. Even a mistaken determination by Sgt. Mallory will not vitiate arguable probable cause. Finally, nothing in Plaintiffs' response addresses the volatile situation Sgt. Mallory encountered or had a continuing obligation to monitor. Plaintiffs have not provided any caselaw establishing their rights were clearly established and violated by Sgt. Mallory in the unique exigent circumstance of a volatile protest/counterprotest.

### III.    This Case Presents No Cognizable Free Speech or Retaliation Claims.

Plaintiffs acknowledge their free speech and First Amendment retaliation claims are "closely related." [ECF 85, p. 11]. That is incorrect—their claims are identical. In sum, Plaintiffs allege they engaged in free speech; Defendants arrested them; and Defendants arrested them because they did not like Plaintiffs' speech. Such allegations support only a retaliation claim properly analyzed under the framework articulated in ***Worrell v. Henry***, 219 F.3d 1197 (10th Cir. 2000). ***Sodaro v. City & Cnty. of Denver***, U.S. Dist. LEXIS 170904, *19-20 (D. Colo. September 21, 2022), citing ***Valdez v. New Mexico***, 109 F. App'x 257, 263 n.4 (10th Cir. 2004). Plaintiffs do not allege there were any prior restraints on their speech. Indeed, Plaintiffs do not allege any police

---

[2] It is improper for the Court to make credibility determinations on summary judgment. ***Hansen v. PT Bank Negara Indon. (Persero)***, 706 F.3d 1244, 1251 (10th Cir. 2013).

officers interfered with or limited their speech while Plaintiffs were in front of the FCPS building during the demonstration. Plaintiffs also do not point to any policies, practices, or regulations restricting their ability to speak during the rally.

Plaintiffs cite *Sexton v. City of Colo. Springs*, 530 F. Supp. 3d 1044, 1065 (D. Colo. 2021), for the proposition, "An arrest by a police officer **can** give rise to a claim for a content-based restriction on free speech." (Emphasis added). The *Sexton* Court relied on the Sixth Circuit's decision in *Logsdon v. Hains*, 492 F.3d 334, 346 (6th Cir. 2007), for this proposition. *Sexton* and *Logsdon* are distinguishable from the present case, however. In *Sexton*, an officer arrested the plaintiff, who was present on a public sidewalk, immediately after the plaintiff "flipped off" the officer. *Sexton*, 530 F. Supp. 3d at 1052. In *Logsdon*, officers removed plaintiff from a public forum due to the content of his speech. 492 F.3d at 345-46. In both *Sexton* and *Logsdon*, the officers' actions arguably resulted in the plaintiffs' arrests AND silenced their immediately preceding speech in a public forum. Thus, bringing free speech and First Amendment retaliation claims would not be duplicative in those factual scenarios. But that is not the situation here.

Plaintiffs' arrests were made in a grassy area behind a house – away from the FCPS building where the protests were occurring – after Plaintiffs were leaving the protests. Other than a conclusory assertion that Plaintiffs engaged in speech in a public forum, Plaintiffs make no effort to establish the grassy area was a public forum. Also, there are different categories of public forums, but Plaintiffs fail to identify which category applies to the grassy area. Regardless, it is not clear as a matter of law that a grassy area behind a house is a public forum under any category. Moreover, Plaintiffs do not allege they were engaged in protected speech at the time of their arrests; rather, they admit they were in the process of leaving the area.

Defendants are also entitled to summary judgment on Plaintiffs' First Amendment retaliation claim. Defendants argue Plaintiffs have not established they engaged in protected speech in the timeframe immediately leading to their arrests. Plaintiffs respond by faulting Defendants for not citing a case standing for this proposition. [ECF 85, p. 12]. Plaintiffs, however, misunderstand their burden- it is their burden - not Defendants' - to prove their First Amendment retaliation claim. This burden includes proving they participated in protected speech. Moreover, Plaintiffs do not address *Worrell*'s intent requirement. Plaintiffs must prove the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."[3] 219 F.3d at 1212-13. *Worrell* explains that proof of a defendant's intent is "the key element" in a First Amendment retaliation claim. *Id.* at 1215 ("Under that framework, the defendant's intent is the key element. 'An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper.'"). Here, Plaintiffs have not established any of the Defendants had knowledge or awareness of Plaintiffs' speech earlier in the day at a different location. Plaintiffs also do not allege they engaged in any protected speech critiquing police in the presence of Defendants just before their arrests. Moreover, Plaintiffs were not carrying any anti-police signs. Plaintiffs rely on Sgt. Mallory's earlier statements expressing concern with Antifa, which Plaintiffs have not established were made in reference to them. Plaintiffs have not established the decisions to arrest them by Sgt. Mallory was substantially motivated by their speech; indeed, such a showing is impossible because Plaintiffs have not established Sgt. Mallory

