# Fort Collins Police Services
Policy Manual

**EXHIBIT CC**

|  | **POLICY** | **446** |
|---|---|---|
| | **TITLE** | Mobile Audio/Video Recorder Policy |

## 446.1 PURPOSE AND SCOPE

Fort Collins Police Services (FCPS) has equipped selected vehicles and officers with Mobile Audio/Video Recording System(s) (MAV). The MAV is designed to assist officers in the performance of their duties and as a complement to the other law enforcement equipment used by them. The MAV is used to record certain duty-related activities, thereby creating a visual and/or audio record of the incident as a supplement to the officer's report.

This policy provides officers with guidelines for the use of the MAV as outlined in CRS § 24-31-902. FCPS standards for MAV use exceed those set forth in state law.

## 446.2 OFFICER OPERATION REQUIREMENTS

(a) Officers shall test the functionality of their MAV in accordance with manufacturer specifications and departmental training at the beginning of their shift or as soon as practical when responding from off-duty or a non-patrol assignment.
(b) MAV testing includes but is not limited to the following:
   1. Checking that the camera/recording device is functional.
   2. Verifying that the MAV has an adequate power source.
   3. Ensuring that the MAV is properly placed/affixed for optimal use.
   4. Documenting officer information if applicable.
   5. Documentation of the successful test is the video created when the device is initially checked. If the MAV is found not to be operational during the test, the officer will document the status in their unit history before responding to calls for service.
(c) At the end of shift, the MAV must be secured and charged in accordance with manufacturer specifications and departmental training.
(d) If, at any time, the MAV is found to be functioning improperly, the officer shall remove it from service and contact the appropriate supervisor/MAV administrator as soon as reasonably possible.

### 446.2.1 UPLOADING, STORAGE, AND RETENTION OF RECORDINGS

(a) Any incident captured by the MAV shall be documented in the associated departmental reports, field interview entries, and on citations.
(b) All MAV recordings shall be uploaded at the end of an officer's shift, and in accordance with manufacturer specifications and departmental training. If there is a circumstance when this cannot be accomplished, an officer shall notify and gain approval from a supervisor to be authorized to deviate from the normal process.
(c) MAV evidence will be stored in a departmental designated and secured location, including but not limited to:
   1. An FCPS approved, web-based server; and

1

| POLICY | 446 |
|---|---|
| TITLE | Mobile Audio/Video Recorder Policy |

    2. Physical storage media such as CDs, DVDs, or other digital storage devices.
(d) All MAV recordings will be logged as a criminal justice record following Agency policy and trainings. MAV recordings that are associated with a departmental report number that are uploaded directly into a server will have an entry made into RMS.

### 446.3 ACTIVATION OF THE MAV GENERALLY

(a) An officer may activate the MAV any time the officer believes it would be appropriate and/or valuable to document an incident. However, an officer must activate the MAV as required in Section 446.3.1.
(b) In some circumstances, it is not possible to capture images of the incident due to the conditions or the location of the camera. However, the audio portion can be valuable evidence and is subject to the same activation requirements as the MAV.
(c) Once activated, the MAV, with the exceptions described in Section 446.3.2, shall remain on and not be turned off until the initial incident that caused the activation has concluded. For purposes of this section, conclusion of the incident occurs when the gathering of evidence or exchange of communication related to police enforcement activities are concluded. Circumstances vary, so officers will be expected to use their discretion and training when activating and deactivating the MAV.
(d) Any incident that is recorded with either the video or audio system via the MAV shall be documented in the officer's report. If a traffic citation is issued, the officer shall make a notation on the back of the citation copy that will be sent to court, indicating that the incident was recorded.
(e) Sworn officers and Community Service Officers (CSOs) that elect to drive their assigned City vehicles to and from work or while off-duty are required to have their MAV with them while operating the vehicle in the event they are involved in an incident described in 446.3.1.
    1. Upon request, the department will provide officers and CSO's a MAV docking station for home use. If the employee elects to charge and download data from their MAV at home, they are responsible for the associated energy and internet service costs.