---

[3] Plaintiffs do not cite the correct framework under *Worrell*. Plaintiffs allege they must prove the officers' conduct was "motivated" by Plaintiffs' speech [ECF 85, at p. 12], but the complete language is "substantially motivated." 219 F.3d at 1215.

had any knowledge of the substance of their earlier speech. Again, Plaintiffs' allegations against Officers Netzel and Robertson are even more attenuated and fail to establish personal participation in any alleged violations. Plaintiffs rehash Officer Netzel's earlier statement about an unrelated, unknown female, and Plaintiffs cite no statements or conduct in support of their claim against Officer Robertson.

Finally, Plaintiffs have not established the exception outlined in ***Nieves v. Bartlett***, 587 U.S. 391 (2019), applies in this case. In ***Nieves,*** the Supreme Court held, "the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." ***Id.*** at 407. Here, Plaintiffs have produced **no objective material evidence** establishing they engaged in protected speech and were arrested, but other individuals who were not engaged in protected speech were not arrested. This exception logically requires that Defendants were aware of Plaintiffs' alleged protected speech, which – again – Plaintiffs have failed to establish.

### IV.    This Case Presents No Cognizable Selective Enforcement Claim.

Plaintiffs cannot establish Defendants' actions "had a discriminatory effect and were motivated by a discriminatory purpose." ***Haskett v. Flanders***, 2014 U.S. Dist. LEXIS 179691, at *16 (D. Colo. Dec. 12, 2014) (citations omitted). Plaintiffs include no assertion in support of their claim against Officer Robertson, other than Officer Netzel's irrelevant comment regarding interactions with an unrelated female—this is insufficient to establish their personal participation in Plaintiffs' underlying arrests (indeed, Plaintiffs confessed their unlawful arrest claims against Officers Robertson and Netzel) or that they possessed the requisite mental state. Regarding Sgt. Mallory, Plaintiffs repeat the same allegations regarding Sgt. Mallory's earlier statements about

Antifa. But repetition does not transform Plaintiffs' immaterial allegations into material ones. Sgt. Mallory's statements about Antifa were made earlier in the day and not in reference to Plaintiffs. Plaintiffs have not alleged Sgt. Mallory was present when they allegedly engaged in protected speech in front of the FCPS building or that he knew or was aware of their alleged protected speech. Plaintiffs have not alleged Sgt. Mallory made any statements to them (or about them) regarding their alleged protected speech and have not alleged he made any statements to them connecting them with Antifa. Notably, Sgt. Mallory permitted other members of Plaintiffs' group (who he did not have probable cause to believe committed a crime) to leave the scene. Sgt. Mallory policed the protest/counterprotest before the fight and made observations of individuals he believed to be Antifa, but he did not arrest them, instead allowing them to express their views without intervening. Finally, Sgt. Mallory alerted Lt. Murphy to his concerns that he was unable to conduct a complete on-scene investigation; Detective O'Loughlin was thereafter assigned to investigate the fight in the ditch and his investigation resulted in charges against additional individuals. The standard for proving a selective enforcement claim is "demanding," and Plaintiffs' presentation of conclusory and immaterial assertions fail to create a disputed issue of material fact on their claim. ***Barwick v. Behnke***, 2012 US Dist. LEXIS 171713, at \*11-16 (D. Colo. Nov. 13, 2012).

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request this Court grant them summary judgment on Plaintiffs' claims, dismiss this case in its entirety with prejudice, and for all other and further relief as this Court deems just and appropriate.

**AI CERTIFICATION**

No part of this Reply was generated or drafted by AI.

Respectfully submitted this 14th day of June, 2024.

s/ *Mark S. Ratner*
Mark S. Ratner, Esq.
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
**ATTORNEYS FOR DEFENDANTS**
**BRIAN MALLORY, DANIEL NETZEL,**
**AND JARED ROBERTSON**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 14th day of June 2024, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed by CM/ECF and was served on all counsel of record.

s/ *Sarah Stefanick*