### 446.3.1 REQUIRED ACTIVATION OF THE MAV

The activation of the MAV, both video and audio, is required in any of the following situations for officers and CSOs who are issued a MAV:

(a) Responding in a motor vehicle to a call for service and the MAV should be activated shortly before the vehicle approaches the scene.
(b) Responding to calls for service, but not responding in a motor vehicle, and the MAV should be activated shortly before reaching the scene.
(c) Entering a premises for the purposes of enforcing the law, conducting a search either under consent or with a search warrant, or in response to a call for service.
(d) During a welfare check, including, without limitation, a motorist assist.
(e) During any in-person interaction with the public that is initiated by the officer or CSO, whether the interaction is consensual or nonconsensual, for the purpose of enforcing the law or investigating possible violations of the law. These interactions include, without limitation:
    1. All field contacts involving actual or potential criminal conduct;
    2. Traffic stops to include, but not limited to, traffic violations, motorist assistance, and all crime interdiction stops;

2

| POLICY | 446 |
|---|---|
| TITLE | Mobile Audio/Video Recorder Policy |

    3. Welfare checks;
    4. Suspicious person/vehicle contacts;
    5. Arrests and investigatory stops;
    6. Vehicle searches that occur outside of secure evidence processing locations such as secure crime scenes or evidence bays;
    7. Physical or verbal confrontations or use of force;
    8. Domestic violence calls;
    9. DUI investigations including field sobriety maneuvers;
    10. When a suspect contact or arrest is imminent;
    11. Any self-initiated activity in which an officer would normally notify Fort Collins 911 (PSAP); and
    12. Any contact that becomes adversarial after the initial contact in a situation that would not otherwise require activation of the MAV under this policy.
(f) Priority responses.
    1. There may be occasions when an officer or CSO not in a typical patrol assignment is responding directly from off duty, from a position of surveillance, or other situation where the MAV is not immediately accessible during the priority response. It is expected the officer will make reasonable effort to don and test their MAV as soon as practicable on arrival at their destination and before taking any police action.
(g) Vehicle pursuits.
(h) Any interviews/conversations over the phone for the purpose of enforcing the law or, investigating possible violations of the law, and when conducting interviews for investigations or calls for service.

It is understood that due to the range of limitations of the vehicle version of the MAV that, at times, the microphone may be out of range and may not record the audio portion.

Officers and CSOs should be aware that failing to activate an MAV as required by this policy or tampering with an MAV required to be activated under this policy may violate CRS § 24-31-902, and result in mandatory discipline and, for sworn officers, loss of POST certification.

**446.3.2 MAV ACTIVATION NOT REQUIRED OR DEACTIVATION ALLOWED**

Activation of the MAV not required, or MAV deactivation allowed when:

(a) Enroute to a call for service in a motor vehicle, but the MAV should be turned on shortly before the vehicle approaches the scene.
(b) Obtaining personal information from an individual that is not case related. This may include, without limitation, date of birth, address, phone number, email addresses, identification numbers, medical information, financial information, or any other personal information that would raise substantial privacy concerns for the individual.
(c) Working on an assignment unrelated to an incident that might otherwise require MAV activation under this policy, such as assigned to scene security post, traffic post, or acting in a Peer Support role, as defined in FCPS Policy 817 Peer Support Team, so long as there is no public interaction.
(d) There is a long break in an incident that otherwise requires MAV activation under this policy.
(e) Engaging in an administrative, tactical, or management discussion when civilians are **not** present during an incident that otherwise requires MAV activation under this policy.

3

| POLICY | 446 |
|---|---|
| TITLE | Mobile Audio/Video Recorder Policy |

(f) An officer is working undercover in compliance with FCPS Policy 608, which may include, without limitation, covert surveillance, and approved operations during which an officer uses a fictitious identity.
(g) An officer is working in a jail area that has functioning video cameras.
(h) During breaks, lunch periods, when not on shift, or when the officer is otherwise involved in routine or administrative duties having no public interaction.
(i) When an individual is willingly providing criminal intelligence information or when law enforcement is cultivating or meeting with a confidential informant and the interaction is unrelated to the incident that is otherwise requiring activation of the MAV, the sound of the MAV may be muted by the officer during this interaction. These informant contacts must comply with guidelines in Policy 608.
(j) Officers assigned to administrative duties that have little or no public interaction unless officer encounters one of the situations identified in Section 446.3.1 of this policy.
(k) Special event security assignments unless the officer encounters one of the situations identified in section 446.3.1 of this policy.

### 446.3.3 REPORTING CESSATION OF RECORDING

If there is a break in the recording of an incident, the officer report shall explain why that break occurred either on the recording itself or in an associated report. Examples of such breaks include, without limitation:

(a) There is a malfunction to or accidental deactivation of the device.
(b) Cessation of the recording is for one of the reasons authorized in Section 446.3.2 of this policy.
(c) There is a change of venue where there is no incident related police activity occurring and no public interaction.

### 446.3.4 CLASSIFICATION AND RETENTION OF MAV RECORDINGS

The officer who recorded the MAV record shall verify or classify the recording. Each classification will have an established retention time in accordance with FCPS' retention schedule. Any MAV recording in any classification can be changed to another classification or have its retention status changed in accordance with FCPS departmental policies.

Classifications, descriptions, and retention are as follows:

(a) INCIDENT ONLY – Activation of the MAV where there is unlikely to be any civil liability or possibility of a complaint or future action or any miscellaneous activation of the MAV which does not meet the requirements of any other classification. Examples may include: accidental MAV activation, removing items from the roadway, motorist assists, traffic control, general citizen contacts, contacts in which there was a violation of the law, but the officer has chosen to issue a verbal or written warning. These recordings should be available to address any complaints or issues that could be resolved by reviewing the recording. The retention period for Incident Only recordings is 36 months.
(b) TRAFFIC – MAV recordings of calls for service involving a citizen, vehicle, bicycle, pedestrian, etc. where the officer issues a citation into Municipal Court or County Court for traffic or municipal related offenses. The retention period for Traffic recordings is 36 months.

| POLICY | 446 |
|---|---|
| TITLE | Mobile Audio/Video Recorder Policy |

(c) CASE REPORT – MAV recordings made during investigations in which case reports have been generated. These recordings are consistent with FCPS' retention schedule.
(d) RESTRICTED MAV recordings that document incidents that are deemed sensitive in nature that can have access restricted to select individuals. This status would be deemed necessary by a supervisor and entered by an MAV administrator. Examples could include cases involving use of force resulting in SBI, officer involved shootings, allegations of criminal actions by an officer or by a citizen with an officer as a victim, and investigations alleging misconduct. Access to a restricted MAV must be approved by the division chief (or designee) overseeing the investigation. These recordings are subject to FCPS' evidence retention policy.
(e) PENDING REVIEW – MAV recordings deemed needed for administrative purposes such as complaint reviews or litigation holds. Retention period will be until manually deleted.
(f) REVIEW AUDIT – MAV recordings reviewed by a supervisor to verify proper use of the MAV, as well as proper operational and procedural practices. Retention will be for 5 years.

No member of this Agency may surreptitiously record a conversation of any other member of this Agency except with a court order or when authorized by the Chief of Police or their authorized designee for the purpose of conducting a criminal investigation or as an administrative function.

### 446.4 REVIEW OF MAV RECORDINGS

(a) All recording media, recorded images, and audio recordings are the property of the Agency. Dissemination outside of the Agency is strictly prohibited, except to the extent permitted or required by policy or law.
(b) To prevent damage or alteration of the original recorded media, such media shall not be copied, viewed, or otherwise inserted into any device not approved by the Agency MAV administrator or forensic media staff. Officers using the MAV that has been permanently mounted in a vehicle shall not remove the media storage card unless approved by an authorized MAV administrator.
(c) Recordings may be reviewed in any of the following situations:
   1. When preparing reports and statements, or for court testimony.
      (a) Exception: Critical Incident Protocol as developed in conjunction with the Office of the District Attorney, Eighth Judicial District.
   2. By a supervisor investigating a specific act of officer conduct.
   3. By a supervisor to assess officer performance.
   4. To assess proper functioning of the MAV.
   5. By an investigator who is participating in an official investigation, such as a personnel complaint, administrative inquiry, or a criminal investigation.
   6. An officer who is captured on or referenced in the video or audio data may review such data and use the data for any purpose relating to his/her employment, unless restricted at the time of request as described in this policy.
   7. By evidence technicians responsible for providing videos to the district attorney's, and city attorney's, offices or anyone authorized to take possession of videos by court order, law, or policy.
   8. By court personnel through proper process or with permission of the Chief of Police or the authorized designee.

5

| POLICY | 446 |
|---|---|
| TITLE | Mobile Audio/Video Recorder Policy |

9. Recordings may be shown for training purposes. If an involved officer objects to showing a recording, his/her objection will be submitted to the staff to determine if the training value outweighs the officer's objection.
10. Program Manager Review of MAV Recordings: A MAV system program manager will be selected by the Patrol Assistant Chief and the program manager or designee will complete a yearly audit of a limited number of MAV videos to verify proper use of the MAV, as well as proper operational and procedural practices. This will be accomplished by randomly selecting and viewing ten MAV recordings from different officers each year. These videos will include at least one video marked as "Case", one marked as "Traffic," and one marked as "Incident Only." After reviewing the videos, the program manager will enter comments and any supervisory actions taken in the Evidence.com system, as well as add the video tag of "Review Audit". Audited videos will be kept in the system for five years.

(d) In no event shall any recording be used or shown for the purpose of ridicule or embarrassing any employee.

## 446.5 DOCUMENTATION

A MAV is not intended to replace a written report. Officers are still responsible for completing a thorough report in the same manner they would if they did not have a MAV recording.

## 446.6 TRAINING AND SUPERVISORY RESPONSIBILITIES

Users of the MAV and supervisors shall be trained on the proper use of the MAV and shall become familiar with this policy prior to deployment of the MAV.

Supervisors shall ensure that MAVs assigned to their officers are in working order and the officer using the MAV has been properly trained. Supervisors will monitor and verify that their officers are properly using the MAVs as required by departmental policy and training. Monthly, supervisors will review at least three videos from the officers under their command as selected by body camera software. ~~This includes monthly random selection and viewing of employee's recordings, limited to employees within that supervisor's purview~~.

Supervisors shall monitor their officer's recording entries into the body camera storage system for accuracy and completeness of entries.

The Axon Enterprise manager will monitor performance for the agency and communicate metrics to staff quarterly.

## 446.2 OFFICER OPERATION REQUIREMENTS
(a) Officers shall test the functionality of their MAV in accordance with manufacturer specifications and departmental training at the beginning of their shift or as soon as practical when responding from off-duty or a non-patrol assignment.
(b) MAV testing includes but is not limited to the following:
   1. Checking that the camera/recording device is functional.
   2. Verifying that the MAV has an adequate power source.
   3. Ensuring that the MAV is properly placed/affixed for optimal use.
   4. Documenting officer information if applicable.

OFFICERS_00113

| | |
|---|---|
| **POLICY** | 446 |
| **TITLE** | Mobile Audio/Video Recorder Policy |

      5. Documentation of the successful test is satisfied by the video created when the device is initially
      checked. If the MAV is found not to be operational during the test, the officer will
      document the status in their unit history before responding to calls for service.

(c) At the end of shift, the MAV must be secured and charged in accordance with manufacturer specifications and departmental training.

(d) If, at any time, the MAV is found to be functioning improperly, the officer shall remove it from service and contact the appropriate supervisor/MAV administrator as soon as reasonably possible.

(e) Officers shall monitor and maintain their recordings and verify accuracy and completeness of entries in the cloud-based storage system weekly.

(f) Officers shall document case-related BWC videos in the RMS system.

### 446.6 RELEASE OF MAV RECORDINGS

Public release of MAV video recordings will be in accordance with current departmental Records Release policies and, as applicable, in accordance with the Colorado Criminal Justice Records Act and CRS Section 24-31-902(2). Videos may be released at the direction of the Chief of Police or their authorized designee.

When FCPS has been notified of a complaint of misconduct by one of its officers or CSOs and there is relevant video of the incident, including MAV video, and a request has been made under CRS § 24-31-902(2) for release of the video, such request shall be forwarded to the Office of Professional Standards (OPS). OPS shall be responsible for responding to the request for the release and shall consult with the district attorney and city attorney's offices in deciding how to respond to the request under CRS §24-31-902(2).

OFFICERS_00114